| | |
|---|---|
| 1 | Alan M. Mansfield (SBN 125998) |
| | alan@clgca.com |
| 2 | THE CONSUMER LAW GROUP |
| | 9466 Black Mountain Rd., Suite 225 |
| 3 | San Diego, CA 92126 |
| | Tel: (619) 308-5034 |
| 4 | Fax: (888) 341-5048 |
| 5 | WHATLEY DRAKE & KALLAS LLC |
| | Joe R. Whatley, Esq. |
| 6 | Patrick J. Sheehan, Esq. |
| | 1540 Broadway, 37th Floor |
| 7 | New York, NY 10036 |
| | Tel: (212) 447-7070 |
| 8 | Fax: (212) 447-7077 |
| 9 | Attorneys for Plaintiffs |
| 10 | [*Additional Counsel Listed on Signature Page*] |

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLASTIMIL SAJFR and DAVID KEEPORTS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BBG COMMUNICATIONS, INC., and DOES 1-10 INCLUSIVE,<br><br>Defendants. | Case No.: 10-cv-2341-H (NLS)<br>**Related to Case No.: 10-cv-0542-H (NLS)**<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED ACTIONS AND TO PERMIT FILING OF CONSOLIDATED MASTER COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Hearing Date:** February 28, 2011<br>**Time:** 10:30 a.m.<br>**Courtroom:** 13<br>**Judge:** Hon. Marilyn Huff |

### NOTICE OF MOTION AND MOTION TO CONSOLIDATE ACTIONS

TO:   ALL PARTIES TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE on February 28, 2011, at 10:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 13, before the Honorable Marilyn Huff, Judge of the United States District Court for the Southern District of California, located at 940 Front Street, San

1

Diego, California 92101, Plaintiffs will and hereby do move pursuant to Federal Rule of Civil Procedure 42(a) to consolidate the following cases, or any other related actions that may be determined by the Court to be later subject to consolidation or coordination, as well as to enter the Proposed Order submitted herewith:

- *Sajfr v. BBG Communications, Inc.*, No. 10-cv-2341-JLS (WVG)
- *Evans v. BBG Communications, Inc.* No. 10-cv-0542-H (NLS)

This Motion is based on this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; the Declaration of Alan M. Mansfield in support hereof; all pleadings and papers filed herein and in each case; such additional evidence and oral argument the Court may consider and any other matters properly before the Court.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Two actions have been filed against BBG, both of which are now pending in the Southern District of California. A description of these actions is set forth in the Declaration of Alan M. Mansfield at ¶¶ 2-4. As detailed therein, the complaints in these cases assert overlapping claims and make similar factual allegations. On December 22, 2010, defendant BBG filed a Notice of Related Case, asking that both matters be assigned to one court, indicating at least their preliminary belief as to the issue of consolidation.

Consolidation would promote judicial efficiency and avoid unnecessary costs and delay. Prior to filing this motion, Plaintiff's counsel attempted to meet and confer with counsel for BBG as to whether it would join in this motion; Plaintiffs sent them a draft of these papers. Rather than responding one way or the other, BBG (without any notice or advance meet and confer) filed motions to dismiss or for summary judgment in both actions -- even though Plaintiffs' counsel advised counsel for BBG in connection with these meet and confer discussions that any responsive pleading obligations would be deferred pending resolution of this motion. *See* Declaration of Eric Benink submitted in Support of Class Plaintiffs' Motion for Appointment of Interim Class Counsel Structure filed concurrently herewith. Thus, Plaintiffs do not know at this time whether BBG will agree to or oppose this motion.

///

The cases meet the prerequisites for consolidation under Federal Rule of Civil Procedure 42(a). The plaintiffs thus jointly bring this motion to ensure consolidation occurs in an organized manner to facilitate the efficient and orderly administration of these cases. If this motion is granted, Plaintiffs would file a consolidated master complaint after consolidation and jointly prosecute the actions.[1]

Consolidation is warranted in order to avoid duplicative litigation, the unnecessary expenditure of party and judicial resources, and the risk of inconsistent or conflicting rulings. Accordingly, an order granting consolidation followed by the filing of a Consolidated Master Administrative Complaint ("Master Complaint") is an appropriate and efficient course for this Court to approve.

## I. PROCEDURAL HISTORY

There are two actions currently pending before this Court that are the subject of this pre-trial consolidation motion: 1) *Evans v. BBG Communications, Inc.*, filed on March 12, 2010, and 2) *Sajfr, et al. v. BBG Communications, Inc.*, filed on November 12, 2010. Both involve the question whether BBG has allegedly improperly charged consumers for domestic and international calls made from pay phones where BBG is the operator and the consumer uses a credit card to make the call. The *Sajfr* complaint additionally alleges that BBG has taped confidential communications with class members without their authorization or consent, in violation of Cal. Penal Code §632. BBG denies the allegations in both Complaints and asserts similar defenses. Even though Defendants had already filed an Answer in *Evans* after the Court denied their motion to dismiss, BBG just filed a motion to dismiss the claims asserted in *Safjr*. That same evening, BBG filed a motion for summary judgment in *Evans*. It is this duplication of effort that Plaintiffs believe can be avoided, or at least reduced, if the Court orders consolidation of these actions.

Because both cases are pending before this Court and raise similar issues, Plaintiffs hereby request that these cases be consolidated for the reasons set forth in detail below.

---

[1] Plaintiffs' are concurrently filing a motion for appointment of an Interim Class Counsel Structure.

3

## II. THE CASES MEET THE REQUIREMENTS FOR CONSOLIDATION FOR PRE-TRIAL PROCEEDINGS

Federal Rule of Civil Procedure 42(a) provides district courts may consolidate actions involving "a common question of law or fact". Fed. R. Civ. P. 42(a). The threshold consolidation question is whether the actions involve a common question of law or fact. *See Yousefi v. Lockheed Martin Corp.*, 70 F.Supp.2d 1061, 1064-65 (C.D. Cal. 1999) (citing *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994)); *Southwest Marine, Inc. v. Triple A Machine Shop, Inc.*, 720 F.Supp. 805, 806 (N.D. Cal. 1989). Here, the actions meet this standard for purposes of consolidation.

Moreover, in considering a request for consolidation, a court must weigh the saving of time and effort consolidation would produce against any inconvenience, delay or expense it would cause. *See Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F.Supp. 805, 807 (N.D. Cal. 1989).

Here, the benefits of consolidation are evident. It is not beneficial to the proposed class, BBG or anyone else to proceed in an uncoordinated manner, as evidenced by the motions BBG has just filed. It would be much more efficient to assert all such claims against one consolidated pleading rather than piecemeal. *See, e.g.*, *E.I. DuPont de Nemours & Co. v. Diamond Shamrock Corp.*, 522 F.Supp. 588, 592 (D. Del. 1981) (the waste of judicial resources and inconvenience to parties and witnesses are manifest when the same issues arising from the same transactions are litigated in two courts); *Maxlow v. Leighton*, 325 F.Supp. 913, 916 (E.D. Pa. 1971) (litigation of related claims in the same tribunal is favored to avoid duplicative litigation, attendant unnecessary expense, loss of time to courts, witnesses and litigants, and inconsistent results).

Conducting discovery in a single consolidated case should also allow the parties to make and respond to fewer discovery requests. *See, e.g., Burnett v. Rowzee*, 2007 WL 4191991, at *6 (C.D. Cal. Nov. 26, 2007) (ordering consolidation because it would allow the parties to limit discovery burdens, coordinate discovery motions and prevent witnesses from having to appear more than once); *Internet Law Library, Inc. v. Southridge Capital Management*, LLC, 208 F.R.D. 59, 61 (S.D.N.Y. 2002) (ordering consolidation where, among other things, "the documents to be

exchanged are the same [between actions] as well as the witnesses to be deposed"). These cases are likely to share key witnesses, and consolidation will significantly reduce their burden to respond to discovery. *See Ocean Ships, Inc. v. Stiles*, 2003 WL 22741457, at *3 (S.D.N.Y. Nov. 19, 2003) (consolidating cases where the "discovery required for the two cases is the same, such as the depositions of . . . expert witnesses" and corporate executives).

By bringing all of these actions into a consolidated proceeding, the Court's burden in managing them would be significantly lessened rather than rule on potentially duplicative motions. *See Dusky, 2007 WL 4403985*, at *5-6. Under these circumstances, differences among the complaints do not override the benefits of pre-trial consolidation. *See Weisz v. Calpine Corp.*, 2002 WL 32818827, at *2 (N.D. Cal. Aug. 19, 2002); *Aronson v. McKesson HBOC*, 79 F.Supp.2d 1146, 1151 (N.D. Cal. 1999) (rejecting argument that different claims and legal theories arising from same facts should prevent consolidation); *Paxonet Communications, Inc. v. TranSwitch Corp.*, 303 F.Supp.2d 1027, 1029 (N.D. Cal. 2003) (holding that two actions involving the same three patents should be consolidated, notwithstanding one of the suits also involved an additional patent).

### III. CONCLUSION

For the foregoing reasons, the Plaintiffs jointly move the Court to enter the Proposed Order submitted herewith and (1) consolidate the two actions listed above; (2) enter an order requiring that a Consolidated Master Complaint be filed no later than 30 days after entry of the consolidation order; and (3) set a date for the filing of a responsive pleading.

Dated: January 13, 2011                    CONSUMER LAW GROUP OF CALIFORNIA

By:   S/Alan M. Mansfield
      Alan M. Mansfield
      alan@clgca.com
9466 Black Mountain Road, Suite 225
San Diego, CA 92126
Tel: (619) 308-5034
Fax: (888) 341-5048

John Mattes (FL SBN 0468150)
investigativeguy@gmail.com
1666 Garnet Avenue, #815
San Diego, CA 92109
Tel: (858) 412-6081

5

WHATLEY DRAKE & KALLAS LLC
Joe R. Whatley, Esq.
jwhatley@wdklaw.com
Patrick J. Sheehan, Esq.
psheehan@wdklaw.com
1540 Broadway, 37th Floor
New York, NY  10036
Tel: (212) 447-7070
Fax: (212) 447-7077

Attorneys for Plaintiffs Vlastimil Sajfr and David Keeports