1  FRED R. PUGLISI, Cal. Bar No. 121822
   NORMA V. GARCIA, Cal. Bar No. 223512
2  VALERIE E. ALTER, Cal. Bar No. 239905
   ELIZABETH S. BERMAN, Cal. Bar No. 252377
3  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
4    Including Professional Corporations
   1901 Avenue of the Stars, Suite 1600
5  Los Angeles, California  90067-6017
   Telephone:    310-228-3700
6  Facsimile:    310-228-3701
   fpuglisi@sheppardmullin.com
7  ngarciaguillen@sheppardmullin.com
   valter@sheppardmullin.com
8  eberman@sheppardmullin.com

9  Attorneys for Defendant,
   BBG Communications, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| VLASTIMIL SAJFR AND DAVID KEEPORTS, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BBG COMMUNICATIONS, INC., a Delaware CORPORATION, and DOES 1 - 10, <br><br> Defendant. | Case No. 10-CV-2341-H-NLS <br><br> **DEFENDANT BBG COMMUNICATIONS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS COMPLAINT** <br><br> Date:  February 28, 2011 <br> **[UNDER SUBMISSION]** <br> Courtroom:  13 <br><br> Complaint filed: November 12, 2010 <br> Trial Date:  None Set |
|---|---|

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................... 1

II. PLAINTIFFS COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(1). ................................................................................................................... 1

    A. Contrary To Plaintiffs' Misleading Opposition, This Court Has Authority To Consider Evidence Submitted By BBG Communications In Support Of Its Motion. ....................................... 1

    B. Once A Factual Challenge Is Made Under Rule 12(b)(1), Plaintiffs Bear The Burden Of Demonstrating Subject Matter Jurisdiction Exists. ................................................................................. 2

    C. Plaintiffs Fail To Submit Any Evidence To Carry Their Burden That Keeports Has Standing To Bring The Swipe Card Claims Against BBG Communications ................................................................................ 2

    D. Plaintiffs Fail To Submit Any Evidence To Satisfy Their Burden That The Doctrines Of Extraterritoriality, International Comity And Choice Of Law Do Not Warrant Dismissal Of Their Claims .................................. 3

    E. Choice of Law Dictates That Mexican Law Apply To Plaintiffs Claim Under Penal Code Section 632. ................................................................. 6

III. THE COMPLAINT SHOULD ALSO BE DISMISSED UNDER RULE 12(b)(6). ................................................................................................................... 6

    A. Plaintiffs' UCL Claim Fails. ..................................................................... 6

        1. Plaintiffs Lack Statutory Standing ............................................... 6

        2. A UCL Claim Is Barred By The Safe Harbor Doctrine. ............. 7

        3. Plaintiffs Do Not Sufficiently Allege Deceptive Billing Practices. ...................................................................................... 8

        4. BBG Communications' Alleged Business Practices Are Not Unfair. .......................................................................................... 8

        5. Plaintiffs' Claims Based On The "Unlawful" Prong Are Barred. ......... 8

    B. Plaintiffs' CLRA Claim Fails. ................................................................... 9

|     |                                                                                  |
|-----|----------------------------------------------------------------------------------|
|     | C.     Plaintiffs' Claim For Breach Of Implied Contract Fails. ............................... 9 |
|     | D.     Plaintiffs' Claim For Unjust Enrichment Fails. ............................................... 9 |
|     | E.     Plaintiffs' Claim For Common Counts Fails. ................................................ 10 |
|     | F.     Plaintiffs' Claim For Declaratory Relief Should Be Dismissed. ................... 10 |
| IV. | CONCLUSION ............................................................................................................. 10 |

# TABLE OF AUTHORITIES

Page(s)

Federal Cases

*In re Bank of Credit and Commerce Int'l Depositors Lit.*
    1992 WL 696398 (C.D. Cal. 1992) ......................................................................... 3

*Cattie v. Wal-Mart.com USA, LLC*
    504 F. Supp. 2d 939 (S.D. Cal. 2007) ..................................................................... 9

*Colwell v. Dept. of Health & Human Services*
    558 F.3d 1112 (9th Cir. 2009) ................................................................................ 6

*Dorcient v. American Airlines, Inc.*
    1993 WL 437670 (D.Mass. 1993) .......................................................................... 3

*Environmental Def. Fund, Inc. v. Massey*
    986 F.2d 528 (D.D.C. 1993) ............................................................................. 3, 4

*Goldman v. Standard Ins. Co.*
    341 F.3d 1023 (9th Cir. 2003) ................................................................................ 7

*Jackson v. Ocwen Loan Servicing, LLC*
    2011 U.S. Dist. LEXIS 12816 (E.D. Cal. Feb. 9, 2011) ......................................... 8

*Pakootas v. Teck Cominco Metals, Ltd.*
    452 F.3d 1066 (9th Cir. 2006) ............................................................................ 3, 4

*Phillips Petroleum Co. v. Shutts*
    472 U.S. 797 (1985) ................................................................................................ 4

*Safe Air For Everyone v. Meyer*
    373 F.3d 1035 (9th Cir. 2004) ................................................................................ 1

*Savage v. Glendale Union High School*
    343 F.3d 1036 (9th Cir. 2003) ................................................................................ 2

*Shum v. Intel Corp.*
    499 F.3d 1272 (Fed. Cir. 2007) ............................................................................ 10

*In re Simon*
    153 F.3d 991 (9th Cir. 1998) .................................................................................. 3

*Thornhill Publishing Co., Inc. v. Gen. Tel. & Elecs. Corp.*
    594 F.2d 730 (9th Cir. 1979) ............................................................................. 1, 2

*White v. Lee*
    227 F.3d 1214 (9th Cir. 2000) ................................................................................ 2

-iii-

State Cases

*Cel-Tech Com. Inc. v. Los Angeles Cell. Tel. Co.*
    20 Cal.4th 163 (1999)...............................................................................................8

*Hurtado v. Superior Court*
    11 Cal.3d 574 (1974).................................................................................................6

*Kahn v. Lischner*
    128 Cal.App.2d 480 (1954).......................................................................................7

*McKell v. Washington Mutual, Inc.*
    142 Cal. App. 4th 1457 (2006).................................................................................10

*Norwest Mortgage, Inc. v. Superior Court*
    72 Cal.App.4th 214 (1999)....................................................................................4, 5

*Olszewski v. Scripps Health*
    30 Cal.4th 798 (2003)................................................................................................7

*People v. Duz-Mor Diagnostic Lab.*
    68 Cal.App.4th 654 (1998)........................................................................................7

*In re Tobacco II Cases*
    46 Cal.4th 298 (2009)................................................................................................7

*Wilhelm v. Pray, Price, Williams & Russell*
    186 Cal.App.3d 1324 (1986).....................................................................................7

*Yabsley v. Cingular Wireless*
    176 Cal.App.4th 1156 (2009)....................................................................................7


Federal: Statutes, Rules, Regulations, Constitutional Provisions

Bankruptcy Code § 542(a)(2)............................................................................................3

Fed. R.Civ.P. 56 ................................................................................................................1

U.S. Constitution ...............................................................................................................6

State: Statutes, Rules, Regulations, Constitutional Provisions

Cal. Bus. & Prof. Code § 17204 ................................................................................................. 7

Cal. Penal Code § 632 ................................................................................................................ 6

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

Plaintiffs Vlastimil Sajfr and David Keeports (collectively, "Plaintiffs") base their *entire* Opposition on the ground that this Court does not have authority to consider evidence in support of Defendant BBG Communications, Inc.'s ("BBG Communications") motion to dismiss under Rule 12(b)(6). What Plaintiffs ignore, however, is that BBG Communications has also moved to dismiss under ***Rule 12(b)(1)***. As a matter of controlling law, this Court is not bound to the meritless allegations of Plaintiffs' complaint when dealing with a Rule 12(b)(1) motion, and Plaintiffs failure to refute the admissible evidence submitted by BBG Communications mandates granting BBG Communications' Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction as well as plaintiff Keeports' lack of standing. Moreover, for the reasons more fully explained below, BBG Communications Rule 12(b)(6) motion to dismiss should also be granted.

## II. PLAINTIFFS COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(1).

### A. Contrary To Plaintiffs' Misleading Opposition, This Court Has Authority To Consider Evidence Submitted By BBG Communications In Support Of Its Motion.

Where a defendant mounts a *factual* attack under ***Rule 12(b)(1)*** for lack of subject matter jurisdiction, as BBG Communications has done here, "*the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment*" and "*[t]he court need not presume the truthfulness of the plaintiff's allegations*." *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004) (emphasis added). Plaintiffs have not cited a single case to support their assertion that all Rule 12(b) motions are treated like 12(b)(6) motions. Plaintiffs have not done so because that is not the law. Even *Thornhill Publishing Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730 (9th Cir. 1979), the case primary cited by Plaintiffs recognizes the distinction Plaintiffs carelessly, or intentionally, ignore:

> "The standards applicable to a Rule 12(b)(1) speaking motion differ greatly from the standards for ruling on a motion for summary judgment. ***Faced with a factual attack on subject matter jurisdiction, 'the trial court may proceed as it never could under Rule 12(b)(6)*** or Fed. R.Civ.P. 56. [ . . .] No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.'"

-1-

1   *Thornhill*, 594 F.2d at 733 (emphasis added)(citations omitted).[1]  Hence, Plaintiffs contention that
2   this Court cannot consider evidence under Rule 12(b)(1) is misplaced.

3   **B.      Once A Factual Challenge Is Made Under Rule 12(b)(1), Plaintiffs Bear The Burden**
4   **Of Demonstrating Subject Matter Jurisdiction Exists.**

5   Importantly, "[o]nce the moving party has converted the motion to dismiss into a factual
6   motion by presenting affidavits or other evidence properly brought before the court, the party
7   opposing the motion ***must*** furnish affidavits or other evidence necessary to satisfy ***its burden of***
8   ***establishing subject matter jurisdiction***." *Savage v. Glendale Union High School,* 343 F.3d 1036,
9   1040 n2 (9th Cir. 2003) (emphasis added and citations omitted).

10  **C.      Plaintiffs Fail To Submit *Any* Evidence To Carry Their Burden That Keeports Has**
11  **Standing To Bring The Swipe Card Claims Against BBG Communications.**

12  It is well-settled that moving to dismiss a complaint on grounds that a party lacks standing
13  is a challenge to subject matter jurisdiction properly brought under Rule 12(b)(1).  *White v. Lee,*
14  227 F.3d 1214, 1242 (9th Cir. 2000) ("Because standing and mootness both pertain to a federal
15  court's subject-matter jurisdiction under Article III, they are properly raised in a motion to dismiss
16  under Federal Rule of Civil Procedure 12(b)(1), ***not*** Rule 12(b)(6)." (emphasis added)).

17  Despite this well-settled Ninth Circuit authority, Plaintiffs simply ignore the evidence
18  submitted by BBG Communications in support of its Motion demonstrating that Keeports did not
19  make the phone call from the Frankfurt airport, as he alleges. [Motion, Galicot Decl., Ex. "D."]
20  Indeed, Keeports authored the letter in which he admits he did not place the alleged phone calls.[2]
21  [*Id.*]  Keeports has not submitted any rebuttal evidence because he would need to commit perjury
22  to do so – he did not make the alleged calls; his wife did. As such, he lacks standing to pursue this
23  action and his complaint should be dismissed with prejudice.

---

[1] The only other case that Plaintiffs cite to support their position that ***all*** 12(b) motions are restrained to the four corners of a complaint, *Cooper v. Pickett,* exclusively deals with 12(b)(6)— not 12(b)(1) motions. 137 F.3d 616, 623 (9th Cir. 1998).

[2] Notably, on January 26, 2011, Plaintiffs served a subpoena on Visa USA, Inc. seeking the identity of the merchant who charged Irina Smirnova's (Keeports' spouse) debit card for the calls Keeports alleges he made in Frankfurt, Germany, which further supports BBG Communications' Motion that Keeports lacks standing to bring his claims.  (Supp. RJN, Ex.  "I.")

## D. Plaintiffs Fail To Submit *Any* Evidence To Satisfy Their Burden That The Doctrines Of Extraterritoriality, International Comity And Choice Of Law Do Not Warrant Dismissal Of Their Claims.

Challenges to subject matter jurisdiction on the basis of extraterritoriality, international comity and choice of law are also properly brought under Rule 12(b)(1). *In re Bank of Credit and Commerce Int'l Depositors Lit.*, 1992 WL 696398, *11, FN 39-40 (C.D. Cal. 1992) (stating that refusing to exercise extraterritorial jurisdiction in light of considerations of international comity and fairness under Rule 12(b)(1)); *Environmental Def. Fund, Inc. v. Massey,* 986 F.2d 528 (D.D.C. 1993) (discussing extraterritoriality in the context of a Rule 12(b)(1) motion; *see also Pakootas v. Teck Cominco Metals, Ltd.*, 452 F.3d 1066, 1070 (9th Cir. 2006) (discussing extraterritoriality in the context of a Rule 12(b)(1) motion).

Notably, Plaintiffs fail to cite any authority that expressly allows California law (or any state law for that matter) to apply to conduct occurring entirely in a foreign country. Indeed, in support of its conclusory allegations that this Court can use California law to reach extraterritorially, Plaintiffs cite to a series of cases that are either easily distinguishable on the facts and law being applied, or actually support BBG Communications' position.

For example, in *In re Simon*, 153 F.3d at 995, the Ninth Circuit expressly stated that "Congress has the unquestioned authority to enforce the laws beyond the territorial boundaries of the United States. (citations omitted) Whether Congress has exercised that authority in a particular case is a matter of statutory construction." Here, Plaintiffs do not bring claims under federal law, but rather state law. While "federal laws sometimes have extraterritorial reach, this feature has been attributed to Congress's constitutional powers to conduct affairs with foreign nations." *Dorcient v. American Airlines, Inc.*, 1993 WL 437670 (D.Mass. 1993). States, including California, do not have such powers. Moreover, the Ninth Circuit in *In re Simon* found that Congress expressly intended for Bankruptcy Code section 542(a)(2) to apply this section extraterritorially. 153 F.3d 991, 995 (9th Cir. 1998). Here, Plaintiffs have failed to produce ***any*** evidence demonstrating that California's Legislature expressly intended for the UCL, CLRA, Penal Code and common law to have extraterritorial reach. As discussed in further detail in BBG

-3-

1  Communications' Motion, even if the California Legislature had so intended, however, the laws
2  would be stricken as unconstitutional, as California's Legislature is preempted from regulating any
3  conduct relating to foreign affairs. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 837 (1985).
4        The remaining cases cited by Plaintiffs actually support BBG Communications' position.
5  In *Pakootas v. Teck Cominco metals, Ltd.*, 452 F.3d 1066 (9th Cir. 2006), for instance, the Ninth
6  Circuit found that the presumption against extraterritoriality did not apply not because it could
7  apply U.S. laws to conduct occurring in Canada, but rather because it found that the ***"situs of the***
8  ***injury"*** did indeed take place in the United States.  Specifically, the Ninth Circuit stated:

> "[b]ecause the actual or threatened release of hazardous substances triggers CERCLA liability, and because the actual or threatened release here, the leaching of hazardous substances from slag that settled at the Site, took place in the United States, this case involves a domestic application of CERCLA."

11  *Id.* at 1078.  Additionally, in *Environmental Def. Fund, Inc. v. Massey,* 986 F.2d 528, 529 (9th
12  Cir.1993), the Court held that the presumption against extraterritoriality does not exist where the
13  conduct complained of occurred ***primarily, or exclusively, in the United States***:

> "the presumption against extraterritorial application of statutes described in *Aramco* does not apply where the conduct regulated by the statute occurs primarily, if not exclusively in the United States, and the alleged extraterritorial effect of the statute will be felt in Antarctica-a continent without a sovereign, and an area over which the United States has a great measure of legislative control."

17  Here, the opposite is true.  The undisputed evidence submitted by BBG Communications
18  conclusively proves that the conduct Plaintiffs complain of occurred exclusively outside of the
19  United States, let alone California, thereby triggering the presumption against extraterritoriality.
20        Further, Plaintiffs rely heavily on *Norwest Mortgage, Inc. v. Superior Court,* 72
21  Cal.App.4th 214 (1999), for the proposition that California courts have found that state laws
22  "presumptively apply extraterritorially in cases where the plaintiff is a resident of California."
23  [Oppo., p. 8:4:7.]  To say that this is (i) a mischaracterization of and (ii) an oversimplification of
24  the court's holding in *Norwest Mortgage* is an understatement.  First, contrary to what Plaintiffs'
25  would have this Court believe, the court in *Norwest Mortgage* held that courts presume that
26  California state laws do ***not*** apply extraterritorially to other states absent an express intent by the
27  Legislature stating otherwise.  *Id.* at 222.  Second, *Norwest Mortgage* allowed a UCL claim to
28  proceed and granted class certification to only two categories of classes: (i) those that resided in

-4-

1  California and purchased their policies in California, and (ii) non-California residents "for whom
2  Norwest Mortgage's conduct of purchasing FPI occurred in California." *Id.*  Importantly, however,
3  the court held that a third class could not assert UCL claims and it denied class certification to
4  "non-California residents for whom Norwest Mortgage's conduct of purchasing FPI occurred in
5  states other than California." *Id.*  Hence, the court refused to apply California law, namely the
6  UCL, extraterritorially to purchases taking place entirely beyond the borders of the state. *Id.* at
7  224.  Here, BBG Communications asks the Court follow the holding in *Norwest Mortgage* and
8  refuse to apply California law, including the UCL, to transactions that admittedly took place in a
9  different country, for services provided by a non-California entity.
10       Finally, Plaintiffs do nothing to rebut the evidence submitted by BBG Communications
11 establishing that: (i) BBG Global, AG is the provider of the services complained of, not BBG
12 Communications (Motion, von Klocke Decl., ¶¶ iii-vii.); (ii) B-Tel, S.A. de C.V., is the
13 independent third party that records the telephone calls in a call center located in Tijuana, Mexico
14 (*Id.* at ¶ xvii); (iii) that rate information was/is readily available to Plaintiffs when using the
15 payphones in Frankfurt (*Id.* at ¶¶ xii-xvi); and (iv) that BBG Global used the exact same disclosure
16 methods as the partially government owned Deutsche Telekom (*Id*, at ¶¶ iii, vii-xvi).  Indeed,
17 Plaintiffs merely cite to paragraphs in their Complaint, which as noted above is legally insufficient
18 to overcome a factual challenge under Rule 12(b)(1).
19       The only possible fact that Plaintiffs expressly reference in their Opposition is a
20 photograph of a sticker contained in Exhibit 1 to Plaintiffs' Complaint, which they allege states the
21 following:  "On the pay telephone itself BBG states 'credit card calls are routed and priced by:
22 direct communication to:  BBG Communications, Inc., 5111 San Ysidro Blvd., #1770, San
23 Ysidro, CA 92173. 1-800-576-5402."  [Oppo. 4:23-26.]  This is a horribly  misleading argument,
24 however, as Plaintiffs do not allege (and are well aware) that this sticker is not located in
25 Germany.  [*Cf.* Complaint ¶ 26, lines 20-21, and von Klocke Suppl. Decl., ¶¶ iv-v.]  Moreover, a
26 close review of Exhibit 1, page 2, reveals that following this line, "Credit card calls are routed and
27 priced by:" there is a blank line, which appears to be redacted.  Such gamesmanship can hardly
28 refute the direct, admissible evidence submitted by BBG Communications.

-5-

Accordingly, having established that under Rule 12(b)(1) a Court may consider evidence, that subject matter jurisdiction is properly challenged on the basis of standing, extraterritoriality, international comity and choice of law under Rule 12(b)(1), and Plaintiffs' failure to submit *any* evidence whatsoever to satisfy *their burden* that this Court does have subject matter jurisdiction over its claims, BBG Communications' motion to dismiss must be granted.  *Colwell v. Dept. of Health & Human Services,* 558 F.3d 1112, 1121 (9th Cir. 2009).

E. **Choice of Law Dictates That Mexican Law Apply To Plaintiffs Claim Under Penal Code Section 632.**

Again, Plaintiffs simply dismiss the evidence submitted by BBG Communications in support of its Motion.  *See Infra, § 2.A.-2.D.*  On that basis alone, Plaintiffs claim under Penal Code section 632 is defeated.

Moreover, Plaintiffs fail to address the fact that *Kearny* limited Penal Code section 632 to entities *if they do business in California.  Id.* at 130-31.  Here, neither B-Tel, nor BBG Global conduct business in California and Plaintiffs have failed to demonstrate otherwise.

Further, Plaintiffs misstate the holding in *Kearny* by pretending that the California Supreme Court actually considered a scenario where a California resident would call a foreign jurisdiction.  It did not, and doing so would place § 632 in conflict with the U.S. Constitution.

Finally, Plaintiffs cite *Hurtado v. Superior Court*, 11 Cal.3d 574 (1974), in what appears to be their position that Mexico's interests should not be protected here. [Oppo, p. 22:22:25 ("court rejected application of Mexican law as Mexico had no interest to be protected").]  *Hurtado*, however, dealt specifically with the amount of damages recoverable for a wrongful death action filed in California.  39 Cal.4th 95 (2006).  The court held that while the Plaintiffs were residents of Mexico, the "situs of the injury" was California, and therefore applied California law.  Hence, under *Hurtado,* Mexican law should apply to the claims brought under Penal Code section 632.

III. **THE COMPLAINT SHOULD ALSO BE DISMISSED UNDER RULE 12(b)(6).**

A. **Plaintiffs' UCL Claim Fails.**

  1. **Plaintiffs Lack Statutory Standing**

Plaintiffs spend the entirety of their discussion of standing under the UCL focusing on the

-6-

1  "injury in fact" requirement.  [Oppo. 9:8 – 11:16.]  None of the authorities cited by Plaintiffs,

2  however, have done away with Proposition 64's **causation** requirement.  *See* Bus. & Prof. Code

3  § 17204 (standing extends to "a person who has suffered injury in fact and has lost money or

4  property *as a result of* the unfair competition" (emphasis added)).  One satisfies causation in a

5  UCL case based upon a misrepresentation by alleging actual and justifiable reliance.  *In re*

6  *Tobacco II Cases*, 46 Cal.4th 298, 306 (2009).[3]  Plaintiff's allegations establish that, even if

7  Plaintiffs had relied on the lack of rate and fee information, they would have been unjustified in

8  doing so because they were informed of the means of obtaining that information before they were

9  charged anything – **all they had to do was push a button.**  [Complaint ¶ 2.]  Under these

10  circumstances, Plaintiffs cannot recover under the UCL.  *Wilhelm v. Pray, Price, Williams &*

11  *Russell*, 186 Cal.App.3d 1324, 1332 (1986); *Kahn v. Lischner*, 128 Cal.App.2d 480, 489 (1954).

12         **2.     <u>A UCL Claim Is Barred By The Safe Harbor Doctrine.</u>**

13         Plaintiff is simply wrong that the safe harbor doctrine only applies to claims brought under

14  the unfair prong.  [Oppo. 14:21 – 15:10.]  It applies to any UCL claim.  *Olszewski v. Scripps*

15  *Health*, 30 Cal.4th 798, 829  (2003) (holding that the safe harbor applies to unlawful claims under

16  17200); *Goldman v. Standard Ins. Co.*, 341 F.3d 1023, 1036 (9th Cir. 2003) (stating safe harbor

17  applies to violations of 17200 for "deceptive" acts); *see also Yabsley v. Cingular Wireless*, 176

18  Cal.App.4th 1156, 1166 (2009) (suggesting safe harbor provision applies to all prongs of 17200).

19         Moreover, California courts have long accepted that if the alleged unfair practices are those

20  sanctioned by federal and state regulatory agencies, then they cannot be held to offend public

21  policy or to otherwise injure consumers under the UCL. *People v. Duz-Mor Diagnostic Lab.,* 68

22  Cal.App.4th 654, 662 (1998).  Here, we have a German government owned agency sanctioning the

23  disclosures allegedly made by BBG Communications, and Mexican law that expressly provides

---

[3] Plaintiffs are wrong that reliance is only required under the fraud prong of the UCL.  [Oppo. 13:6 – 14:2.]  Causation is required for any UCL claim no matter what prong.  Bus. & Prof. Code § 17204.  In a misrepresentation case, causation is reliance, and must be adequately pled no matter which prong the plaintiff brings the claim under.  *See Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1363 (2010), *Carney v. Verizon Wireless Telecomm'cns, Inc.*, 2010 WL 1947635, at *3 (S.D. Cal. May 13, 2010).

1  that a party to a call can record the call without the other caller's consent (RJN, Ex. "G.") , which
2  provide a "safe harbor." *Cel-Tech Com. Inc. v. Los Angeles Cell. Tel. Co.,* 20 Cal.4th 163 (1999).

### 3.  Plaintiffs Do Not Sufficiently Allege Deceptive Billing Practices.

Plaintiffs argue that they have adequately alleged "that the statements provided by BBG, specific examples of which are attached to the Compliant, could likely deceive a reasonable consumer as they fail to disclose any of the fees and charges BBG automatically imposes, and instead would reasonably lead consumers to believe that the amounts charged would be comparable to what are disclosed." [Oppo. 12:13-13:12.] These "statements" are contained in the photographs in Exhibit 1 to Plaintiffs' Complaint.  These photos, however, are not from Germany. (Complaint ¶ 26:21-22.)  Moreover, the photos merely show that opening rates were disclosed and customers were provided with a number to call for more information or to place a call.  In other words, Plaintiffs admit they were provided instructions and a means for obtaining exact rate information.  For the reasons set forth in the moving papers and above in Section V(B)(1), BBG Communications was not obligated for disclose anything further.

### 4.  BBG Communications' Alleged Business Practices Are Not Unfair.

First, contrary to Plaintiffs' assertion, whether a business practice is unfair certainly can be resolved on a Motion to Dismiss. *Jackson v. Ocwen Loan Servicing, LLC*, 2011 U.S. Dist. LEXIS 12816 at *11 (E.D. Cal. Feb. 9, 2011).  Second, Plaintiffs are essentially arguing that it is unfair under the UCL not to post rates on the phones themselves.  The burden such a rule would impose on long-distance telephone call service providers in foreign jurisdictions – i.e., posting rates for every possible destination at every possible time of day – obviously outweighs any conceivable benefit to the consumer who chooses to ignore instructions for obtaining rate information. Moreover, as Plaintiffs acknowledge that this claim is premised upon their fraudulent advertising claim, the two fall necessarily together.  [*See* Oppo. 16-20.]

### 5.  Plaintiffs' Claims Based On The "Unlawful" Prong Are Barred.

Plaintiffs argue that, because its Penal Code, CLRA, and contract claims are properly pled, the UCL claim under the unlawful prong must be upheld. [Oppo. 15:23-27.]  Because, as set forth above in Section II(C) and below in Sections III(B), (C), Plaintiffs do not adequately plead such

-8-

1  claims, this claim must similarly be dismissed.

2  **B.    Plaintiffs' CLRA Claim Fails.**

3  Plaintiffs' CLRA claim fails for the same reasons that their UCL claim fails: the Complaint
4  fails to allege that the disclosures were deceptive regarding rate information because Plaintiffs
5  admit that such information was readily available to them.  [Complaint ¶ 2.]  Thus, whether the fee
6  information was material or not is irrelevant.  Further, Plaintiffs are incorrect that they do not have
7  to plead reliance because each one of the subsections under the CLRA that they allege BBG
8  Communications violated deals with misrepresentations.[4]  [Complaint ¶ 61.]  Under these
9  circumstances, they must plead reliance, *Cattie v. Wal-Mart.com USA, LLC* , 504 F. Supp. 2d 939
10 (S.D. Cal. 2007), which as set forth above in Section III(A)(1), they have failed to do.

11 **C.    Plaintiffs' Claim For Breach Of Implied Contract Fails.**

12 Plaintiffs claim that they allege the elements of an implied in fact contract, but only
13 Paragraph 55 even attempts to describe the contours of the so-called contract, and it only describes
14 BBG Communications' obligations.  It does not describe Plaintiffs' obligations, and does not plead
15 that Plaintiffs performed under the purported contract.  Thus, Plaintiffs have failed to plead an
16 implied-in-fact contract, and their claim should be dismissed.

17 Plaintiffs similarly fail to plead the existence of an implied-in-law contract.  Plaintiffs cite
18 the same cases that BBG Communications cited in its moving papers and conclude, without citing
19 to their Complaint, that "all elements of this claim have been properly plead [*sic*]."  [Oppo. 19:3-
20 13.]  However, as BBG Communications urged in its motion, Plaintiffs have not pled that BBG
21 Communications accepted any unrequited benefit, a prerequisite to bringing a claim for breach of
22 implied contract.  Thus, this claim fails.

23 **D.    Plaintiffs' Claim For Unjust Enrichment Fails.**

24 California law is clear that there is no independent claim for unjust enrichment under

---

[4] Plaintiffs also allege that it was unconscionable to impose the fees at issue.  [Complaint ¶ 61(f).] Because there is no other basis alleged in the Complaint, and because Plaintiffs know they cannot challenge the reasonableness of the amount of the fees themselves, BBG Communications presumes Plaintiffs are arguing that they are unconscionable because they are not disclosed.

1  California law, but rather a quasi-contractual theory underlying relief in the form of restitution.

2  *See McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457, 1490 (2006).  Plaintiffs do not

3  address BBG Communications' authority, or any California case, instead relying on federal

4  authority.  The federal authority that Plaintiffs cite is not binding on this Court.  *Shum v. Intel*

5  *Corp.*, which Plaintiff cites as a Ninth Circuit case, was actually decided by the Federal Circuit,

6  499 F.3d 1272 (Fed. Cir. 2007) (cited at Oppo. 17:9-10).[5]  Similarly, the other cases that Plaintiff

7  cites are unpublished and from other circuits.  [Oppo. 17:11-13.]  Thus, Plaintiffs have not

8  established that there is a separate claim for unjust enrichment under California law, and BBG

9  Communications' motion to dismiss should be granted.

10 **E.    Plaintiffs' Claim For Common Counts Fails.**

11      Plaintiffs do not address the common count arguments made in BBG Communications

12 motions.  Instead, they state that "claims for common counts have long been recognized in

13 California." [Oppo. 17:16.]  So what.  Plaintiffs have failed to explain how their Complaint

14 alleges a claim for common counts.  BBG Communications' motion to dismiss should be granted.

15 **F.    Plaintiffs' Claim For Declaratory Relief Should Be Dismissed.**

16      Plaintiffs' do not dispute that their claim for declaratory relief is duplicative of the other

17 causes of action in their Complaint.  It is too obvious to dispute this fact.  Dismissal is, therefore,

18 proper as Plaintiffs' claim serves no useful purpose.

19 **IV.   CONCLUSION**

20      BBG Communications respectfully requests that the Court dismiss Plaintiffs' Complaint in

21 its entirety with prejudice.

22 Dated:  February 18, 2011          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

23                          By  _____s/Fred R. Puglisi_____
                                    FRED R. PUGLISI
24                                  Attorneys for Defendant,
                                    BBG Communications, Inc.
25

---

[5] Moreover, the case relied on in *Shum*, *Hirsch v. Bank of Am.*, 107 Cal.App.4th 708, 721-22 (2003),  merely assumed that a cause of action for unjust enrichment exists, without actually considering the issue.

-10-