**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VLASTIMIL SAFJR and DAVID KEEPORTS, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br>vs.<br><br>BBG COMMUNICATIONS, INC., a Delaware corporation, and DOES 1 - 10,<br><br>                Defendant. | **CASE NO. 10-CV-2341 H (NLS)**<br><br>**ORDER GRANTING PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

On November 12, 2010, Plaintiffs Vlastimil Safjr ("Safjr") and David Keeports ("Keeports") filed a class-action complaint against BBG Communications, Inc. ("BBG"). (Doc. No. 1.) On January 12, 2011, Defendant BBG filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. No. 10.) BBG concurrently filed a request for judicial notice. (Doc. No. 12.) On February 14, 2011, Plaintiffs filed their response in opposition to the motion to dismiss and their objections to the request for judicial notice. (Doc. No. 22.) On February 18, 2011, Defendant filed its reply. (Doc. No. 27.) On February 18, 2011, Defendant filed another request for judicial notice. (Doc. Nos. 28-29). On February 22, 2011, Plaintiffs filed their objection to the second request for judicial notice. (Doc. No. 31.) On February 3, 2011, the Court submitted the motion on the parties papers. (Doc. No. 19.)

The Court takes judicial notice of the documents that Defendant submitted to the extent

those documents are properly subject to judicial notice. For the reasons set forth below, the Court GRANTS in part and DENIES in part Defendant's motion to dismiss.

## BACKGROUND

Plaintiffs' complaint centers on Defendant's alleged policy of non-disclosure of rates and fees for placing phone calls at Defendant's pay phones across the world and then charging high fees. Plaintiff Safjr alleges that he made a call from Defendant's pay phone in Germany and was charged $54.33 for a one minute phone call. (Id. ¶ 10(a).) Plaintiff Keeports alleged that he made two calls totaling seven minutes from Defendant's pay phone in Germany and was charged $150. (Id. ¶ 10(b).) Plaintiffs Safjr and Keeports further alleges that when they called BBG to complain about their individual calls, the customer service representative recorded their calls without their consent. (Id.)

The complaint alleges causes of action for violation of California Unfair Competition law ("UCL"), breach of contract, violation of Consumers Legal Remedies Act ("CLRA"), declaratory relief, money had and received, money paid, restitution/unjust enrichment, and violation of California Penal Code § 632. (Id.)

## DISCUSSION

**I.   Motion to Dismiss for Lack of Standing**

Defendant argues that Plaintiff Keeports lacks standing to bring this suit because he did not place the actual call that used Defendant BBG's services. (Doc. No. 10-1 at 7-8.) Defendant makes a factual attack in its motion and submit evidence that Plaintiff Keeports admitted in a letter to BBG Communications that it was Keeport's wife, Irina Smirnova, who made the actual call from the Frankfurt airport in Germany and the phone call was made to Keeports, who was in the United States at the time. (Doc. No. 10-3, Declaration of Gregario Galicot ("Galicot Decl."), Exhibit D.)

Standing under Article III is a constitutional limitation on a court's subject matter jurisdiction. Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 576-77 (1992)). Standing is a true jurisdictional question, rather than a question about the sufficiency of a claim, and is addressed in a Federal

Rule of Civil Procedure 12(b)(1) motion. Cetacean, 386 F.3d at 1174. A Rule 12(b)(1) jurisdictional attack can be either facial or factual. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). A factual attack or speaking motion when the defendant submits evidence challenging the jurisdiction along with its motion to dismiss. Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). The court need not presume the truthfulness of the plaintiff's allegations and may consider evidence outside the complaint in a speaking motion. See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039-40 & n. 2 (9th Cir. 2003).

In the present case, Defendant submits evidence that it was Plaintiff Keeport's wife that placed the actual call. Plaintiffs do not refute this evidence in its opposition.[1] The Court concludes that Plaintiff Keeports does not have standing to sue on the causes of action that arise from placing the phone call. Keeports has no standing for the UCL claim because he did not make the phone calls and cannot allege that he relied on the lack of disclosure or any misrepresentations that he alleges Defendant BBG made. In re Tobacco II Cases, 46 Cal. 4th 298 (2009) (holding that a plaintiff must plead and prove actual reliance to satisfy the standing requirement of the UCL); see also Laster v. T-Mobile USA, Inc., 407 F. Supp.2d 1181, 1194 (S.D. Cal. 2005) ("[A]fter Proposition 64, a person seeking to represent claims on behalf of others must show that (1) she has suffered actual injury in fact, and (2) such injury occurred as a result of the defendant's alleged unfair competition or false advertising."). Keeports has no standing for the breach of contract cause of action because his wife—not him—is the party to any contract that may have existed and Keeports does not allege that he was a third party

---

[1] Plaintiffs argue that considering outside evidence cannot be used to contradict allegations in the complaint. (Doc. No. 22.) Defendant's motion to dismiss on Rule 12(b)(1) grounds is a factual attack and the Court does not presume that the allegations are true and may consider outside evidence. Safe Air, 373 F.3d at 1039.

1  beneficiary. See Schauer v. Mandarin Gems of Cal., Inc., 125 Cal. App. 4th 949, 958-960
2  (2005). Keeports has no standing for the CLRA cause of action because he did not place the
3  call and thus, was not part of that consumer transaction. Schauer, 125 Cal. App. 4th at 241
4  (holding that wife lacked standing to challenge, under CLRA, husband's purchase of a ring,
5  because wife was not party to the consumer transaction at issue). Furthermore, the Court
6  concludes Plaintiff Keeports lacks standing on the causes of action for declaratory relief and
7  common counts because they are all predicated on the breach of contract and non-disclosures
8  and misrepresentations—which Keeports has no standing to sue for. (See Compl. ¶¶ 66, 71.)
9  Accordingly, the Court GRANTS to motion to dismiss Plaintiff Keeports's claims for UCL,
10 breach of contract, CLRA, declaratory relief, and common counts.[2]

11 **II.     Motion to Dismiss for Subject Matter Jurisdiction**

12       Defendant next argues that Plaintiffs' claims are barred by the presumption against
13 extraterritoriality, international comity, and choice of law under Rule 12(b)(1). (Doc. No. 10-1
14 at 9-17.) Defendant argues that this Court lacks jurisdiction to apply California law to conduct
15 that happened extraterritorially—namely, conduct that Defendant contends took place in
16 German and Mexico. (Id. at 9; see Doc. No. 10-2, Declaration of Ferdinand Von Klocke, "Von
17 Klocke Decl.")

18       Defendant asks the Court to determine that Swiss corporation BBG Global—not BBG
19 Communications—is the company the provides payphone service to the Frankfurt Airport in
20 Germany, that customer service inquiries about calls from the Frankfurt airport are handled by
21 a company B-Tel, S.A. de C.V. ("B-Tel"), whose call center is located in Tijuana, Mexico.
22 (Von Klocke Decl. ¶¶ 5-6, 17.) Defendant also asks the Court to determine that BBG
23 Communications was not involved in any part of process.

24       However, Plaintiff's Exhibit 1 to the Complaint contains a photograph of a pay phone
25 in Frankfurt, Germany. (Doc. No. 22 at 3.) A sticker on the payphone states that "credit card
26 calls are routed and priced by: direct communications to: BBG Communications, Inc., 5111

---

28  [2]Plaintiff Keeports remains a proper plaintiff for the claim under California Penal Code section 632.

1 E. San Ysidro Blvd., #1770, San Ysidro, CA 92173." (Compl., Ex. 1.) Defendant disputes whether this sticker is from the payphone in Frankfurt, Germany and whether the photograph has been tampered with. (Doc. No. 27 at 5.)

In light of the conflicting evidence, the Court declines to conclude at this time that BBG Communications was not at all involved in these phone calls and that none of the conduct occurred in California. Thus, at this time, the Court declines to conclude that the presumption of extraterritoriality or international comity bars the exercise of jurisdiction because some of the conduct may have had occurred in California and Plaintiffs are California residents. See Omega S.A. v. Costco Wholesale Corp., 541 F.3d 982, 987 (9th Cir. 2008); cf. Norwest Mortgage, Inc. v. Superior Court of San Diego Co., 72 Cal.App.4th 214, 225 (Cal. Ct. App. 1999). Furthermore, the Court declines to conclude at the present that German or Mexican law should apply to this case because some of the conduct may have occurred in California through BBG Communications. Furthermore, it is undisputed that Plaintiffs are residents of California and California has an interest in protecting its own citizens. The Court concludes that choice of law does not mandate dismissal of the complaint at this time. See Washington Mutual Bank, FA v. Superior Court, 24 Cal. 4th 906, 919 (2001). Accordingly, the Court DENIES the motion to dismiss the complaint for lack of subject matter jurisdiction.[3]

### III. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

Defendant finally argues that Plaintiffs' claims are insufficient to state a claim under Rule 12(b)(6). (Doc. No. 10-1 at 17-25.)

### A. Legal Standard

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Navarro v. Black, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a

---

[3]The Court notes that the dispute over who performed the actual conduct and what law properly applies to the claims are questions that are more appropriate for resolution at summary judgment, after the parties have had opportunity to conduct discovery and fully brief the subject with the support of evidence.

short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. A complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996); see also Twombly, 550 U.S. at 555.

**A.    California Unfair Competition Law**

Plaintiffs' first cause of action is for violation of California's unfair competition law ("UCL"), Cal. Bus. & Prof. Code § 17200. (Compl. ¶¶ 45-53.) The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. "An act can be alleged to violate any or all of the three prongs of the UCL—unlawful, unfair, or fraudulent." Berryman v. Merit Prop. Mgmt., Inc., 152 Cal. App. 4th 1544, 1554 (2007).

Plaintiffs first allege that Defendant's practices are unlawful because they violate other laws including breach of contract, the CLRA, and California Penal Code § 632. (Compl. ¶¶ 47-48.) "[T]he UCL borrows violations of other laws . . . and makes those unlawful practices actionable under the UCL." Lazar v. Hertz Corp., 69 Cal. App. 4th 1494, 1505 (1999). The Court concludes below that Plaintiffs have sufficiently pled their other causes of action. Accordingly the Court concludes that Plaintiffs have sufficiently pled that Defendant's practices were unlawful under the UCL.

1       Plaintiffs also allege that Defendants' practice of charging undisclosed fees is unfair
2  within the meaning of the UCL. (Compl. ¶¶ 49.)  In <u>Lozano</u>, the Ninth Circuit explained that
3  California courts define an unfair business practice as either a practice that undermines a
4  legislatively declared policy or threatens competition, or a practice that has an impact on its
5  alleged victim that outweighs the reasons, justifications, and motives of the alleged wrongdoer.
6  <u>Lozano v. AT&T Wireless Servs., Inc.</u>, 504 F.3d 718, 736 (9th Cir. 2007); see <u>Cel-Tech</u>
7  <u>Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.</u>, 20 Cal. 4th 163, 186-87 (1999); <u>South Bay</u>
8  <u>Chevrolet v. General Motors Acceptance Corp.</u>, 72 Cal. App. 4th 861, 886 (1999).  Applying
9  the <u>South Bay</u> balancing test, Defendant's practices may be considered unfair if the utility of
10 its conduct is outweighed by the gravity of the harm that Plaintiffs allegedly suffered.  <u>See</u> <u>id.</u>
11 The Court concludes that Plaintiffs' allegations are sufficient to withstand a motion to dismiss.
12 Plaintiffs have plausibly alleged that the utility of Defendant's practice of failing to disclose
13 fees and charges is outweighed by the harm he has suffered.  Moreover, "[w]hether a practice
14 is deceptive, fraudulent, or unfair is generally a question of fact which requires consideration
15 and weighing of evidence from both sides and which usually cannot be made on demurrer."
16 <u>Linear Tech. Corp. v. Applied Materials, Inc.</u>, 152 Cal. App. 4th 115, 134-35 (2007); see
17 <u>Williams v. Gerber Prods. Co.</u>, 552 F.3d 934, 938-39 (9th Cir. 2008).
18      Defendant argues that the UCL's safe harbor rule bars the UCL claim. (Doc. No. 10-1
19 at 21.)  In particular, Defendant contends that the German legislature has looked at the issue
20 of rate disclosure and excluded swipe card calls from requiring the disclosures Plaintiffs
21 believe should have been given. (<u>Id.</u>)  UCL's safe harbor provides that a plaintiff cannot bring
22 an action under the unfair competition law if some other provision passed by the Legislature
23 bars it. <u>Cel-Tech Com. Inc. v. Los Angeles Cellular Tel. Co.</u>, 20 Cal. 4th 163, 184 (1999) ("In
24 other words, courts may not use the unfair competition law to condemn actions the Legislature
25 permits.").  However, all the cases that Defendant cites to applying this doctrine apply it to
26 federal or state law one. (<u>See</u> Doc. No. 10-1 at 21-22.) Defendant fails to cite to nor is the
27 Court aware of any binding case that holds that a foreign statute can provide a safe harbor
28 under the UCL.  Thus, the Court declines to conclude that the safe harbor doctrine of the UCL

1 applies to foreign law.

2 Considering Plaintiffs' allegations and Defendant's arguments, the Court concludes that Plaintiffs have adequately alleged a cause of action under the UCL.[4]  Accordingly, the Court denies Defendant's motion to dismiss Plaintiffs' first cause of action.

### C. Breach of Contract

Plaintiffs' second cause of action is for breach of implied contract. (Comp. ¶¶ 53-57.) Plaintiffs allege that, through the parties' conduct, a standardized express or an implied contract existed. (Id. ¶ 55.) Plaintiffs allege that Defendant charged and unjustifiably retained excessive sums of money from Plaintiffs by charging Plaintiffs undisclosed fees and charges, and that Defendant was unjustly enriched at Plaintiffs' expense. (Id. ¶¶ 56-57.)  While the Court concludes that Plaintiffs' allegations are insufficient to show the existence of a standarized express contract or an implied in fact contract, Plaintiffs have adequately alleged the existence of a contract implied in law, or quasi-contract.

> "Quasi-contract" is simply another way of describing the basis for the equitable remedy of restitution when an unjust enrichment has occurred. Often called quantum meruit, it applies where one obtains a benefit which he may not justly retain. The quasi-contract, or contract "implied in law," is an obligation created by the law without regard to the intention of the parties, and is designed to restore the aggrieved party to his former position by return of the thing or its equivalent in money.

McBride v. Boughton, 123 Cal. App. 4th 379, 388 n.6 (2004) (quotation marks and citation omitted). Here, Plaintiffs have alleged that they were charged amounts in excess of what was disclosed to them and that Defendant improperly took their money. The Court denies Defendant's motion to dismiss Plaintiffs' second cause of action.

### D. Violation of CLRA

Plaintiffs' third cause of action is for violations of the Consumer Legal Remedies Act

---

[4] The Court concludes that the UCL claim is adequate under either the unfair or unlawful prong. Thus, the Court declines to consider the fraud prong on this motion to dismiss.

1  ("CLRA") under Cal. Civil Code § 1750 et seq. (Compl. ¶¶ 58-64.) The CLRA prohibits the
2  use of certain types of "unfair methods of competition and unfair or deceptive acts or practices
3  undertaken by any person in a transaction intended to result or which results in the sale or lease
4  of goods or services to any consumer." Cal. Civ. Code § 1770(a).

5  Defendant argues that there is no deceptive practice because Plaintiffs' complaint
6  alleges that the pay phones have stickers that say to call for specific information. (Doc. No.
7  10-1 at 23-24.) Defendant also argues that Plaintiffs do not show that absent the alleged
8  misrepresentation, the would have acted differently. (Id. at 24.)

9  Plaintiffs allege that payphones often have disclosures that advertise the local rate in
10 big letters and do not advertise the other rates, or will direct the consumer to call for other rats
11 in tiny print. (Compl. ¶ 2.) Plaintiff Sajfr alleges that he was making a local call, and had put
12 in the amount in coins consistent with local phone call rates advertised on the phone. (Id. ¶
13 10(a).) However, his coins were rejected and instead he heard an automated message about
14 using his credit card. (Id.) He alleges that no further disclosures were made to him and he was
15 charged more than the advertised rate for local calls. (Id.) The Court concludes that Plaintiffs'
16 allegations are sufficient to plead deceptive acts. Accordingly, the Court denies the motion to
17 dismiss the CLRA claim.

18 **E.    Declaratory Relief**

19 Plaintiffs' fourth cause of action is for declaratory relief. (Compl. ¶¶ 65-69.)
20 Specifically, Plaintiffs allege that there is a conflict between the parties regarding whether
21 Defendant must accurately disclose the fees, whether class members must pay the charges, and
22 whether Defendant needs to stop charging the fees or refund back fees paid by class members.
23 (Id. ¶ 66.) Plaintiffs request "a judicial determination and declaration be made of the rights
24 of the Class members and responsibilities of [Defendant]." (Id. ¶ 69.)

25 Under 28 U.S.C. § 2201, "[in] a case of actual controversy within its jurisdiction, . . .
26 any court of the United States, upon the filing of an appropriate pleading, may declare the
27 rights and other legal relations of any interested party seeking such declaration, whether or not
28 further relief is or could be sought." Defendant cites to a California Supreme Court case to

1 argue that the claim should be dismissed because this claim is not distinguishable from the
2 other causes of action.  (Doc. No. 10-1 at 24 (citing Hannon v. Western Title Co., 211 Cal.
3 App. 3d 1122, 1128-29 (1989)).)  However, the cases arises from the California declaratory
4 relief statute, not the federal statute.  Defendant fail to cite to any law involving the federal
5 statute.  Thus, the Court concludes that an actual controversy exists between the parties as
6 required under 28 U.S.C. § 2201, and accordingly denies Defendant's motion to dismiss
7 Plaintiffs' fourth cause of action.

**F.      Common Counts - Money Had and Received, Money Paid, Restitution/Unjust Enrichment**

Plaintiffs' fifth cause of action is for common counts, in particular for money had and received, money paid, and restitution/unjust enrichment.  (Compl. ¶¶70-72.)

"The count for money had and received states in substance that the defendant is indebted to the plaintiff in a certain sum 'for money had and received by the defendant for the use of the plaintiff.'"  4 Witkin, Cal. Proc. (5th ed. 2008) Pleading, § 561, p. 688.  The count for money paid alleges indebtedness for money paid or expended to or for the Defendant. Pleasant v. Samuels, 114 Cal. 34 (1896).

"Unjust enrichment is an action in quasi-contract, which does not lie when an enforceable, binding agreement exists defining the fights of the parties."  Paracor Finance, Inc. v. General Elec. Capital Corp., 96 F.3d 1151, 1167 (9th Cir. 1996), California Medical Ass'n, Inc. v. Aetna U.S. Healthcare of California, Inc., 94 Cal. App. 4th 151, 125 (Cal. App. 4th 2001).  A claim for unjust enrichment requires pleading the "receipt of a benefit and the unjust retention of the benefit at the expense of another."  Lectrodryer v. Seoulbank, 77 Cal. App. 4th 723, 726 (2000).  "The mere fact that a person benefits another is not of itself sufficient to require the other to make restitution therefor."  Dinosaur Dev., Inc. v. White, 216 Cal. App. 3d 1310, 1315 (1989).  Ordinarily, a plaintiff must show that a benefit was conferred on the defendant through mistake, fraud, coercion, or request.  Nebbi Bros., Inc. v. Home Fed. Sav. & Loan Ass'n, 205 Cal. App. 3d 1415, 1422 (1988).

Defendant argue that Plaintiffs do not allege that they did not receive a benefit for the

payment made because they were able to complete their phone calls. (Doc. No. 10-1 at 25.) However, Plaintiffs allege that they were charged fees that were not disclosed and that these fees conferred a benefit to Defendant. (Compl. ¶ 71.) Furthermore, Plaintiffs allege that Defendant got this money through compulsion or mistake. (Id.) Accordingly, the Court denies the motion to dismiss the common counts.

**G.    Violation of Penal Code § 632**

Plaintiffs' sixth cause of action is for statutory damages and injunctive relief based on violations of California Penal Code section 632. (Compl. ¶¶ 73-80.) Plaintiffs allege that Defendant's collection personnel and customer service representatives (CSRs) recorded their telephonic communications without any express or implied consent from Plaintiffs. (Id. ¶ 76.) Plaintiffs further allege that the conversations were "confidential" because the recorded phone conversations were regarding amounts charged and the CSRs demanded credit card information, (Id. ¶ 77.)

A person violates section 632 of the California Penal Code when he "intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication." Cal. Penal Code § 632. The Court previously decided in Section 2.D that California law may apply to this action. This applies with equal force to section 632 because "California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation." Kearney v. Salomon Smith Barney, Inc., 39 Cal.4th 95, 125 (2006). Here, Plaintiffs allege that calls are processed through California, complaints are handled through California, and refunds are made by CSRs based in California. (Compl. ¶ 6.) Plaintiffs also allege that the call center, even if in Mexico, is controlled by California and the CSRs are directed to show that it is an "American-based company." (Id. ¶¶ 5, 30.) Furthermore, Plaintiffs are California residents. (Id. ¶ 10.)

The Court concludes that Plaintiffs have sufficiently alleged a violation of section 632. Plaintiffs allege Defendants do not warn or advise customers that their calls are being recorded.

1  (Compl. ¶ 38.) Plaintiffs allege that the conversations contain confidential information where
2  the CSRs ask for credit card numbers and personal information. (Id.) Accordingly, the Court
3  denies the motion to dismiss the section 632 claim.

## CONCLUSION

After due consideration, the Court GRANTS in part and DENIES in part Defendant's motion to dismiss. The Court grants the motion to dismiss Plaintiff Keeport's claims for claims for UCL, breach of contract, CLRA, declaratory relief, and common counts. The Court denies the motion to dismiss otherwise.

**IT IS SO ORDERED**.

DATED: March 15, 2011

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT