1 | Alan M. Mansfield (SBN 125998)
alan@clgca.com
2 | THE CONSUMER LAW GROUP
9466 Black Mountain Rd., Suite 225
3 | San Diego, CA 92126
Tel: (619) 308-5034
4 | Fax: (888) 341-5048

5 | WHATLEY DRAKE & KALLAS LLC
Joe R. Whatley, Esq.
6 | Patrick J. Sheehan, Esq.
1540 Broadway, 37th Floor
7 | New York, NY 10036
Tel: (212) 447-7070
8 | Fax: (212) 447-7077

9 | Attorneys for Plaintiffs Vlastimil Sajfr and
David Keeports
10 |
[*Additional Counsel Listed on Signature Page*]
11 |

12 | **UNITED STATES DISTRICT COURT**

13 | **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VLASTIMIL SAJFR and DAVID KEEPORTS, on behalf of themselves and all others similarly situated, | Case No.: 10-cv-2341-AJB (NLS) |
| | <u>CLASS ACTION</u> |
| Plaintiffs, | JOINT STATEMENT REGARDING PARTIES' PROPOSED DISCOVERY SCHEDULES |
| v. | |
| BBG COMMUNICATIONS, INC., and DOES 1-10 INCLUSIVE, | Hearing Date:      May 9, 2011
Time:               2:30 p.m.
Courtroom:          G |
| Defendants. | Magistrate Judge:  Hon. Nita L. Stormes |

Pursuant to this Court's April 1, 2011 Order Setting ENE (Dkt. No. 38), the parties submit the following Joint Proposed Schedule from their Rule 26(f) meeting between counsel for Plaintiffs and Defendant BBG Communications, Inc. ("BBG Communications" or "Defendant") held on May 4, 2011 for purposes of the case management component of the ENE.

**1.     Proposed Discovery Plan**

<u>**Plaintiffs' Proposed Discovery Plan**</u>

Plaintiffs intend to serve their First Set of Requests for Production of Documents, Requests for Admissions and Interrogatories within the next 45 days.  Plaintiffs propose that the

1

1    parties exchange their Initial Disclosures in the next 30 days.   Plaintiffs believe that after

2    completion of an initial round of discovery as set forth below, the parties will be in a position to

3    develop more fully a detailed discovery plan.   BBG Communications, on the other hand, believes

4    it is premature to engage in discovery because BBG Communications (i) has a writ of mandamus

5    pending before the Ninth Circuit on Judge Huff's decision on April 19, 2011, and (ii) intends to

6    file a Motion for Summary Judgment ("MSJ"), because like in the *Evans* matter, Plaintiffs, here,

7    have sued the wrong party.[1]   As such, BBG Communications proposes a two-phase discovery

8    plan as outlined below.

9        Plaintiffs propose increasing the number of depositions on each side from 10 to 20, and to

10   determine later if the number of Interrogatories needs to be increased from 25 per party to a

11   different amount.   Defendant rejects such proposal as it believes that increasing the number of

12   depositions and interrogatories at this time is unnecessary.

13       With regard to Defendant's discovery bifurcation plan below, Plaintiffs believe that it is

14   not warranted and that discovery should not be bifurcated.   The Ninth Circuit, local District

15   Courts, and the MCL 4th, have recognized that "information about the nature of the claims on the

16   merits and the proof that they require may be important to deciding class certification."   *See,* e.g.,

17   *Ho v. Ernst & Young LLP,* 2007 WL 1394007 (N.D. Cal. 2007); W. Moore, Moore's Federal

18   Practice 3rd, §23.61[6][b] (3d Ed. 1999); H. Newberg & A. Conte, Newberg on Class Actions

19   §9.44 (2002), and cases cited therein.   As stated in the MCL 4th, "arbitrary insistence on the

20   class/merits discovery distinction sometimes thwarts an informed judicial assessment that current

21   class certification practice emphasizes" and delays resolution of the case as it will inevitably

22   devolve into a discussion about what is "class" and what is "merits" discovery, as "there is not

23   always a bright line between the two" and unless Defendant will stipulate that the merits as

24   asserted in the Complaint are accurate for purposes of class certification, this issue will

25   significantly slow down discovery and the prosecution of this case.   Plaintiffs believe that this

26   _____

27   [1]     The related action previously pending in the Southern District of California, *Evans v. BBG Communications*, Case No. 10-CV-0542-H-NLS, was summarily dismissed on March 4, 2011. The court granted BBG Communications' Motion for Summary Judgment in that action on the grounds that *Evans* sued the wrong party.

28

JOINT PROPOSED DISCOVERY PLAN                    CASE NO.: 10-CV-2342-AJB (NLS)

Report is not the time to fully brief this issue.  If the Court wants the parties to brief the issue of bifurcation, we can discuss a time frame for promptly doing so during the Case Management Conference.

In addition, Plaintiffs dispute that they have sued the wrong party, knowingly or otherwise.  In denying BBG Communications' Motion to Dismiss, Judge Huff ruled that: "The Court notes that the dispute over who performed the actual conduct and what law properly applies to the claims are questions that are more appropriate for resolution at summary judgment, *after the parties have had opportunity to conduct discovery and fully brief the subject with the support of evidence*."  (Order Granting In Part and Denying In Part Motion To Dismiss, dated March 15, 2011 (Dkt. No. 35; emphasis added)).  BBG's discovery plan fails to take Judge Huff's direction into account, as it appears to suggest that no discovery take place at all until, at a minimum, November 2011.  A schedule that defers even the parties' Rule 26 initial disclosure obligations -- which are to take place within 120 days of the action being filed under Rule 16(b) and 26(a) -- and delays starting merits discovery until two years after the action was filed (and trial a year after that) is inconsistent with this ruling.  Such a proposal also violates the general principle of Fed. R. Civ. Proc. 1, which requires such Rules (including Rule 16 and 26) to be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."  And even if BBG was correct (which plaintiffs dispute), discovery would answer or shed light on to many of those questions without waiting at least six months to do so.

While it is true that the Court suggested that limited discovery might be necessary before ruling dispositively that it lacked subject matter jurisdiction over Plaintiffs claims, the Court based this reasoning on Plaintiff's false assertions.  Specifically, Plaintiff misled the Court into believing that page 2 of Exhibit 1 of Plaintiff's Complaint was a picture of a sticker found on payphones located in Germany.  This particular sticker contains language advising callers that they should call BBG Communications (located in San Ysidro, California) with any questions.  This, however, is false.  The undisputable evidence shows that the payphones serviced by BBG Global at the Frankfurt airport ***do not*** contain these stickers.  Moreover, the undisputable evidence shows that the sticker pictured in Exhibit 1, page 2 was actually used in Denver,

3

Colorado, not by BBG Global, but rather by BBG Communications for services BBG Communications provided in Denver.  To allow Plaintiffs to conduct unfettered discovery when they knowingly sued the wrong party would result in an unfair and costly defense for BBG Communications.

Further, the discovery proposed by Plaintiffs is far broader than that contemplated by the Court in its ruling.  Plaintiffs are simply attempting to engage in a fishing expedition with no basis for doing so.  If Plaintiffs truly believe they need discovery to defeat BBG Communications' MSJ, they can ask for limited discovery under Rule 56 of the Federal Rules of Civil Procedure. This is a far more effective way of addressing their having sued the wrong party than allowing them to conduct unfettered discovery at this stage.

Finally, BBG Communications submits that bifurcation of pre-class certification and merit based discovery is not only favored by the courts and relevant treatises, but warranted in this action.  *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978); *Krim v. Banc Texas Group, Inc.* (5th Cir. 1996) 99 F.3d 775, 777-78; *Valley Drug Co. v. Geneva Pharmaceuticals, Inc.* (11th Cir. 2003) 350 F.3d 1181, 1194.  Indeed, Plaintiffs reliance on *Newberg On Class Actions* (4th ed.) §7:8 for the proposition that merits discovery should *not* be stayed before class certification is established is misplaced.  Specifically, in arguing against discovery bifurcation, *Newberg* states that class facts (such as claim similarity) are rarely in issue.  Here, however, claim similarity is very much an issue, and therefore, the premise on which *Newberg* relies is simply not applicable.  Furthermore, the Manual For Complex Litigation, cited by *Newberg*, even admits that bifurcating discovery can be preferable, so long as unnecessary or duplicative discovery does not result.  Finally, *Newberg* does not cite any cases that state that discovery bifurcation is not allowed.  Rather, it simply states – at most – that the circumstances of many cases do not warrant bifurcation, but that is not the case here.

**Defendant's Proposed Discovery Plan**

For the reasons set forth above, BBG Communications proposes that discovery be set forth in two phases: (1) Pre-Certification of Class ("Phase One"); and (2) Post-Certification of

/ / /

4

Class ("Phase Two").   Phase One would be limited in scope to issues relating to class certification, and Phase Two would be open to the remaining relevant issues.

Under BBG Communications' proposed plan, Phase One of discovery would not begin until after BBG Communications' MSJ is heard and ruled upon.  Given Judge Battaglia's current calendar, BBG Communications' MSJ is not likely to be heard and ruled upon until November 2011.  As such, BBG Communications proposes that the start of Phase One of discovery begin after the MSJ is heard and ruled upon, and that it coincide with the exchange of Rule 26 disclosures, on November 30, 2011, and that it conclude on August 1, 2012.  Phase Two would thus begin when Plaintiffs' motion for class certification is heard and ruled upon or on about November 30, 2012.   BBG Communications proposes that the discovery cut-off be set for September 30, 2013.

**2.       Proposed Timing of Rule 26(a)(2) Expert Witness Disclosures**

The parties agree that the Fed. R. Civ. Proc. Rule 26(a)(2) expert witness disclosures will be made pursuant to Rule 26(a)(2)(C), and per the schedule set forth below.

**3.       Class Certification**

The Plaintiffs propose the following schedule for class certification:

| | |
|---|---|
| Plaintiffs' Opening Brief | December 1, 2011 |
| Defendant's Opposition Brief | January 15, 2012 |
| Plaintiffs' Reply Brief | February 15, 2012 |
| Hearing Date | March 2012 |

Defendant proposes the following schedule for class certification (following the close of Phase One of discovery):

| | |
|---|---|
| Plaintiffs' Opening Brief | August 15, 2012 |
| Defendant's Opposition Brief | October 15, 2012 |
| Plaintiffs' Reply Brief | November 1, 2012 |
| Hearing Date | November 15, 2012 |

/ / /

/ / /

**4.**       **Dispositive Motions**

BBG Communications anticipates filing its Motion for Summary Judgment by May 12, 2011.

**5.**       **Anticipated Pre-trial Conference Dates**

The Court's ruling on the pending motions referenced above Plaintiffs' anticipated motion for class certification may have some impact on whether the parties would seek severance of certain claims or issues, bifurcation of certain claims or issues, or some other ordering of proof at the time of trial. Counsel will continue to discuss these and other relevant scheduling issues as the case progresses.

Plaintiffs believe that the following pre-trial schedule is reasonable, resulting in a trial date approximately 12 months from the date of the Scheduling Conference, for a date in August, 2012:

| | |
|---|---|
| First Identification of Expert Witnesses | March 26, 2012 |
| Supplemental Identification of Expert Witness | April 16, 2012 |
| Expert Disclosures pursuant to Rule 26(a)(2) | May 2, 2012 |
| Contradictory / Rebuttal Expert Information Disclosures | May 25, 2012 |
| Dispositive Motion Hearing Cut-off | June 4, 2012 |
| Fact and Expert Discovery Cut-off | June 18, 2012 |
| Last Day for Final Pre-Trial Meeting of Counsel | June 29, 2012 |
| Last Day to Lodge Final Pre-Trial Conference Order, file Final Memoranda and Joint Exhibit List, etc. | July 9, 2012 |
| Final Pre-Trial Conference | July 13, 2012 |

Plaintiffs estimate the trial may take approximately 15 court days, depending upon the class certification ruling. BBG Communications believes it is premature to set this action for trial as BBG Communications is not the party who provided any of the services alleged in the Complaint. Moreover, BBG Communications disputes this Court's subject matter jurisdiction over this action.

/ / /

6

1   Plaintiffs request a jury trial on all damage claims and a court trial on all equitable issues.

2   BBG Communications believes that the following pre-trial schedule is reasonable, and

3   realistic:

| | |
|---|---|
| First Identification of Expert Witnesses | June 30, 2013 |
| Supplemental Identification of Expert Witness | July 20, 2013 |
| Expert Disclosures pursuant to Rule 26(a)(2) | August 2, 2013 |
| Contradictory / Rebuttal Expert Information Disclosures | August 25, 2013 |
| Dispositive Motion Hearing Cut-off | September 4, 2013 |
| Fact and Expert Discovery Cut-off | September 30, 2013 |
| Last Day for Final Pre-Trial Meeting of Counsel | October 29, 2013 |
| Last Day to Lodge Final Pre-Trial Conference Order, file Final Memoranda and Joint Exhibit List, etc. | November 9, 2013 |
| Final Pre-Trial Conference | November 30, 2013 |

**6.    Document Confidentiality, Preservation and ESI Issues**

Prior to the scheduling conference, the parties will exchange information about preserving discoverable information and producing electronically stored information pursuant to Fed. R. Civ. P. 26(f)(2) and (3).   Plaintiffs' counsel will prepare and circulate a draft protective order regarding confidential information as well as for preservation of relevant information for review and comment.

Plaintiffs have also proposed a protocol regarding the presentation and form of production of electronically stored information.  If agreement can be reached on the form of a protocol, a stipulated order will be submitted; if not, this matter may require a motion before either the Magistrate Judge or Judge Battaglia.

Dated:  May 5, 2011                      CONSUMER LAW GROUP OF CALIFORNIA

By:   S/Alan M. Mansfield
Alan M. Mansfield
alan@clgca.com
9466 Black Mountain Road, Suite 225
San Diego, CA 92126
Tel: (619) 308-5034
Fax: (888) 341-5048

7

1

2

3

4

5

6

7

8

WHATLEY DRAKE & KALLAS LLC
Joe R. Whatley, Esq.
jwhatley@wdklaw.com
Patrick J. Sheehan, Esq.
psheehan@wdklaw.com
1540 Broadway, 37th Floor
New York, NY  10036
Tel: (212) 447-7070
Fax: (212) 447-7077

Attorneys for Plaintiffs Vlastimil Sajfr and David
Keeports

Dated:  May 5, 2011

SHEPPARD MULLIN RICHTER & HAMPTON
LLP

9

10

11

12

13

14

15

16

17

By:   S/Fred R. Puglisi
          Fred R. Puglisi
FRED R. PUGLISI
fpuglisi@sheppardmullin.com
Norma V. Garcia
ngarciaguillen@sheppardmullin.com
Valerie E. Alter
valter@sheppardmullin.com
Elizabeth S. Berman
eberman@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
Tel: (310) 228-3700
Fax: (310) 228-3701

Attorneys for Defendant BBG Communications, Inc.

18

19

20

        I, Alan M. Mansfield, am the ECF user whose ID and password are being used to file this

Joint Rule 26(f) Scheduling Conference Report.  I hereby attest that I have the concurrences for

any signatures indicated by a "conformed" signature (/S) within this e-filed document.

21

22

By:   S/Alan M. Mansfield
          Alan M. Mansfield

23

24

25

26

27

28

8