```
 1  FRED R. PUGLISI, Cal. Bar No. 121822
    NORMA V. GARCIA, Cal. Bar No. 223512
 2  VALERIE E. ALTER, Cal. Bar No. 239905
    ELIZABETH S. BERMAN, Cal. Bar No. 252377
 3  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
 4    Including Professional Corporations
    1901 Avenue of the Stars, Suite 1600
 5  Los Angeles, California  90067-6017
    Telephone:    310-228-3700
 6  Facsimile:    310-228-3701
    fpuglisi@sheppardmullin.com
 7  ngarciaguillen@sheppardmullin.com
    valter@sheppardmullin.com
 8  eberman@sheppardmullin.com

 9  Attorneys for Defendant,
    BBG Communications, Inc.
10
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLASTIMIL SAJFR AND DAVID KEEPORTS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BBG COMMUNICATIONS, INC., a Delaware CORPORATION, and DOES 1 - 10,<br><br>Defendant. | Case No. 10-CV-2341-AJB-NLS<br><br>**DEFENDANT BBG COMMUNICATIONS, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**<br><br>[*Memorandum of Points and Authorities in Support of Motion for Summary Judgment, Separate Statement of Undisputed Material Facts In Support of Summary Judgment and Declarations of Ferdinand Von Klocke, Gregorio Galicot, Vania Monge, Irene Fedier, Brian Rhys, Gaurav Malhotra, Urs Manetsch and Anton Mueller, Prof. Dr. Bernd Holznagel,LLM, and Isaac Guakil-Chaiyo and Request for Judicial Notice filed concurrently herewith.*]<br><br>Date:   December 16, 2011<br>Time:   1:30 p.m.<br>Courtroom:  12<br><br>Complaint filed: November 12, 2010<br>Trial Date:  None Set |

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on December 16, 2011, at 1:30 p.m., or as soon thereafter as this matter may be heard, in Courtroom 12 of the United States District Court for the Southern District of California, located at 880 Front Street, San Diego, California 92101, the Honorable Anthony J. Battaglia presiding, defendant BBG Communications, Inc. ("**BBG Communications**") will and hereby does move the Court pursuant to Federal Rule of Civil Procedure 56 for an order granting summary judgment in favor of BBG Communications and against Plaintiffs Vlastimil Sajfr and David Keeports (collectively, "**Plaintiffs**").

BBG Communications moves for summary judgment on the grounds that there is no genuine issue of material fact and that this Court lacks subject matter jurisdiction over Plaintiffs' claims, and as such, BBG Communications is entitled to judgment as a matter of law based on the following:

*First*, as BBG Communications pointed out in its Motion to Dismiss (Doc. No 10), Plaintiffs sued the wrong party.  BBG Communications does not operate in Germany, and it did not handle Plaintiffs' customer service calls.  On the contrary, BBG Global A.G. ("**BBG Global**"), a Swiss entity, provided the services at the Frankfurt airport about which Sajfr complains, and contracted with G-Tel, S.A. de C.V. dba B-Tel ("**B-Tel**"), a Mexican entity operating in Mexico, to provide the customer service about which Plaintiffs complain.  There is no basis—alter ego or otherwise—to hold BBG Communications legally responsible for BBG Global's activities abroad.  Accordingly, all of Plaintiffs claims fail.

*Second*, there is no subject matter jurisdiction over Plaintiffs' claims, each of which attempts to apply California law to conduct that occurred wholly within foreign sovereign nations.  Simply, (1) the presumption against extraterritoriality, (2) international comity, and (3) choice of law principles deprive this Court of jurisdiction over cases like this one in which a plaintiff

attempts to export United States law to conduct occurring wholly in foreign sovereign nations. Accordingly, all of Plaintiffs claims fail.

*Third*, even if this Court had jurisdiction over Plaintiffs' claims, applying California law would violate the Dormant Commerce Clause. California may not legislate over conduct occurring wholly outside its borders. This is especially true where the conduct at issue is legal in the sovereign nations in which it occurred. Sajfr's attempt to apply California law to his non-disclosure claim is particularly egregious because BBG Global used the same disclosures adopted and dictated by Deutsche Telekom A.G. ("**Deutsche Telekom**"), a German entity partially owned by the German government. It is ludicrous to assert that California law trumps German law on German soil, especially when the method of disclosure used—prompting the caller to press "9" for rate information—is perfectly reasonable and adequate under the circumstances. To hold otherwise would mean that California's unfair competition law can in effect prohibit a California business from competing in the international marketplace, which is an absurd interpretation of a law specifically intended to promote free and fair competition. Accordingly, all of Plaintiffs claims fail.

*Fourth*, and related, the safe harbor doctrine bars each of Plaintiffs' claims. That doctrine prevents a plaintiff from using one law to penalize what the legislature has specifically determined to be legal. Here, the German and Mexican governments have specifically determined that BBG Global's alleged actions are legal under German and Mexican law. Plaintiff cannot use California law to override those sovereign nations' laws and nonetheless state a claim under California law based on activity that occurred wholly within their territory. Accordingly, all of Plaintiffs claims fail.

*Finally*, as to Plaintiffs' call recording claim in particular, the California call recording statue, Penal Code § 632, was never intended to apply to customer service calls like

those Plaintiffs placed to BBG Global, and thus does not apply here.  As such, Plaintiffs' claim for violation of California's Penal Code section 632 must also fail.

BBG Communications' motion is based upon this Notice of Motion and Motion, the concurrently filed Memorandum of Points and Authorities, the Separate Statement, and the Declarations of Ferdinand Von Klocke, Susan Freeman, Gregorio Galicot, Irene Fedier, Vania Monge, Brian Rhys, Gaurav Malhotra, Anton Mueller and Urs Manetsch, Isaac Guakil-Chaiyo, and Prof. Dr. Bernd Holznagel, LLM, the Request for Judicial Notice and all pleadings and papers filed in this action, and such other argument and evidence as the Court may consider.

Dated:  June 30, 2011                SHEPPARD, MULLIN, RICHTER & HAMPTON llp

                                     By          s/Fred R. Puglisi
                                              FRED R. PUGLISI
                                              Attorneys for Defendant,
                                              BBG Communications, Inc.