1  FRED R. PUGLISI, Cal. Bar No. 121822
   NORMA V. GARCIA, Cal Bar No. 223512
2  VALERIE E. ALTER, Cal. Bar No. 239905
   ELIZABETH S. BERMAN, Cal. Bar No. 252377
3  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
4     Including Professional Corporations
   1901 Avenue of the Stars, Suite 1600
5  Los Angeles, California  90067-6017
   Telephone:  310-228-3700
6  Facsimile:  310-228-3701
   fpuglisi@sheppardmullin.com
7  ngarcia@sheppardmullin.com
   valter@sheppardmullin.com
8  eberman@sheppardmullin.com

9  Attorneys for Defendant
   BBG COMMUNICATIONS, INC.

10

11              UNITED STATES DISTRICT COURT

12            SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 13  VLASTIMIL SAJFR AND DAVID KEEPORTS, on behalf of themselves 14  and all others similarly situated,<br><br>15              Plaintiff,<br><br>16      v.<br><br>17  BBG COMMUNICATIONS, INC., and DOES 1-10 INCLUSIVE,<br>18<br>              Defendant. | Case No. 10-CV-02341-AJB (NLS)<br><br>The Honorable Anthony J. Battaglia<br><br>**DECLARATION OF GREGORIO GALICOT IN SUPPORT OF DEFENDANT BBG COMMUNICATIONS, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>[*Notice of Motion and Motion for Summary Judgment; Declarations of Susan Freeman, Ferdinand Von Klocke, Vania Monge, Irene Fedier, Brian Rhys, Gaurav Malhotra, Urs Manetsch and Anton Mueller, Prof. Dr. Bernd Holznagel, LLM, and Isaac Guakil-Chaiyo; Separate Statement of Undisputed Facts; Request for Judicial Notice; and Certificate of Service Filed Concurrently herewith*]<br><br>Date:      December 16, 2011<br>Time:      1:30 p.m.<br>Courtroom:  12<br><br>[Complaint Filed: November 12, 2010] |

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF GREGORIO GALICOT

I, GREGORIO GALICOT, declare as follows:

1.    I am the President of BBG Communications, Inc. ("BBG Communications"), a party to this action.  I make this declaration based on my personal knowledge, my review of the records available to me as they are kept in the ordinary course of BBG Communications' business, information obtained from other employees upon whom I regularly rely in the ordinary course of BBG Communications' business, or my general knowledge of the business practices of BBG Communications, which are known by me to be true and correct, and if called as a witness, I could and would competently testify thereto.

2.    This declaration is submitted in support of BBG Communications, Inc.'s Motion for Summary Judgment.

### Description of BBG Communications Business

3.    BBG Communications is a Delaware corporation headquartered in San Diego, California.  BBG Communications is, among other things, a reseller of telecommunications services.  BBG Communications provides reseller telecommunications services exclusively in North America, i.e., in the United States, Mexico and Canada.  BBG Communications does not provide any telecommunications services outside of North America, and it certainly does not operate payphones at the Frankfurt airport.

4.    BBG Communications also provides back office administrative services to third parties, including BBG Global AG ("BBG Global"), and Avantel (MCI's Mexican subsidiary), YAK, AXTEL, S.A. de C.V., HOS Interest, Telus Communication Company,

1    and Sprint Communication Company, L.P., among others.  These services are provided

2    pursuant to agreements negotiated with these third parties at costs established by the

3    industry.

4

5         5.    The rates BBG Communications charges BBG Global for the back office

6    administrative services are commensurate with what it has charged other independent third

7    party entities for the same services.  Notably, the services that BBG Communications

8    provides to BBG Global are similar to those provided to the other entities.  Also, BBG

9    Global did not contract with BBG Communications to provide telecommunications

10   services in Germany.

11

12        6.    BBG Communications employs 26 people total in North America to perform

13   services, including administrative services.

14

15   **Plaintiff Sajfr's Call**

16

17        7.    On August 31, 2010, plaintiff Vlastimil Sajfr sent a letter addressed to me as

18   President of BBG Communications.  In that letter, Mr. Sajfr states that he used a BBG

19   Global serviced public payphone in Frankfurt, Germany to place a call to the Czech

20   Republic:

21

22        "On June 12, 2010 I was traveling from SFO to Prague, Czech
          Republic with transit in Frankfurt, Germany.  Upon my arrival

23        to FRA I needed to call my party in PRG to inform them on my
          arrival.  Since there are many public phones in FRA terminals

24        that was supposed to be easy."

25   A true and correct copy the August 31, 2010 letter is attached hereto as Exhibit "D."

26

27        8.    Further, according to the Complaint at paragraph 10, Mr. Sajfr alleges that he

28   "used BBG's pay telephones in Frankfurt Germany on or about June 17, 2010."

9.     BBG Communications does not process or provide calling service for calls that originate in Frankfurt, Germany.  Thus, BBG Communications did not provide the telecommunication services for the calls made by Mr. Sajfr as alleged in the Complaint.

**Exhibit "1" of Plaintiffs' Complaint**

10.     I reviewed Exhibit 1 to the Complaint, and paragraphs 2 and 26 of the Complaint which allege to be true and correct copies of examplars of statements and advertising on pay telephones serviced by BBG Communications allegedly around the world.

11.     Exhibit 1 consists of nine pages of images.  *See* Doc. No. 1 at 32 to 40.

12.     None of the images in Exhibit 1 to the Complaint are statements, disclosures or advertising on a payphone located in Frankfurt, Germany.

13.     The first image (Doc. No. 1 at 32) is of statements and disclosures on a payphone located in the Netherlands.  I can identify the location of this payphone because the statements reference "KPN" at the bottom left corner.  KPN is located in the Netherlands and is the leading telecommunications company in the Netherlands that provides wireline services in that country.

14.     The second image (Doc. No. 1 at 33), as discussed further by my colleague Brian Rhys, is a picture of a portion of a sticker on a payphone located in Denver, Colorado, not in Germany.  Importantly, the Plaintiffs focused only on the portion of this sticker—the portion that was in German and contained a San Diego address for BBG Communications.  It seems to me that Plaintiffs did so seeking to mislead everybody into

1   believing that because that portion of the sticker was in German, the phone must be located

2   in Germany, when in fact it is located in Denver, Colorado.

3

4          15.    The third image (Doc. No. 1 at 34) does not reference BBG Communications

5   or any other BBG related entity.  It does, however, references "BT" (British Telcom),

6   which is the leading telecommunications company in the United Kingdom, and "UK

7   Inland," which indicate that these statements are on a payphone located in the United

8   Kingdom.

9

10         16.    The fourth image (Doc. No. 1 at 35) does not reference BBG

11  Communications or any other BBG related entity.  It does, however, reference "BT,"

12  which is the leading telecommunications company in the United Kingdom, indicating that

13  these statements are on a payphone located in the United Kingdom.

14

15         17.    The fifth image (Doc. No. 1 at 36) does not reference BBG Communications

16  or any other BBG related entity.  It does, however, reference "BT."  Further, the location

17  of the payphone is expressly identified – Terminal 3 at the London, Heathrow airport.

18

19         18.    As discussed further by my colleague Brian Rhys, the sixth image (Doc. No.

20  1 at 37), is picture of a payphone located in San Diego, California, not in Germany.

21

22         19.    The seventh image (Doc. No. 1 at 38) is of a wing panel advertisement (i.e.,

23  the side panel that is part of the payphone hardware enclosure where payphone operators

24  generally advertise their services) located in the United Kingdom.  I can identify the

25  location of this payphone because it references "BT" on the actual advertisement.

26

27         20.    The eighth image (Doc. No. 1 at 39) is a close up of the wing panel described

28  above in paragraph 12 located in the United Kingdom.

1    21.    The ninth image (Doc. No. 1 at 40) does not reference BBG
2    Communications or any BBG related entity.  It does, however, reference "BT."  Further,
3    the location of the payphone is expressly identified – the Gatwick airport in the United
4    Kingdom.

5

6    **Customer Service Calls Recorded by B-Tel**

7

8    22.    BBG Communications did not record the customer service calls made by
9    Mr. Sajfr and Mr. Keeports.

10

11    I declare under penalty of perjury under the laws of the United States of America
12    that the foregoing is true and correct.

13

14    Executed June 30th, 2011 at San Diego, California.

15

16

17    GREGORIO GALICOT

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT D

August 31st, 2010

<u>VIA CERTIFIED MAIL</u>
<u>RETURN RECEIPT REQUESTED</u>

Mr. Gregorio Galicot, President
BBG Communications Inc.
1658 Gailes Boulevard, Suite B
San Diego, CA 92154

Re:   <u>CLRA Claims Against BBG Communications Inc.</u>

Dear Mr. Galicot:

I am sending this letter on behalf of myself and all others similarly situated, for potential claims for damages, restitution and injunctive relief arising out of your company's improper practices, including deceptive, misleading and untrue advertising and unlawful, unfair and fraudulent business acts and practices, related to undisclosed charges imposed on consumers who use your company's telephone services for personal use in international airports and at major hotels. This correspondence also serves as a demand for payment of damages and restitution without the need to resort to formal action. The facts regarding this situation are as follows:

BBG Communications, Inc. provides telecommunications services in Latin America, North America, Europe, Japan, Israel, and the Caribbean basin. Its services include calling centers, digital lines, Internet and intranet, video/data/voice transmission, worldwide long distance, and zero plus calling services. BBG Communications, Inc. is based in San Diego, California.

Here is my experience with using BBG :

On June12, 2010 I was traveling from SFO to Prague, Czech Republic with transit in Frankfurt, Germany. Upon my arrival to FRA I needed to call my party in PRG to inform them on my arrival. Since there are many public phones in FRA terminals that was supposed to be easy. Price lists on phone digital displays inform about prices for calls, about 1.0 to 1.5 Euros per min to countries within EU.

I did not expect my call to be longer then 1 min (2min max) and deposited 2 one euro coins in phone. Coins were returned and I was prompted to use credit card "because not enough money was inserted". Since it was the change I only had, I used a credit card. Call went through without problem and lasted less than 1 min.

I was shocked when I got my credit card statement showing that I was charged $54.33 for 1 min call. I called my credit card company service department for explanation and trying to dispute that amount. Lady explained to me that since I have used services, they cannot dispute a charge, but she can make a conference call with vendor to settle. She put me on hold and after few minutes informed me, that customer rep. of BBG would not do a conference call and she connected me to talk to him. When I asked for his name, he said it was Victor. He asked for my credit card number and would not talk to me without providing that. Than he was trying to

Page 2

_____

explain to me all the restrictions for making my call from Germany to Czech Republic. On my complain, that none of their restrictions are posted anywhere on public phone he only said that laws allows them ..... and subsequently he offered $30.00 refund. I did not agree because I think $24.33 for 1 min phone call is still too much.

internet search revealed reports of hundreds of other travelers similarly scammed by your company under the exact same ruse.

BBG Communications either knew, reasonably should have known or was obligated and under a duty to be aware that it was not properly disclosing these charges, and in fact claims it will charge low rates without letting consumers know this is only for coin operated calls. It receives hundreds of calls each month from disgruntled consumers complaining of these overcharges, yet has done nothing to change their advertising campaign, advise consumers of these charges in any type of disclosure or offer appropriate compensation to those who complained to your company. In fact it appears you have instituted a policy to try and avoid any customer refunds, hoping apparently that consumers would eventually just go away based on my repeated attempts to obtain relief.

We have been damaged as a result of these practices, and I would not have used your company's services had the true facts been disclosed. Based on the number of complaints that are publicly available and that have been made to the Better Business Bureau, your company's misconduct has caused thousands of individuals to incur similar financial losses. These claims for damages to other affected consumers are in addition to any remedies that might be available from your company under other applicable laws.

BBG Communications' conduct violates numerous laws of this state (as well as potentially states nationwide), including a violation of the Consumers Legal Remedies Act, Cal. Civ. Code section 1750, *et seq.*, for all similarly situated consumers victimized by these practices. Specifically, these practices constitute violations of California Civil Code sections 1770(a), under, *inter alia*, the following subdivisions:

        (5)    Representing that services have sponsorship, approval, characteristics, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have;

        (7)    Representing that services are of a particular standard, quality, or grade, if they are of another;

Page 3

_____

(9)    Advertising goods or services with intent not to sell them as advertised;

(16)   Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

BBG Communications must undertake all of the following actions to resolve the issues raised by this letter, as well as to satisfy the requirements of California Civil Code section 1782(c), and any other applicable similar legal requirements:

1)    identify all affected consumers, which it can do based on the credit card records it maintains;

2)    advise all such persons of their right to a full, complete and timely refund of all payments, plus reimbursement of any associated expenditures (such as postage, time and telephone calls), interest on all such sums, which for us would total $180; and

3)    agree to cease from engaging in the practices detailed above.

I reserve the right, after thirty (30) days from the date of this letter, to request a court or jury to award damages as permitted by California Civil Code section 1782, unless a full and adequate response to this letter is offered by BBG Communications.  The relief sought may include $1,000 at a minimum under Civil Code section 1782, as well as exemplary damages, plus any other relief as may be appropriate. It must be made clear that an individual offer will not avoid potential suit or liability of you to all other affected consumers, even if accepted individually.  Thus, to avoid formal action, it is in the interest of all concerned that you address this problem immediately as set forth above.

This notice also serves as a demand to cure any claims for breach of any express or implied warranty created by your uniform advertisements, offers, warranties and agreements, for the reasons detailed above, on behalf of all others similarly situated. The above-requested relief is equally applicable to such claims, to the extent required by California and federal law or the laws of other states.

Sincerely,

Vlastimil Sajfr
255 South Rengstorff Ave # 92
Mountain view, CA 94040

7