FRED R. PUGLISI, Cal. Bar No. 121822
NORMA V. GARCIA, Cal. Bar No. 223512
VALERIE E. ALTER, Cal. Bar No. 239905
ELIZABETH S. BERMAN, Cal. Bar No. 252377
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
1901 Avenue of the Stars, Suite 1600
Los Angeles, California  90067-6017
Telephone:  310-228-3700
Facsimile:   310-228-3701
fpuglisi@sheppardmullin.com
ngarciaguillen@sheppardmullin.com
valter@sheppardmullin.com
eberman@sheppardmullin.com

Attorneys for Defendant,
BBG Communications, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLASTIMIL SAJFR AND DAVID KEEPORTS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BBG COMMUNICATIONS, INC., a Delaware Corporation, and DOES 1–10, inclusive,<br><br>Defendant. | Case No. 3:10-CV-02341-AJB (NLS)<br><br>The Honorable Anthony J. Battaglia. f<br><br>**DEFENDANT BBG COMMUNICATIONS, INC.'S:**<br><br>**(1) REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT;**<br><br>**(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND**<br><br>**(3) EXHIBITS.**<br><br>*[Filed concurrently herewith BBG Communications, Inc.'s Motion for Summary Judgment, Separate Statement of Undisputed Facts, Declarations of Ferdinand Von Klock, Gregorio Galicot, Susan Freeman, Vania Monge, Irene Fedier, Brian Rhys, Gaurav Malhotra, Urs Manetsch and Anton Mueller, Prof. Dr. Bernd Holznagel,LLM, and Isaac Guakil-Chaiyo]* |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Date: December 16, 2011
Time: 1:30 p.m.
Courtroom: 12

Complaint filed: November 12, 2010
Trial Date: None Set

-1-

# REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rules of Evidence, Rule 201, Defendant BBG Communications, Inc. ("BBG Communications") respectfully requests the Court to take judicial notice of (i) the legislative history of Penal Code section 632, Assembly Bill No. 860 (1967 Reg. Sess.), as researched and prepared by Legislative Research, Incorporated, and attached hereto as **Exhibit E**, (ii) Article 16, Paragraph 12 of the Mexican Constitution and the certified translation of same, and of the holding by the Mexican Tribunal in *Amparo* 3191/97 and *Amparo 481/2008*, and the certified translations of same, attached hereto as **Exhibit F**, and (iii) the declaration of Prof. Bernd Holznagel, and his curriculum vitae, stating and translating the relevant portions of the German Telecommunications Act and other relevant authority, attached hereto as **Exhibit "G."**  More specifically, BBG Communications requests the Court take judicial notices of pages 15-19, 192-193, 200-202, 310-312 and 321-322 of **Exhibit E** as having a direct bearing on the Legislature's intent with regard to the issues addressed in BBG Communications' concurrently filed Motion to Dismiss Plaintiffs' Complaint.

This Request is based on the accompanying Memorandum of Points and Authorities, which demonstrate good cause for granting this Request.

Dated:  June 30, 2011

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   //S//FRED PUGLISI
       FRED PUGLISI

Attorneys for Defendant,
BBG Communications, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## JUDICIAL NOTICE OF THE LEGISLATIVE HISTORY OF PENAL CODE SECTION 632, ASSEMBLY BILL NO. 860 (1967 REG. SESS.), IS APPROPRIATE

Pursuant to Federal Rules of Evidence, Rule 201, Defendant BBG Communications, Inc. ("BBG Communications") respectfully requests the Court to take judicial notice of the legislative history of Penal Code section 632, Assembly Bill No. 860 (1967 Reg. Sess.).  Rule 201(a) provides that a "judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Certainly the legislative record enacting California's Penal Code section 63 is "capable of accurate and ready determination" and its "accuracy cannot reasonably be questioned."

Indeed, the California Supreme Court has held that legislative history materials are judicially noticeable pursuant to section 452 of the California Evidence Code, which allows judicial notice of "[o]fficial acts of the legislative, executive, and judicial departments of the United States and of any state of the United States." *See Mangini v. R.J. Reynolds Tobacco Co.*, 7 Cal.4th 1057, 1064 (1994); *see also Post v. Prati*, 90 Cal. App. 3d 626, 634 (1979) (approving judicial notice of various legislative materials consisting primarily of two major legislative committee reports, the final legislative history of an act, excerpts from testimony given at public legislative hearings, and some correspondence directed to the governor's office recommending his signature on the act from the legislative analyst, a state agency, and an individual legislator).

The law requires that the documents to be noticed must properly belong to a statute's legislative history. *See, e.g., Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.,* 133 Cal. App. 4th 26, 31 (2005) (judicial notice of legislative history extends only to documents that constitute "properly cognizable legislative history").

The legislative history for Penal Code section 632, Assembly Bill No. 860 (1967 Reg. Sess.), in Exhibit E contains the enactment history, documents generated during Senate deliberations, documents generated during Assembly deliberations, Senate "concurrence" documents, and relevant correspondence. All of these documents are cognizable parts of the legislative history of Penal Code section 632, Assembly Bill No. 860 (1967 Reg. Sess.).

Documents belonging to a statute's legislative history must also be relevant to an issue in the proceeding. *Mangini v. R.J. Reynolds Tobacco Co.*, 7 Cal.4th 1057, 1063 (1994). The legislative history presented here is relevant to BBG Communications' Motion to Dismiss, because it shows that the common practice in both government agencies and businesses of observing and/or recording calls between employees and consumers – known as "service–observing" – was intended to be excluded, and was excluded, from Penal Code section 632. For that reason, the California Legislature amended Assembly Bill No. 860 on June 5, 1967 to insure that the "use of devices for overhearing employees' business conversations may continue unimpeded." (*See* Ex. E at p. 192, ¶ 1(a); *see also* pp. 15-19, 192-193, 200-202, 310-312 and 321-322.) Those amendments are still part of Penal Code section 632 to this day.

## II.
## JUDICIAL NOTICE OF THE RELEVANT FOREIGN AUTHORITY, MEXICAN AND GERMAN LAW, IS APPROPRIATE

As stated above, Rule 201(a) of the Federal Rules of Evidence's provides that a "judicially noticed fact must be one not subject to reasonable dispute

-3-

in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Both the veracity of the German Telecommunications Act and related authority, and the Mexican Constitution and the tribunals' decision in same, can also be easily ascertained and "cannot be reasonably questioned."

The California Court of Appeal, for instance, has taken judicial notice of foreign proceedings.  In *TSMC North America v. Semiconductor Mfg. Inter. Corp.* (2008) 161 Cal.App.4th 581 (2008), TMSC sought an antisuit injunction prohibiting defendant from litigating claims it brought against the plaintiff in the People's Republic of China ("PRC").  *Id.* at 585.  The trial court denied the motion and the Court of Appeal affirmed.  *Id.*  As part of its analysis, the Court of Appeal considered various factors including whether an antisuit injunction was necessary to protect the jurisdiction of a concurrent California state court action.  *Id.* at 595-96. In discussing the impact of any action taken by the court in the PRC action, the Court of Appeal noted that it had taken judicial notice of a ruling by the court in the PRC action as well as the parties' related filings, pursuant to California's Evidence Code section 452(h) (providing that "[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy.").  *Id.* at 597 n.7 (citing *In re Marriage of Taschen* (2005) 134 Cal.App.4th 681, 688 n.3).

Here, BBG Communications submits (i) the certified translations of the Mexican Constitution and the tribunals' holding in *Amparo 3191/97* and *Amparo 481/2008* regarding the laws governing the recording of telephone calls without consent in Mexico(Ex. "F.") and (ii) the declaration of Prof. Bernd Holznagel, and his resume, stating and translating the relevant portions of the German

1  Telecommunications Act and other relevant authority as it relates to the calls made
2  from public payphones in Frankfurt, Germany (Ex. "G").  Like in *TSMC North*
3  *America* the authority sought to be noticed by BBG Communications is indisputable
4  as it is the published law of the respective jurisdictions.

## III.
## CONCLUSION

For these reasons, BBG Communications respectfully requests the Court take judicial notice of (i) the legislative history of Penal Code section 632, Assembly Bill No. 860 (1967 Reg. Sess.), attached as **Exhibit E**, and more specifically 15-19, 192-193, 200-202, 310-312 and 321-322, (ii) Article 16, Paragraph 12 of the Mexican Constitution and the certified translation of same, and of the holding by the Mexican Tribunal in *Amparo* 3191/97 and *Amparo 481/2008*, and the certified translations of same, attached hereto as **Exhibit F**, (iii) the declaration of Prof. Bernd Holznagel, and his curriculum vitae, stating and translating the relevant portions of the German Telecommunications Act and other relevant authority, attached hereto as **Exhibit "G."**

Dated:  June 30, 2011

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     //S//FRED PUGLISI
           FRED PUGLISI

Attorneys for Defendant,
BBG Communications, Inc.