Alan M. Mansfield (SBN 125998)
alan@clgca.com
THE CONSUMER LAW GROUP
10200 Willow Creek Rd., Suite 160
San Diego, CA 92131
Tel: (619) 308-5034
Fax: (888) 341-5048

WHATLEY DRAKE & KALLAS LLC
Joe R. Whatley, Jr.
Patrick J. Sheehan (Admitted *Pro Hac Vice*)
psheehan@wdklaw.com
380 Madison Avenue, 23rd Floor
New York, NY  10017
Tel: (212) 447-7070
Fax: (212) 447-7077

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLASTIMIL SAJFR and DAVID KEEPORTS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BBG COMMUNICATIONS, INC., and DOES 1-10 INCLUSIVE,<br><br>Defendants. | CASE NO.: 10-cv- 2341-AJB (NLS)<br><br>CLASS ACTION<br><br>**PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Hearing Date:    November 18, 2011<br>[ORAL ARGUMENT REQUESTED]<br>Time:            1:30 p.m.<br>Courtroom:       12<br><br>Judge:           Hon. Anthony J. Battaglia<br>Complaint Filed: November 12, 2010 |

Plaintiffs Vlastimil Sajfr and David Keeports ("Plaintiffs") submit this Reply Memorandum in response to the arguments asserted by the present and proposed Defendants BBG Communications Inc. and BBG Global AG in opposition to Plaintiffs' request, under Federal Rule of Civil Procedure 15, for leave to file a First Amended Complaint (the "First Amended Complaint" or the "FAC").  Seeking leave to file a FAC to add as a DOE defendant a company that BBG Communications Inc. asserts elsewhere is an affiliate and is a responsible party is consistent with the goals underlying Rule 15, which is to focus the parties on substance over form by granting leave "when justice so requires".

In Defendant BBG Communications, Inc.'s Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Leave to Amend (the "Opposition"), BBG does not dispute that under Ninth Circuit law, there are "four factors relevant to whether a motion for leave to amend pleadings should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981).  The Ninth Circuit also has determined that those four factors are not of equal weight.  *Id.* (citing *Howey v. United States*, 481 F.2d 1187 (9th Cir. 1973)).  But contrary to BBG Communications Inc.'s claim, "prejudice to the opposing party is the most important factor." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

Of these four factors, BBG Communications Inc. only challenges one -- futility of amendment, even though they recently lost that very issue before this Court -- and do not raise or argue any claim of prejudice, the most important "touchstone" factor of the entire inquiry since leave to amend is to be granted with "extreme liberality." *Eminence Capital LLC v. Aspeon Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  The party opposing the motion bears the burden of showing prejudice.  *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  However, since BBG Communications Inc. is the one arguing in its motion for summary adjudication that the only correct defendant is BBG Global AG (which plaintiffs dispute), there is no prejudice to BBG Communications Inc. if BBG Global AG is named as a defendant.  If BBG Global AG believes in good faith, it can raise the propriety of being added as a defendant in its response to the FAC -- not in denying leave to amend the FAC in the first place.

1   However, based on the allegations of the FAC, it cannot be the situation where BBG
2   Communications, Inc. is not the responsible party and BBG Global AG cannot be sued in the
3   United States, such that California consumers and residents throughout the United States
4   cannot obtain relief in this forum against a company owned and controlled by a family based in
5   La Jolla.  Those same companies have agreed that in the unlikely event BBG Communications
6   Inc. sues BBG Global AG, such a suit must be brought only in California and governed by
7   California law.  Declaration of Irene Fedier, Ex. B at 6.  The relevant circumstances show that
8   justice requires granting this motion so that consumers can at least attempt to obtain the same
9   relief here as the Galicot family can against themselves as the owners of both companies.

10         Contrary to the suggestion in the Opposition, it is not Plaintiffs' burden to present a
11  detailed factual submission establishing why BBG Global AG is a proper party.  Once a party
12  seeking leave to file an amended complaint states the grounds for the amendment and shows
13  the Court why "justice so requires" leave to amend, the burden shifts to the opposing party to
14  show why justice requires denial of leave to amend, assuming the allegations to be added can
15  later to established as true.  "Absent prejudice, or a strong showing of any of the remaining
16  factors, there exists a presumption in favor of granting leave to amend." *Eminence Capital*
17  *LLC,* 316 F.3d at 1052. While they submit a series of previously-filed Declarations that include
18  a series of disputed facts on the question of BBG Global's connection to the California and the
19  United States, BBG Communications Inc. fails to show why those Declarations establish,
20  without any opportunity to obtain contrary information, that justice requires denial of the
21  request for leave to amend.

22         While it focuses on its pending motion for summary adjudication as a basis for denial, it
23  is not Plaintiffs who have acted hastily.  Before discovery could even commence, BBG
24  Communications Inc. filed its premature motion for summary adjudication, claiming BBG
25  Global AG, not it, is responsible for this conduct -- of course then arguing BBG Global AG
26  cannot be sued here, such that the Galicot family that owns both companies gets off scott-free.
27  It has since refused to provide any information on BBG Global AG in discovery, even though
28  Gregorio Galicot -- the claimed primary officer and director of BBG Global AG and an officer

of BBG Communications Inc. -- has submitted three declarations to the Court outlining the supposed operations of the company, as provided to the Court with the Opposition. In addition, even though Mr. Galicot lives in La Jolla, BBG Communications Inc.'s counsel now claims the only person who can provide relevant information about BBG Global AG is in Switzerland, and Plaintiffs need to go there to get it. *Moreover, neither company has produced as single document in discovery as of the date of this Reply*. This type of discovery shell game can be avoided, or at least minimized, with BBG Global AG as a defendant to directly address these issues. *See* Reply Declaration of Alan M. Mansfield, at ¶2. Neither BBG entity will be prejudiced by granting this motion, because having to defend this case on its merits based on the current state of the law is not in any sense prejudicial.[1]

Granting this motion would also not unduly delay this litigation, since while discovery has been permitted it is at its nascent stages, and relates to the very issue sought to be addressed by the amendment (*i.e.,* the identities of the proper defendants). This amendment does not greatly alter the scope of this litigation on a theory never before announced, nor require that defendants revisit or reopen discovery. Nor was the filing of this motion done in bad faith, for a dilatory purpose or after undue delay. Thus, because BBG Communications Inc. does not rebut Plaintiffs' showing that this Motion satisfies the requirements of Rule 15(a), nor does

---

[1] Contrary to the assertion in the Opposition that relies primarily on decisions from other circuits, if a motion for summary judgment is pending (particularly one that is premature), that does not change the Rule 15 standard or heighten the requirement for granting leave to amend in the Ninth Circuit. For example, in *Schlacter-Jones v. General Telephone*, 936 F.2d at 443, the Court did not cite a different standard than cited herein. It only found, weighing the four relevant factors, that tardiness of the proposed amendment as the result of undue delay, the timing of the motion near trial, the fact all discovery had been completed, and the fact the proposed amendment, taken as true, did not state a viable claim on preemption grounds, *combined* with the pending motion, was properly weighed in the balance in denying leave. In fact, at 443, n. 6 the Court distinguished a case from the Fifth Circuit where leave to amend was granted despite the pendency of a summary judgment motion and in "the waning moments of pre-trial proceedings". Even *Cowen,* 70 F.3d at 944, upon which BBG Communications Inc. relies so heavily, does not adopt such a rule, relying on First Circuit opinions not Ninth Circuit opinions, and critically recognizing that plaintiffs "moved to amend after discovery *had been completed*" in a case "in which damages are sought for technical violations." The rule BBG Communications Inc. wants the Court to adopt encourages premature summary judgment motions before discovery has even substantively started. That is not, nor ever has been, the law here in terms of creating a higher standard or burden under Rule 15.

BBG Communications Inc. show prejudice or why justice requires denial of this motion, Plaintiffs should be given leave to file the FAC.

      **A.**     **The Proposed Amendment Is Not Futile Because This Court Has Recently Recognized That BBG Global AG is a Proper Party In The Complaint.**

BBG Communications Inc.'s only substantive argument is that any proposed amendment would be "futile" because this Court could not exercise jurisdiction over BBG Global AG under any set of facts, even though BBG Communications Inc. has consistently argued it is not the responsible party and the claims asserted by plaintiffs should be asserted, at most, against BBG Global AG only.  The proposed amendment is not futile since there is a good faith basis to allege BBG Global AG is inextricably intertwined with BBG Communications Inc.  Now is not the time to decide, without the benefit of *any* jurisdictional discovery, if BBG Global AG can be sued here, particularly when this Court ruled just two weeks ago in *Wood v. BBG Communications, Inc.*, Case No. 11-cv-0227 AJB(NLS), that it could.

A claim can only be considered "futile" and leave to amend not given only if there is no set of facts that can be proved under the amendment that would constitute a valid claim.  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  Under *Miller,* any proposed amendments are not futile where, as this Court has already found, questions of fact need to be resolved in determining whether an actionable claim existed, since whether an amended pleading is futile is determined by the same standard that governs a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), not a summary judgment or higher standard.  *Id*.

The facts alleged in the FAC show why amendment is not futile, and are not properly challenged by untested, self-serving Declarations by people largely outside the United States or whom BBG Communications Inc. refuses to put up for deposition. Paragraphs 49 to 65 of the First Amended Complaint allege in detail how BBG Global AG is connected to the United States and California, in contravention of the claims asserted in the Opposition to this motion or even in the Court's ruling in *Wood*.  Such allegations are based on more than simply the residence of the officers and the contract between BBG Global AG and BBG Communications

Inc., which are both owned by the same family members or family trusts. *See* September 23, 2011 Transcript of Proceedings, Ex. A to BBG's Request for Judicial Notice, at 5:1-10; Reply Mansfield Decl., ¶3, Ex. 1 and 2. This Court held claims against BBG Global AG could properly be asserted here: "I don't think that absent the alter ego theory the residence or the contracts *standing alone* are sufficient to create general jurisdiction." *Id.* at 8:4-6 (emphasis added); "Now that we have talked about the Declaration as it amplifies the TSRA and what not, I think you have sufficiently plead alter ego, at least for purposes of a motion to dismiss for personal jurisdiction." *Id.* at 23:7-11. Thus, as this Court recently recognized, such allegations, if proven, would provide a set of facts that would constitute a basis to assert claims against BBG Global AG. Under *Miller*, that is the appropriate standard to apply to this motion.

In any event, there is more than just those two connections that are alleged in the FAC and are factually disputed. Just by way of example, in its Opposition, in an attempt to factually contradict the allegations in the FAC, BBG Communications Inc. submits the Supplemental Declaration of Gregorio Galicot dated September 15, 2011, filed in the *Wood* action after this motion was filed, to assert in paragraph 19 that BBG Global AG has not had any employees, officers or directors in California, and that Christina Rodriguez-Rios, its legal counsel, was never "employed" as general counsel for BBG Global AG. But Ms. Rios states the opposite on her website. *See* www.rodriguezpc.com/businesslawattorneyprofiles.html (last accessed on October 18, 2011), Reply Mansfield Decl., ¶4, Ex. 3 ("Prior to founding Rodriguez & Rodriguez Law Firm P.C., Ms. Rodriguez Rios was General Counsel of the BBG Group of Companies, including BBG Communications, Inc. in San Diego and BBG Global AG, in Switzerland and their subsidiaries and affiliates. Ms. Rodriguez Rios worked closely with the CEO of the company and senior management in all aspects of business decisions, legal risk assessment, management of the international independent contractor sales force, personnel and immigration issues, real estate, and negotiation, approval and drafting of all corporate contracts on a global basis as well as those of the subsidiaries and affiliates in the corporate group with a focus on the telecommunications industry").

1 | BBG Communications Inc. also has claimed BBG Global AG is not licensed to do business here, but yet it was licensed to do so by the Federal Communications Commission (the "FCC") and claimed it had no affiliations with foreign carriers. *See* Reply Mansfield Decl., ¶2, Ex. 1 (*licensing.fcc.gov/myibfs/download.do?attachment_key=-166510* (last accessed on October 19, 2011)). Mr. Galicot also has claimed he is not the president of BBG Global AG and Raphael Galicot is not an officer, even though in both the FCC and Swiss government filings BBG Global AG states the opposite. *See* Reply Mansfield Decl., ¶3 and ¶5, Exs. 1, 4 and 5. Such factual disputes are not properly resolved in the context of a motion for leave to file the FAC, particularly when Defendants has refused to produce to date a single document.

While BBG Communications Inc. cites a series of out-of-state cases on the question of futility, they ignore contrary authority from California, most recently *O'Shea v. Epson America, Inc.*, 2010 U.S. Dist. LEXIS 112051 (C.D. Cal., Order Dated Oct. 12, 2010). In *O'Shea*, the plaintiffs sought leave to file an amended complaint naming a foreign affiliated company as a defendant when subsequent information showed they may be partially responsible for the conduct in question. Just as here, BBG Communications Inc. asserted that adding the foreign defendant would be futile. The Court granted leave to file the amended complaint: "Defendants contend that the proposed TAC therefore fails to allege sufficient facts to support a claim against Seiko Epson. *Opp.* 2:6-7; *cf. Miller, 845 F.2d 214* (whether an amended pleading is futile is determined by the same standard that governs a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)). Thus, concluding that amendment would therefore be futile, Defendants argue that the Court should deny Plaintiffs leave to amend on this basis. *Opp.* 2:2-9; 5:5-15:6. The Court, however, disagrees." *Id.* at *7-10. *See also Spin Master LTD v. Your Store Online,* 2010 U.S. Dist. LEXIS 86965, *4 (C.D. Cal., Order Dated Aug. 2, 2010) ("The question of futility is better addressed on a motion to dismiss"). Because, as in *O'Shea*, BBG Communications Inc. cannot properly show that the set of facts alleged in the proposed FAC, if shown, would be unable to constitute a valid and sufficient claim against BBG Global AG, Plaintiffs' proposed amendment is not futile.

BBG Communications Inc.'s authorities on the futility issue do not compel a contrary result. In *JJCO Inc.*, 2009 U.S. Dist. LEXIS 105643, *10-11, *16, the Court did not permit the amendment but based primarily on the basis of prejudice and undue delay, which it found the most relevant factors, as the deadline to add parties had already passed and doing so would dramatically open discovery; it addressed futility under a "clearly erroneous" standard based on the failure to point out any contrary alter ego allegations to the Magistrate Judge. That is not the case here. In *Rizer*, 162 F.R.D. at 645, the plaintiffs had added only two paragraphs in the proposed complaint, with no allegations of interrelated operations, common management, centralized control and common ownership -- all of which is included in Paragraph 49-65 of the FAC. And in *Siskiyou,* 1999 U.S. Dist. LEXIS 17705*, *14* -- which was specifically designated as being *not* for publication -- the court ruled on the jurisdictional issue as part of a motion to dismiss, and only found the proposed amended complaint did not include *any* alleged facts relevant to a personal jurisdiction analysis, unlike the detailed allegations set forth in the FAC proposed in this case.

As this Court recognized during the *Wood* hearing at Ex. A, 22:10-17 and 26:3-11, these facts are so intertwined with the underlying merits that this is the type of issue that can only be fully developed in the course of discovery, rather than on a motion for leave to amend where the Declarations that make such claims are contradicted by the person about whom the claim is made or by official government records. As the Court said, "This is just not the right forum or the right time in the case to assert those on the pleadings basis." *Id*. at 30:14-16.[2]

Defendants may later decide, if they believe in good faith that they could bring such a motion in light of the Court's previous ruling, that the facts alleged by Plaintiffs in the FAC do

---

[2] Discovery has started in this action, and depositions are set to be taken in the next week or so that may provide further evidence on these issues -- although as noted above, BBG Communications Inc. has refused to provide any information about its affiliate BBG Global AG despite being in its possession or control by virtue of their common control, and has asserted plaintiffs need to go to Switzerland to find out information in the possession of Mr. Galicot, even though he resides in La Jolla, and has not produced any documents. Reply Mansfield Decl., at ¶2. Plaintiffs can submit BBG Communications Inc.'s discovery objections on request and provide an update to the Court on these proceedings at any hearing.

not state a valid claim against BBG Global AG, permitting, if found to be necessary, the appropriate jurisdictional discovery.  However, to avoid prejudice, Plaintiffs should be permitted to assert such claims in the first place so the Court can directly consider these issues based on a full record at the appropriate time.

**B.  This Motion is Proper, As BBG Communications Inc. Makes No Claim It Was Filed Either in "Bad Faith" or For a "Dilatory" Motive.**

As detailed above, BBG Communications Inc. does not claim, much less prove, that justice requires denial of this motion.  Furthermore, they cite no evidence of "bad faith" or "dilatory motive" by Plaintiffs in filing this motion.  *See DCD Programs, Ltd. v. Leighton*, 833 F.2d at 187 ("Since there is no evidence in the record which would indicate a wrongful motive, there is no cause to uphold the denial of leave to amend on the basis of bad faith").  It is hard to impute an improper or dilatory motive to Plaintiffs where the amendment that is sought seeks to conform the pleadings to address the position BBG Communications Inc. has taken in terms of who is the responsible party, particularly where this Court has recently held a claim can be properly asserted against BBG Global AG in this forum.  Indeed, after the Court issued its decision, Plaintiffs inquired if the parties could simply agree to such a filing, preserving BBG Global AG's inevitable jurisdictional motion for a later date.  Defendants refused, requiring the Court to rule upon this motion.  Opening Mansfield Decl., ¶3.  Even after this Court's ruling in Wood and BBG Global AG filing an Answer, they still have insisted on pushing forward with opposing this motion.

**C.  Plaintiffs Have Not Unreasonably Delayed in Filing This Motion.**

Third, BBG Communications Inc. fails to show there has been any delay -- let alone unreasonable, undue or prejudicial delay -- by Plaintiffs in filing this motion, as the motion was filed on the date the Court set for amending the pleadings to add additional defendants.  While "undue delay is a valid reason for denying leave to amend," *Contact Lumber Co. v. P.T. Moges Shipping Co. Ltd.*, 918 F.2d 1446, 1454 (9th Cir. 1990), as stated by the Ninth Circuit in *Webb, supra*, delay in and of itself is not sufficient alone to deny a motion to amend.  The proposed amendment does not propose to "greatly alter[] the nature of the litigation" nor will it

1  "require[] defendants to [undertake], at a late hour, an entirely new course of defense".
2  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  Contrary to
3  BBG Communications Inc.'s suggestion, this motion was not made to avoid a summary
4  judgment motion -- it was filed by the deadline set by the Court to add parties.  While Plaintiffs
5  disagree that one defendant should be substituted for the other, but instead believes both can be
6  named as the defendants in this action under a variety of theories based on the substantial
7  intertwined relationships between them, that is not a basis to deny this motion.  Leave is sought
8  before discovery is substantially underway and before any pre-trial or trial deadlines.  Indeed,
9  granting leave to amend could avoid collateral motion practice over the issue that, even though
10 BBG Communications Inc. states in its privacy policy (*see* www.bbgusa.com/bbg/privacy
11 policy1.php, last accessed Oct. 19, 2011), it only shares certain information with its "affiliates"
12 (which is defined under California law as a company that is controlled by or under common
13 control with the other company (*see* Cal. Corp. Code §150) and thus should include BBG
14 Global AG, see FAC, at ¶51), it refuses to respond to discovery that asks for information from
15 both companies.  Reply Mansfield Decl., ¶2.

16       BBG Communications Inc. also does not argue it was harmed or affected in any way by
17 Plaintiffs having filed this motion prior to the deadline set by the Court to add new parties,
18 prior to the filing of the motion for class certification or resolution of any motions for summary
19 adjudication.  *IXYS Corp. v. Advanced Power Tech.*, 2004 U.S. Dist. LEXIS 804, *11-12 (N.D.
20 Cal., Jan 22, 2004) (no undue delay in allowing amended pleading, because even if parties
21 were aware of the relevant facts for several months, "it is difficult to imagine what deterrent
22 purpose one could possibly serve by penalizing a party for undue delay in filing an amendment
23 when that amendment neither alters the pre-existing trial schedule nor causes significant
24 prejudice to the opposing party").

25       This motion has no impact on deadlines to complete pre-trial discovery and trial, and
26 BBG Communications Inc. does not argue as such.  Those facts make this situation materially
27 different from other Ninth Circuit cases such as *Schlacter-Jones* on the issue of undue or
28 unreasonable delay, where leave to amend was denied because it was requested years later,

near the end of discovery or near trial. *See, e.g., Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming denial of motion to amend filed five days before close of discovery where additional causes of action would have required additional discovery, prejudicing defendant and delaying proceedings); *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming denial of motion on grounds of undue delay and prejudice, where motion made on the "eve of the discovery deadline" and would have required re-opening discovery, thus delaying proceedings).  Weighing all the relevant factors requires giving leave to file the FAC.

### D.    Conclusion

Plaintiffs' motion for leave to file the FAC should be granted, and the FAC deemed filed as of the date of the Order so that service can be promptly effectuated.

Dated:  October 21, 2011                         CONSUMER LAW GROUP OF CALIFORNIA

By:    /s/Alan M. Mansfield
Alan M. Mansfield
alan@clgca.com
10200 Willow Creek Road, Suite 160
San Diego, CA 92131
Tel: (619) 308-5034
Fax: (888) 341-5048

WHATLEY DRAKE & KALLAS LLC
Joe R. Whatley, Jr.
jwhatley@wdklaw.com
Patrick J. Sheehan (Admitted *Pro Hac Vice*)
psheehan@wdklaw.com
380 Madison Avenue, 23rd Floor
New York, NY  10017
Tel: (212) 447-7070
Fax: (212) 447-7077

Attorneys for Plaintiffs