THE CONSUMER LAW GROUP
Alan M. Mansfield (SBN 125998)
alan@clgca.com
10200 Willow Creek Rd., Suite 160
San Diego, CA 92131
Tel: (619) 308-5034
Fax: (888) 341-5048

WHATLEY DRAKE & KALLAS LLC
Joe R. Whatley, Jr., Esq.
Patrick J. Sheehan, Esq.
380 Madison Avenue, 23rd Floor
New York, NY  10017
Tel: (212) 447-7070
Fax: (212) 447-7077

Attorneys for Plaintiffs
[*Additional Counsel Listed on Signature Page*]

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VLASTIMIL SAJFR and DAVID KEEPORTS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BBG COMMUNICATIONS, INC., and DOES 1-10 INCLUSIVE,<br><br>Defendants. | Case No.: 10-cv-2341-AJB (NLSx)<br><br>CLASS ACTION<br><br>JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE – REQUEST FOR PRODUCTION OF DOCUMENTS (SET THREE)<br><br>Hearing Date: N/A<br>Time:         N/A<br>Courtroom:    G<br>Judge:        Hon. Nita L. Stormes<br><br>Complaint Filed: November 12, 2010 |

**The following Request for Production of Documents (Set Three) was propounded by Plaintiff Vlastimil Sajfr to Defendant BBG Communications, Inc. on August 18, 2011:**

REQUEST FOR PRODUCTION NO. 5:

For each of YOUR responses that is not an unqualified admission to any of the requests contained in Plaintiffs' Third Set of Requests for Admissions, produce all DOCUMENTS that provide any factual support for such a denial.

/ / /

REQUEST FOR PRODUCTION NO. 6:

For each of YOUR responses that is not an unqualified admission to any of the requests contained in Plaintiffs' Third Set of Requests for Admissions, produce all DOCUMENTS that identify any persons with knowledge of any facts that support such a denial.

**Defendant's responses to the third set of Request for Production of Documents are as follows:**

OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Defendant objects to Plaintiff's definition of "'BBG COMMUNICATIONS,' 'BBG,' 'YOU' and 'YOUR'" on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and unintelligible. When these definitions are read in the context of Plaintiff's Requests, Defendant is unable to determine which business entity Plaintiff refers to, and to the extent these definitions refer to a business entity other than Defendant (*i.e.*, other than BBG Communications, Inc.), Defendant is unable to respond because the Request seeks information not in Defendant's possession, custody, or control. Defendant also objects to Plaintiff's definitions of "'BBG COMMUNICATIONS, INC.' 'BBG,' 'YOU' and 'YOUR'" on the grounds that it assumes facts that are not true, namely that Defendant has control over or is the same legal entity as B-Tel Communications, G-Tel Communications, and/or BBG Global AG.

2. Defendant objects to Plaintiff's definition of "PLAINTIFF" on the grounds that the definition incorporates within it "all members of the putative class" that Plaintiff purports to represent in this action. The scope of the putative class and who may or may not fall within it are yet to be determined. As a result, the definition is vague and ambiguous.

3. Defendant objects to Plaintiff's definition of "'PUTATIVE CLASS' and 'CLASS'" on the grounds that the scope of the putative class and who may or may not fall within it are yet to be determined. As a result, the definition is vague and ambiguous.

4. Defendant objects to Plaintiff's definition of "COMMUNICATION" on the grounds that it is vague and ambiguous.

///

RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Defendant incorporates herein the General Objections, Objections to Definitions and Instructions Objections to Instructions, and Objections to Format of Production Requests as set forth above. Defendant further incorporates herein by this reference, each and every objection and response set forth in Defendant's Responses to Plaintiff's First Set of Requests for Admission as if such objections and responses were set forth verbatim. Defendant also objects to this Request on the grounds that it is: (a) it is vague, ambiguous, and unintelligible in that the language contained in this Request and the corresponding Requests for Admission are susceptible to multiple meanings and interpretations, and as such no meaningful response thereto can be made; (b) it is overbroad, unduly burdensome, oppressive, and harassing; (c) it is vague as to time; (d) it is irrelevant to the issues raised by the pleadings and not reasonably calculated to lead to the discovery of admissible evidence; (e) it seeks production of documentation not in Defendant's possession, custody, or control; (f) it seeks production of documents equally available to Plaintiff; (g) it seeks the impossible by requesting the production of documents to prove a negative; (h) it seeks the disclosure of information and documentation that would violate the privacy rights of individuals and/or third parties; (i) it seeks the disclosure of information and documentation containing confidential business or commercial information and documents, trade secrets, and/or proprietary information and documents, including financial information and documents of Defendant and/or third parties; and (j) it seeks the disclosure of information and documentation protected by the attorney client and/or work product privileges.

Based on the foregoing objections, Defendant responds that no documents will be produced in response to this Request.

RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Defendant incorporates herein the General Objections, Objections to Definitions and Instructions Objections to Instructions, and Objections to Format of Production Requests as set forth above. Defendant further incorporates herein by this reference, each and every objection and response set forth in Defendant's Responses to Plaintiff's First Set of Requests for Admission as if such objections and responses were set forth verbatim. Defendant also objects to this

Request on the grounds that it is: (a) it is vague, ambiguous, and unintelligible in that the language contained in this Request and the corresponding Requests for Admission are susceptible to multiple meanings and interpretations, and as such no meaningful response thereto can be made; (b) it is overbroad, unduly burdensome, oppressive, and harassing; (c) it is vague as to time; (d) it is irrelevant to the issues raised by the pleadings and not reasonably calculated to lead to the discovery of admissible evidence; (e) it seeks production of documentation not in Defendant's possession, custody, or control; (f) it seeks production of documents equally available to Plaintiff; (g) it seeks the impossible by requesting the production of documents to prove a negative; (h) it seeks the disclosure of information and documentation that would violate the privacy rights of individuals and/or third parties; (i) it seeks the disclosure of information and documentation containing confidential business or commercial information and documents, trade secrets, and/or proprietary information and documents, including financial information and documents of Defendant and/or third parties; and (j) it seeks the disclosure of information and documentation protected by the attorney client and/or work product privileges.

Based on the foregoing objections, Defendant responds that no documents will be produced in response to this Request.

**Plaintiffs' statement why a further response should be compelled:**

In connection with each of the seven sets of Requests for Admissions, Plaintiffs served a set of Document Requests that asked BBG to produce information responsive to two categories: (1) all documents that provide the factual support for such a denial, and (2) all documents that identify persons with knowledge of the facts that support such a denial. Defendant has refused so far to produce a single document despite entry of a protective order in this action, which moots several of its standard boilerplate objections. It does so on several additional grounds, none of which withstand scrutiny.

First, it claims that it does not understand the Requests for Admissions, even though it was able to respond at least in part to some of them and deny the substance of them. For the reasons set forth in those motions, it should provide responsive information. It also claims these

requests are "overbroad, unduly burdensome, oppressive and harassing" without stating why, other than saying they are not sufficiently particular. Yet the requests are specifically tailored when read in conjunction with the Requests for Admissions. While BBG's objection claims they are vague as to time, the time period provided in the Document requests is from November 1, 2006, which coincides with the class period in this action. In terms of relevance, as each of the Requests for Admission are relevant, the related document requests call for the production of relevant, admissible evidence. Moreover, in asking for responses, Plaintiffs are not asking Defendant to "prove a negative"; rather, if it is denying a request, presumably BBG has a factual basis for doing so and can identify documents that support its assertion. While it is generally not a proper basis to assert the information is equally available to plaintiff and thus does not need to be produced, virtually all of the requested information is only within Defendant's possession.

Conversely, for the same reasons set forth in the Joint Motions Re: Requests for Admissions, BBG cannot credibly assert the information requested in these document requests is not available to it, either because it is in its possession or is reasonably available to it. BBG is able to obtain responsive information that not only it, but also that its subsidiaries and affiliates also retain. In *In re ATM Fee Antitrust Litig.*, 233 F.R.D. 542, 544-45 (N.D. Cal. 2005), relying on Ninth Circuit authority, the Court compelled production of documents from subsidiaries "and affiliated companies" even if they were not named in the Complaint:

> The Ninth Circuit in both *International Petroleum* and in the *Citric Acid case* [191 F.3d 1090 (9th Cir. 1999)] reiterated the law as reflected in other rulings throughout the U.S. *See, e.g. Hubbard v. Rubbermaid, Inc.*, 78 F.R.D. 631 (D. Md. 1978) (stating that the nonparty status of wholly owned subsidiaries does not shield their documents from production, since the crucial factor is that the documents must be in the custody, or under the control of, a party to the case); *In re Investigation of World Arrangements, Etc.*, 13 F.R.D. 280 (D.D.C.1952) (holding that corporation has control over subsidiary and must produce subpoenaed documents); *see also Advance Labor Service, Inc. v. Hartford Acc. & Indem. Co.* 60 F.R.D. 632 (N.D. Ill. 1973) (corporation required to produce books and records of sister corporation with same directors and shareholders), *cited in International Union of Petroleum and Indus. Workers*, 870 F.2d at 1452. "Rule 33 requires that a corporation furnish such information as is available from the corporation itself or from sources under its control." *Brunswick Corp. v. Suzuki Motor Co., Ltd.*, 96 F.R.D. 684, 686 (D.C.Wis. 1983) (internal citations omitted).
>
> Finally, this Court finds that BAC fails to support its claim of burden, making only a blanket objection without specifics sufficient to justify denying discovery. The objecting party has the burden to substantiate its objections. *Peat,*

*Marwick, Mitchell & Co. v. West*, 748 F.2d 540 (10th Cir. 1984), cert. dismissed, 469 U.S. 1199, 105 S. Ct. 983, 83 L. Ed. 2d 984 (1985). The litany of overly burdensome, oppressive, and irrelevant does not alone constitute a successful objection to a discovery request. *Employers Commer. Union Ins. Co. of Am. v. Browning-Ferris Indus..*, 1993 U.S. Dist. LEXIS 21098, 1993 WL 210012 (D.Kan.1993); *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292 (E.D.Pa.1980).

As noted, the Ninth Circuit cited with approval authority that where sister corporations have the same directors and shareholders, the corporation needs to produce responsive information in that sister company's possession. The common test is control. An "affiliate" is defined under both state law and federal telecommunications law as a party under common ownership. California Corporations Code §150 provides "A corporation is an 'affiliate' of, or a corporation is 'affiliated' with, another specified corporation if it directly, or indirectly through one or more intermediaries, controls, is controlled by *or is under common control* with the other specified corporation." Similarly, 47 U.S.C. §153(1) defines an affiliate of a telecommunications company as "a person that (directly or indirectly) owns or controls, is owned or controlled by *or is under common ownership or control with*, another person. For purposes of this paragraph, the term own means to own an equity interest (or equivalent thereof) of more than 10 percent."

There is no dispute that the two Galicot family trusts for Gregorio and Rafael Galicot collectively own 95% of both BBG Global AG and BBG Communications, Inc. and that the companies share several of the same officers and directors, at least in terms of Gregorio Galicot. There should also be no dispute that in the BBG privacy policy referenced in the Joint Motion re Requests for Admissions, it states it only shares information with its "affiliates" -- by definition, companies which it controls or is in common control with as set forth above. Thus, BBG Communications cannot seriously dispute it is not subject to common control with BBG Global AG. If as BBG Communications has shown in its motion for summary judgment, it can easily and readily obtain the information it wants from BBG Global AG (if it is not in its possession already through Gregorio and Rafael Galicot), it can be required to undertake the same effort to respond to outstanding discovery. Thus, the Court should order all relevant documents be produced without further delay, no matter in whose possession they may be. At a minimum,

///

BBG must be ordered to produce the relevant information upon which it relies in denying the Requests for Admission.

**Defendant's statement as to the basis for all objections and/or claims of privilege:**

Plaintiff's motion to compel BBG Communications to further respond to the Requests for Production is meritless. As set forth below, not only should Plaintiff's motion be denied, but the Court should sanction Plaintiff for bringing the motion.

*First*, Plaintiff's Requests for Production are improper under established case law. Under the Federal Rules, Requests for Production must describe with sufficient particularity the documents sought. *See* Fed. R. Civ. P. 34. Here, Plaintiff's Requests seek all documents upon which BBG Communications relied in providing any response other than an "unqualified admission" to the corresponding Requests for Admission. As a matter of law, such a request is overbroad and burdensome because it fails to describe the documents sought with sufficient particularity. In *EEOC v. Creative Networks*, LLC, No. CV 05-3032, 2009 WL 4824846, at *1 (D. Ariz. December 9, 2009), the plaintiff propounded a document request nearly identical to Plaintiff's here. It sought "any and all documents relating to, or supporting, each denial or partial denial in Defendants' Answer." *Id.* The Court held that such a document request was "overly broad," and ruled that Defendants were not required to produce documents in response. *Id.* The Court reasoned that such a request did not comply with Rule 34 because it failed to "describe with reasonable particularity each time or category of items to be inspected." *Id.* The same applies here.

Similarly, in *Baker v. Perez,* No. 2:09-cv-2757, 2011 WL 2414504, at *2-3 (E.D. Cal. June 9, 2011), the plaintiff sought "all documents that 'support your denial in the answer for amended complaints paragraph #43.'" *Id.* The Court denied a motion to compel a further response, holding that the request "[did] not describe with sufficient particularity the documents sought." *Id.* These holdings are consistent with the general policy that requests for production seeking all documents relating to a general subject matter or to a parties claims or defenses are overly broad and unduly burdensome because they fail to describe with sufficient particularity the

documents sought. *See, e.g.*, *Lopez v. Chertoff,* No. CV 07-1566, 2009 WL 1575214, at *2 (E.D. Cal. June 2, 2009) ("Courts tend to find document requests seeking all documents related to a claim or defense as lacking particularity.").

Despite being provided with this authority during the meet and confer process, Plaintiff has not cited a single case to support his belief that his requests are proper. They are not. Plaintiff's requests are equally as vague, equally as overbroad and equally as burdensome as those specifically held improper and in violation of Rule 34, in the cases set forth above. Plaintiff could have, especially after being told that his requests were overbroad and improper, propounded additional requests seeking specific categories of information as required by Rule 34. Plaintiff did not. As a result, the law must be followed and Plaintiff's motion to compel must be denied.

***Second***, because Plaintiff's Requests for Production correspond to the Requests for Admission, BBG Communications cannot be compelled to respond to a Request for Production unless the underlying Request for Admission is proper. As set forth in Defendants portion of the Joint Discovery Motions Re: Requests for Admission, the Requests for Admission are improper for numerous reasons. For example, Plaintiff has failed to address any of the objections raised by BBG Communications in its responses. This Court cannot possibly determine whether BBG Communications should be forced to produce documents relating to a Request for Admission without first finding the Request itself is proper. Similarly, this Court cannot rule on the objections to the documents requests without understanding the nature of the Request for Admission. It is only by looking at the nature of the Request for Admission that this Court could determine whether the production is requested is vague, overbroad, burdensome, oppressive, irrelevant, and so forth. Plaintiff seeks to ignore all of these objections to both its Requests for Admission and its Requests for Production, as well as BBG Communications' responses. This simply is not proper. BBG Communications is entitled to due process which means its objections must be addressed and ruled upon for each Request for Admission and each Request for Production as related thereto.

Moreover, it would be a miscarriage of justice to hold that BBG Communications must produce documents in response to Requests for Admission that were propounded by Plaintiff in

direct violation of this Court's rules. Local Rule 36.1, specifically limits Plaintiff to no more than twenty-five Requests for Admission without seeking leave of court. Plaintiff served 163 Requests for Admission without seeking leave to do so. BBG Communications should not be compelled to provide a further response to Requests for Production relating to Requests for Admission that should not exist.

***Third***, as with the Requests for Admission, Plaintiff argues that BBG Communications must respond to the Requests for Production with documents in the possession, custody, and control of **BBG Global.** Plaintiff is wrong. Under the Federal Rules, a party is required to produce only those documents within its "possession, custody, or control." *See* Fed. R. Civ. P. 34. To that end, "[c]ontrol is defined as the legal right to obtain documents upon demand;" and "[c]ontrol must be firmly placed in reality, not in an esoteric concept such as 'inherent relationship.' We do not look to whether the [party] theoretically controlled the [non-party]; rather, we inquire whether *actual* control existed." *United States v. International Union of Petroleum & Industrial Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989) (internal citations omitted). As a result, "[d]ocuments in the possession of a non-party are not automatically subject to discovery under Rule 34 simply because the nonparty has a corporate relationship to a party to the litigation." *Steele Software Systems v. Dataquick Information*, 237 F.R.D. 561, 565 (D.Md. 2006). With related corporate entities, a corporation will generally not be required to produce documents in the possession of a related entity unless the corporations are alter-egos of one another. *See, e.g.*, *Shell Global Solutions (US) Inc. v. RMS Engineering, Inc.*, 2011 WL 3418396, at *2 (S.D. Tex. Aug. 3, 2011); *United States v. International Union of Petroleum & Industrial Workers, AFL-CIO*, 870 F.2d at 1452.

Here, Plaintiff has made absolutely no showing that BBG Communications has ***actual control*** over BBG Global, or any other third party, and thus must respond to the Requests for Production with documents within the possession of BBG Global. All Plaintiff has done is make conclusory allegations that BBG Communications has such control. It is not enough that the

///

///

distinct entities have common ownership or share one director.[1] Nor is it enough that BBG Communications used the word affiliate in a general, non-legal document. To the contrary, BBG Communications and BBG Global are separate entities, maintain corporate formalities, and do not control one another. (*See* Motion for Summary Judgment, ECF Dkt. No 45, and evidence cited therein [Fedier MSJ Decl. ¶¶ 5-6, 18, ECF Dkt. No. 45-5; Malhotra MSJ Decl. ¶¶ 4-7, ECF Dkt. No. 45-8; Moore Stephens MSJ Decl. ¶¶ iii-viii, ECF Dkt. No. 45-7; Galicot MSJ Decl. ¶¶ 4-5, ECF Dkt. No. 45-12].) To allow Plaintiff's unsubstantiated attack on Defendant BBG Communications, Inc., is to ignore the corporate structure used by virtually all large American companies and the hard work of accountants and lawyers a like who make their living off of advising clients on how to structure their corporate dealings. It is wrong for Plaintiff to suggest all this can be ignored simply because he believes it should be ignored and wants discovery. Plaintiff's motion should be seen for what it is – an attempt to circumvent the discovery procedures for seeking information from non-party, foreign corporations. As a result, it is absolutely not proper to require Defendant BBG Communications, Inc. to answer the Requests for Production with documents in the possession of Defendant BBG Communications, Inc.

In response, Plaintiff relies on *In re ATM Fee Antitrust Litig.,* 233 F.R.D. 542, 544-45 (N.D. Cal. 2005) for the proposition that BBG Communications, as an "affiliated company" of BBG Global, must turn over the documents sought in the Requests for Production. That case, however, in inapposite. There, the Court held that under the Bank Holding Company Act the defendant in that case, Bank of America Corporation, as the holding company did have "control" over its subsidiary, Bank of America, N.A. *Id.*, 545. Importantly, the Northern District Court's decision hinged on the language in the Bank Holding Company Act, which expressly states that a bank holding company has control over its subsidiaries. *Id*. ("'Except as provided below, 'bank holding company' means any company which has *control* over any bank or over any company that is or becomes a bank holding company by virtue of the Bank Holding Company Act.'")

---

[1] Plaintiff again states that Mr. Gregorio Galicot is the "President" of BBG Global, A.G., despite having documents, and having heard testimony, that under Swiss law, where BBG Global, A.G., is incorporated, the "President of the Administrative Board", which is the full title of the position held by Mr. Galicot, is the American equivalent of "Chairman of the Board."

Here, Plaintiffs did not, and cannot, cite to any statute expressly stating that BBG Communications has control over its sister entity merely because it is a sister corporation.

Moreover, Plaintiffs' contention that BBG Communications has "control" over BBG Global pursuant to California Corporations Code section 150 and 47 U.S.C. section 153(1) is misplaced. While it is true that these statutes define an affiliate of a corporation as any two or more entities that are "under common control" or "under common ownership," respectively, that is not the analysis undertaken by the Ninth Circuit to define "control" in this context. Plaintiffs also contend that an affiliate under common ownership means to own an equity interest of 10 percent or more. For purposes of discovery disputes, the Ninth Circuit has repeatedly held that compelling a party to produce information belonging to a separate entity turns on whether that party has possession, custody, or control of the information sought. *United States v. International Union of Petroleum & Industrial Workers, AFL-CIO*, 870 F.2d 1450 (9th Cir. 1989). Because Plaintiff has failed to make the appropriate showing, BBG Communications cannot be compelled to respond to the Requests for Production with information in the possession, custody, or control of BBG Global, a non-party foreign corporation.

*Finally*, it bears repeating, that all of these deficiencies could have been fixed if Plaintiff wanted to truly engage in proper, meaningful, relevant discovery. Plaintiff, however, failed to do so. Rather, Plaintiff persists in seeking to compel documents despite knowing that applicable case law holds his document requests are improper, despite ignoring BBG Communications' objections, despite knowing that Plaintiff was violating the limitations on discovery imposed by this Court's Rules, and despite knowing that he had no meaningful evidence or arguments to support his desire to force BBG Communications to produce documents in the possession, custody and control of foreign corporation. In short, Plaintiff's conduct is improper and not "substantially justified."

/ / /

/ / /

/ / /

/ / /

For these reasons, Plaintiff's motion to compel further responses and/or production of documents must be denied.

Dated:  November 10, 2011

CONSUMER LAW GROUP OF CALIFORNIA

By:    /s/Alan M. Mansfield
      Alan M. Mansfield
      alan@clgca.com
10200 Willow Creek Road, Suite 160
San Diego, CA 92131
Tel: (619) 308-5034
Fax: (888) 341-5048

WHATLEY DRAKE & KALLAS LLC
Joe R. Whatley, Jr., Esq.
Patrick J. Sheehan, Esq.
380 Madison Avenue, 23rd Floor
New York, NY  10017
Tel: (212) 447-7070
Fax: (212) 447-7077

Attorneys for Plaintiffs Vlastimil Sajfr and David Keeports

Dated:  November 10, 2011

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By:    S/Fred R. Puglisi
      FRED R. PUGLISI
      fpuglisi@sheppardmullin.com
Valerie E. Alter
valter@sheppardmullin.com
Elizabeth S. Berman
eberman@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
Tel: (310) 228-3700
Fax: (310) 228-3701

Attorneys for Defendant BBG COMMUNICATIONS, INC.