THE CONSUMER LAW GROUP
Alan M. Mansfield (SBN 125998)
alan@clgca.com
10200 Willow Creek Rd., Suite 160
San Diego, CA 92131
Tel: (619) 308-5034
Fax: (888) 341-5048

WHATLEY DRAKE & KALLAS LLC
Joe R. Whatley, Jr., Esq.
Patrick J. Sheehan, Esq.
380 Madison Avenue, 23rd Floor
New York, NY 10017
Tel: (212) 447-7070
Fax: (212) 447-7077

Attorneys for Plaintiffs
[*Additional Counsel Listed on Signature Page*]

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VLASTIMIL SAJFR and DAVID KEEPORTS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BBG COMMUNICATIONS, INC., and DOES 1-10 INCLUSIVE,<br><br>Defendants. | Case No.: 10-cv-2341-AJB (NLSx)<br><br>CLASS ACTION<br><br>PLAINTIFFS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF DEFENDANT BBG COMMUNICATIONS, INC.'S MOTION FOR SUMMARY JUDGMENT<br><br>Hearing Date: December 16, 2011<br>Time: 1:30 p.m.<br>Courtroom: 12<br>Judge: Hon. Anthony J. Battaglia<br><br>Complaint Filed: November 12, 2010 |

**TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that at the same time as the hearing on Defendant's Motion for Summary Judgment, Plaintiffs will request the Court rule on and grant their objections to the Declarations of Isaac Guakil-Chaiyo and Bernd Holznagel, and the Request for Judicial Notice.

First, Plaintiffs in their response to the Statement of Undisputed Facts have noted several objections to evidence based on relevance or lack of personal knowledge, or in the case of Ms. Monge being contradicted by the actual record of when BBG Global AG came into existence

1

and testifying about the contents of a contract that she did not attach to her Declaration or has not been produced in discovery. Plaintiffs incorporate those objections by reference.

Second, BBG does not provide sufficient support to submit as evidence the Declaration of Mr. Guakil-Chaiyo regarding what he claims is a summary of Mexican law. This Declaration is objectionable under Fed. R. Evid. 702 as he does not aver he is an expert in telecommunications, Constitutional or privacy law, but rather according to his Declaration is a general practitioner in "family, civil and commercial law" matters. Thus, he does not establish a basis upon which he can properly opine on these issues or provide his own interpretation of federal legislation. Nor does he establish that he is a properly certified translator or has the ability to claim that a particular translation is "proper" or "correct", as he claims in his Declaration, making his purported translations inadmissible under Fed. R. Evid. 901, as it is not properly authenticated under Fed. R. Evid. 902(3) or (12). Plaintiffs dispute the authenticity of this information as the document appears to refer only to a case summary, on its face refers to the wrong paragraphs of the Mexican Constitution, and does not specifically refer to whether the cited law prohibits recording of private conversations but rather the inadmissibility of certain evidence. The document is not directly authenticated by any translator; there is no evidence where it came from; it is not certified in any way; nor is there any indicia that it is anything other than uncorroborated hearsay that is prohibited by Fed. R. Evid. 802 and that does not fall into any of the exceptions in Rule 803. Certainly none of the bolding and underlining is in the actual law. This is not authenticated admissible evidence that can be considered or judicially noticed, and certainly not for the truth of the contents contained therein. Plaintiffs specifically object to its consideration as part of this Motion. Plaintiffs object to the consideration of his Declaration.

Third, Defendant's assertions that German disclosure laws apply and the Court has no jurisdiction to adjudicate this claim, as set forth in Mr. Holznagel's Declaration, is improper. First, Plaintiffs object to the authenticity of the materials attached to his Declaration, as Mr. Holznagel provides a translation of certain German laws, but does not provide any evidence that he is a certified translator and is qualified to provide such a translation -- indeed, he states this is an "inofficial translation". Thus, Plaintiffs object to such evidence of German law. In

addition, his Declaration also fails to provide an adequate foundation that he can properly provide legal opinions as to what German law does or does not require -- let alone if it is the relevant law to apply. This is because the Declaration is submitted in the form of objectionable, leading questions as to which there is a dispute about the underlying factual predicate, as set forth in the evidence submitted and the Statement and Counter Statement of Disputed and Undisputed Facts such as to make the answers unreliable. In addition, all Mr. Holznagel states is that in his opinion there are no detailed rules regulating the use of public payphones, or that it is his opinion that the rules relating to certain disclosures do not apply to pay phones. That is fundamentally different than saying BBG's conduct is expressly permitted under German law, particularly when his conclusion is based on a set of facts regarding how the entire process operates that is contradicted by the facts as provided by Plaintiffs in response to this Motion. Thus, his Declaration cannot properly be considered to determine that the transactions in question solely involve a foreign transaction permitted under the law, particularly considering his conclusion is simply that German law may not expressly require certain disclosures. Such assertions and opinions cannot properly be considered to determine disputed issues of fact. *Twohy v. First Nat'l Ban*k, 758 F.2dd 1185, 1193-94 (7th Cir. 1985).

Finally, Plaintiffs object to BBG's Request for Judicial Notice of certain parts of the Legislative History of Penal Code §632. A request for judicial notice of certain information only can be used to establish that the particular item exists, not for its truth. It cannot be used or considered for purposes of this Motion to contradict the actual language of the statute or a ruling of the California Supreme Court. Since the California Supreme Court's position on this issue is unambiguous and has been the law for over four years, BBG's attempt to contradict this ruling by submitting excerpts from the Legislative History of Section 632 is objectionable, since legislative history is only relevant where there is an ambiguity that needs clarification, which is not the case here. *People v. Robles*, 23 Cal.4th 1106, 1111 (2000). Moreover, the Legislative History is irrelevant, as it only addresses the monitoring of certain types of calls, not the recording of certain types of calls.

///

PLTFS' OBJ. TO EVID. SUBMITTED IN SUPPORT OF BBG  CASE NO.: 10-CV-2341-AJB (NLSx)
COMMUNICATIONS, INC.'S MOTION FOR SUMMARY JUDG.

For all the above reasons, the Court should grant Plaintiffs' objections and not consider the above objectionable evidence or Request for Judicial Notice

Dated:  November 10, 2011          CONSUMER LAW GROUP OF CALIFORNIA

By:   S/Alan M. Mansfield
         Alan M. Mansfield
         alan@clgca.com
9466 Black Mountain Road, Suite 225
San Diego, CA 92126
Tel: (619) 308-5034
Fax: (888) 341-5048

WHATLEY DRAKE & KALLAS LLC
Joe R. Whatley, Esq.
jwhatley@wdklaw.com
Patrick J. Sheehan, Esq. (Admitted *Pro Hac Vice*)
psheehan@wdklaw.com
1540 Broadway, 37th Floor
New York, NY  10036
Tel: (212) 447-7070
Fax: (212) 447-7077

Attorneys for Plaintiffs Vlastimil Sajfr and David Keeports

PLTFS' OBJ. TO  EVID. SUBMITTED IN SUPPORT OF  BBG   CASE NO.: 10-CV-2341-AJB (NLSx)
COMMUNICATIONS, INC.'S MOTION FOR SUMMARY JUDG.