UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLASTIMIL SAJFR AND DAVID KEEPORTS<br><br>    Plaintiffs,<br>v.<br><br>BBG COMMUNICATIONS, INC. AND DOES 1-10 INCLUSIVE<br><br>    Defendants. | Civil No. 10cv2341 AJB   (NLS)<br><br>**ORDER DETERMINING JOINT MOTIONS FOR DETERMINATION OF DISCOVERY DISPUTE, DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS TO COMPEL**<br>**[Doc. Nos. 76-89]** |

  The parties filed 14 joint motions for determination of a discovery dispute.  Through the motions, plaintiff Vlastimil Sajfr seeks to compel defendant BBG Communications, Inc. (BBG) to provide further responses to Requests for Admission (RFAs) and Requests for Production (RFPs). For the following reasons, the court sustains certain of BBG's objections to the discovery requests, and denies Sajfr's motions to compel without prejudice.

**Relevant Background.**

  On June 30, 2011, BBG filed a motion for summary judgment, arguing, among other issues, that BBG is entitled to summary judgment because it is a wrongly-named defendant, and that there is no alter ego relationship between BBG and BBG Global, A.G. (Global). [Dkt. No. 45.] Sajfr filed his opposition to that motion November 10, 2011, arguing that there are enough disputed facts to defeat BBG's motion for summary judgment. [Dkt. No. 90.]  The motion is set for hearing before Judge Battaglia on December 16, 2011.

1    Meanwhile, at least partly to alleviate some of the concerns raised in the summary judgment
2 motion, Sajfr filed a motion for leave to file an amended complaint to add Global as a defendant. [Dkt.
3 No. 53.] BBG filed its opposition October 7, 2011, arguing that amendment is improper and that there
4 is no personal jurisdiction over Global in this district. [Dkt. No. 58.] That motion is also set for hearing
5 before Judge Battaglia on December 16, 2011.

6    The sole issue Sajfr raises in all 14 discovery motions is that BBG should supplement its
7 responses with information from Global and B-Tel Communications (B-Tel) because those companies
8 are under the control of BBG. BBG responds that those entities are not under its control and thus it
9 cannot respond to discovery on their behalf. BBG also argues the merits of certain of its other
10 objections stated in the responses. Sajfr does not address those other objections.

**Motions to Compel Responses to RFAs.**

Sajfr served seven sets of RFAs to BBG for a total of 163 RFAs. In those requests, Sajfr asks for information that relates to the allegedly-affiliated Global and B-Tel companies. Sajfr argues BBG has control over these entities because it admitted that the same family trusts own BBG and Global, and that the same people who work for BBG also work for Global and B-Tel. Sajfr also points out that BBG has obtained--without using subpoenas--declarations from employees of Global and B-Tel (submitted in support of BBG's summary judgment motion), further showing that those entities are under a common ownership and control by BBG.

BBG argues that Global and B-Tel are not affiliates of, nor under the control of, BBG, so it cannot respond to discovery on their behalf. BBG further argues the merits of its objections to the RFAs, namely that the requests are irrelevant and that there is an excessive number of RFAs, in violation of the local rules.

The Civil Local Rules set this limit on RFAs:

> **Limitation on Number of Requests for Admission.** No party will serve on any other party requests for admission which, including subparagraphs, number more than twenty-five requests for admission without leave of court. Any party desiring to serve additional requests for admission must submit to the court a written memorandum setting forth the proposed additional requests for admission and the reasons establishing good cause for their use.

Civ. L.R. 36.1(a).

The court finds that Sajfr violated the Local Rules in propounding more than 25 RFAs per party without first seeking leave from the court. The court, therefore, sustains BBG's objection based on excessive number. Sajfr shall have leave to narrow the number of RFAs propounded to BBG.

**Motion to Compel Responses to RFPs.**

Sajfr served seven sets of RFPs to BBG. In the disputed RFPs, Sajfr asks for documents that factually support any of BBG's denials of RFAs, and that identify people who know facts that support those denials. Sajfr argues that because Global and B-Tel are affiliated with and under the control of BBG, BBG must also produce documents from those entities.

BBG argues that Global and B-Tel are not affiliates of, nor under the control of, BBG, so it cannot respond to discovery on their behalf. BBG further argues the merits of certain of its objections to the RFPs. Namely, it argues that the underlying RFAs are improper, and that the RFPs are overbroad and burdensome because they do not describe with particularity the time or category of items to be inspected.

The RFPs at issue in seven of the motions here mirror the following two specific RFPs:

> RFP No. 1: For each of YOUR responses that is not an unqualified admission to any of the requests contained in Plaintiffs' First Set of Requests for Admissions, produce all DOCUMENTS that provide any factual support for such a denial.
>
> RFP No. 2: For each of YOUR responses that is not an unqualified admission to any of the requests contained in Plaintiffs' First set of Requests for Admissions, produce all DOCUMENTS that identify any persons with knowledge of any facts that support such a denial.

The court finds that the RFPs at issue lack specificity or particularity, and thus are overbroad. *See, e.g., Baker v. Perez,* 2011 U.S. Dist. LEXIS 61828, *7, WL 2414501, *2-*3 (E.D. Cal. 2011) (RFP that seeks "all documents that 'support your denial in answer for amended complaints paragraph #43'" does not describe with sufficient particularity the documents sought). The court, therefore, sustains BBG's objection that they are overbroad. Sajfr shall have leave to re-draft the RFPs so as to seek specific categories of information.

**Determination of "Control" Issue Relevant to All Motions.**

Even after the discovery requests are re-crafted, the issue remains of whether BBG has control over Global and/or B-Tel, to the extent that it can respond to discovery on their behalf. If Global and B-

1  Tel are found to be under the control of BBG, BBG would have to respond to the discovery requests
2  with information and documents available from those entities. *See, e.g., U.S. v. Int'l Union of*
3  *Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989) (compelling production
4  where actual control--i.e. the legal right to obtain documents upon demand--exists); *U.S. ex rel. Englund*
5  *v. Los Angeles County*, 235 F.R.D. 675, 684 (E.D. Cal. 2006) (in responding to RFAs party must inquire
6  of persons and documents within its control such as "its employees, partners, corporate affiliates, etc.").

7       This court finds that at least some of factual determinations regarding control, and possibly some
8  legal conclusions regarding control, may be determined through one or both of the motions currently
9  before Judge Battaglia. To ask this court to make such determinations in the discovery context at this
10 time is premature, given that the issue of whether BBG controls these other entities, is already, at least
11 in part, before Judge Battaglia. Further, Global may become a party to this action, which could moot the
12 issue as to that entity. Therefore, in the interest of judicial efficiency, this court denies without
13 prejudice the motions to compel based on the "control" issue. Further, because Sajfr has already
14 opposed the summary judgment motion and filed a motion for leave to amend without the benefit of this
15 discovery, and has not filed a formal request to continue those hearings pending the determination of the
16 "control" issue, the court sees no prejudice to Sajfr in denying the motions without prejudice.

17 **Order.**

18      For the foregoing reasons, the court **ORDERS**:

19      1.     BBG's objection that the RFAs are too numerous is **SUSTAINED**.

20      2.     BBG's objection that the RFPs are overbroad is **SUSTAINED**.

21      3.     Sajfr shall have leave to narrow the number of RFAs and re-write the RFPs so as to seek
22 specific categories of information, and shall serve those amended discovery requests within 30 days of
23 Judge Battaglia issuing orders on the motions for summary judgment and leave to amend.

24      4.     The court **DENIES** all 14 discovery motions without prejudice to re-filing them after the
25 following has occurred:

26           (a) adjudication of the two motions before Judge Battaglia;

27           (b) service of amended discovery requests so as to comply with this order; and

28           (c) a renewed meet and confer on the amended discovery requests.

5. Any future joint motions shall be consolidated into a single joint motion, in a single document, if the legal argument applying to the discovery requests at issue is identical for each discovery request (e.g. all seven RFA joint motions should have been presented in a single document with a single argument section, and the same for the seven RFP joint motions).

**IT IS SO ORDERED.**

DATED:  November 18, 2011

　　　　　　　　　　　　　　　　　　　　　　　　　Hon. Nita L. Stormes
　　　　　　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Court