1   FRED R. PUGLISI, Cal. Bar No. 121822
    NORMA V. GARCIA, Cal. Bar No. 223512
2   VALERIE E. ALTER, Cal. Bar No. 239905
    ELIZABETH S. BERMAN, Cal. Bar No. 252377
3   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
4      Including Professional Corporations
    1901 Avenue of the Stars, Suite 1600
5   Los Angeles, California  90067-6017
    Telephone:    310-228-3700
6   Facsimile:     310-228-3701
    fpuglisi@sheppardmullin.com
7   ngarciaguillen@sheppardmullin.com
    valter@sheppardmullin.com
8   eberman@sheppardmullin.com

9   Attorneys for Defendant,
    BBG Communications, Inc.

10

11              UNITED STATES DISTRICT COURT

12            SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 13  VLASTIMIL SAJFR AND DAVID KEEPORTS, on behalf of themselves and all others similarly situated, | Case No. 10-CV-02341-AJB (NLS) |
| 14 | The Honorable Anthony J. Battaglia |
| 15                     Plaintiffs, | **DEFENDANT BBG COMMUNICATIONS, INC.'S OBJECTIONS TO PLAINTIFFS' NON-CONFIDENTIAL AND CONFIDENTIAL EVIDENCE SUBMITTED IN OPPOSITION TO BBG COMMUNICATIONS, INC.'S MOTION FOR SUMMARY JUDGMENT** |
| 16          v. | |
| 17  BBG COMMUNICATIONS, INC.,  a Delaware CORPORATION, and DOES 1 - 10, | |
| 18                     Defendant. | |
| 19 | [*Reply Memorandum of Points and Authorities; Reply Separate Statement of Undisputed Facts, Response To Plaintiffs' Evidentiary Objections; and Certificate of Service Filed Concurrently herewith*] |
| 20 | |
| 21 | |
| 22 | Date:   December 16, 2011 Time:  1:30 p.m. Courtroom:  12 |
| 23 | |
| 24 | [Complaint Filed: November 12, 2010] Trial Date:  None Set |
| 25 | |
| 26 | |

27

28

Defendants BBG Communications, Inc. ("BBG Communications" or "Defendant") hereby submits these Objections to the Non-Confidential and Confidential evidence submitted by Plaintiffs Vlastimil Sajfr and David Keeports (collectively "Plaintiffs") in opposition to Defendant's Motion for Summary Judgment.

## I.   LEGAL STANDARD FOR EVIDENTIARY OBJECTIONS

Defendant objects to the evidence below on a number of grounds.  The legal support for those objections is as follows:

(1) **Irrelevant**: Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible."); Fed. R. Evid. 401 ("Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination o the action more probable or less probable that it would be without the evidence.")

(2) **Authenticity**: Fed. R. Evid. 901 ("[A]uthentication or identification" of evidence is "a condition precedent to admissibility…."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550-51 (9th Cir. 1990) (attorney's summary of a registration statement insufficient authentication); *Beyene v. Coleman Security Services, Inc.*, 854 F.2d 1179, 1182 (9th Cir. 1988) ("A writing is not authenticated simply by attaching it to an affidavit….").

(3) **Hearsay**: Fed. R. Evid. 801 ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."); 5-802 Weinstein's Federal Evidence § 802.02 ("The hearsay rule seeks to eliminate the danger that evidence will lack reliability because faults in the perception, memory, or narration of the declarant [cannot] be exposed.")

(4) **Lacks Personal Knowledge**: Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); *United States v. Shumway*, 199 F.3d 1093, 1104 (9th Cir. 1999) (finding that it is not enough for the declarant simply to state that he or she has personal knowledge of the facts stated; rather, the declaration itself must contain facts showing the declarant's connection with the matters stated therein, establishing the source of his or her information); *Payne v. Paule*, 337 F.3d 767, 772 (7th Cir. 2003) ("[A]lthough personal knowledge

may include reasonable inferences, those inferences must be grounded in observation or other first-hand personal experience.  They must not be flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience.") (internal quotes omitted);

(5) **Best Evidence Rule**: Fed. R. Evid. 1002 ("To prove the content of a writing… the original writing… is required…"); *Bissoon-Dath v. Sony Computer Entertainment Am., Inc.*, 694 F. Supp. 2d 1071, 1080 (N.D. Cal. 2010) (striking portions of declaration "opin[ing]" on a document attached to the declaration because the characterization of the written document violated the best evidence rule – in essence, the document speaks for itself); *Gonzalez v. Allstate Ins. Co.*, No. CV 04-1548 FMC (PJWx), 2005 WL 5891935, at *4 n. 13 (C.D. Cal. Aug. 2, 2005) ("Even if the documents from Allstate's cutomer database are business records, they are not submitted along with the declaration.  Zamora' testimony as to the contents of those business records is hearsay. Zamora's testimony also violates the best evidence rule.  When the only source of a witness's knowledge is a writing, the contends of that writing are at issue, and the part subnmitted the evidence must comply with Fed. R. Evid. 1002.").

(6) **Improper Argument**: Fed. R. Civ. Proc. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."); *Wiggins v. Hain Pure Protein Corp.*, No. 10 Civ. 4098 (DLC), 2011 WL 5428955, at *1, n.1 (S.D.N.Y. Nov. 9, 2011) (refusing to consider portions of a declaration "present[ing] legal arguments or summariz[ing] facts which the [declarant did] not have personal knowledge").

(7) **Improper Expert Opinion**: Fed. R. Evid. 702 (allowing a witness to give an expert opinion only if the "witness is qualified as an expert by knowledge, skill, experience, training or education" and if the testimony "is based upon sufficient facts or data… is the product of reliable principles and methods, and the witness has applied the principles and methods reliably to the facts of the case); *Bay Gen. Cmty. Hosp. v. Country of San Diego*, 156 Cal. App. 3d 944, 963 (1984) ("An expert may not give opinions on matters of law within the province of the court."); *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (expert may not offer opinion on ultimate issue of law).

## II.      NON-CONFIDENTIAL DECLARATION OF ALAN M. MANSFIELD AND ACCOMPANYING EXHIBITS 1-19

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| 1. | Declaration of Alan M. Mansfield, ¶¶ 2-7. | **Irrelevant.  Lacks Personal Knowledge.  Hearsay.**<br><br>In Paragraphs 2-7, Alan M. Mansfield declares that he visited the office of BBG Global, A.G ("BBG Global") in Baar, Switzerland, and generally describes his actions during the visit.  These paragraphs are irrelevant.  That Mr. Mansfield visited BBG Global on a Friday afternoon and discovered that no one was present in BBG Global's office is not relevant to the legal issue of whether Plaintiffs' lawsuit may proceed forward in a California Court under California Law when (i) the lawsuit complains about disclosures made on public payphone in Germany for a call from Germany to the Czech Republic; and (ii) the lawsuit complains about the recording of a call in Mexico.  For the same reason, the following is irrelevant: (1) Mansfield's characterization of the building in which BBG Global's office is located; (2) his description of BBG Global's office and furnishings; and (3) his descriptions of the sign posted in front of the office building, the mailboxes attached to the building, and the sign posted on BBG Global's door are irrelevant.<br><br>Furthermore, to the extent Plaintiffs are suggesting that BBG Global's office in Switzerland is a sham and that therefore BBG Global and BBG Communications are alter egos, Plaintiffs' evidence must be dismissed because it is based on nothing but pure speculation.  It is completely | Overruled  ☐<br>Sustained  ☐ |

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | | irrelevant to the alter ego analysis, which focuses on whether corporate formalities were observed, whether two companies co-mingle funds, whether the two companies are both adequately capitalized, and whether an unjust result would be reached if the two companies were not considered alter egos. In short, that the sign on BBG Global's door was small or that BBG Global does not appear on the signs outside the office building complex(which only identifies retail space such as hair solons, spas, travel agencies, etc.), or that no one was in BBG Global's office late on a Friday afternoon (not a surprise as Ms. Fedier, the Managing Director of BBG Global testified that she has child care obligations at that time), is not relevant or admissible to prove alter ego liability.<br><br>       Finally, to the extent Mr. Mansfield relies on hearsay statements, including statements made on signs and mailboxes to testify to purported facts, Mr. Mansfield's declaration must be stricken as improper hearsay. | |
| 2. | Declaration of Alan Mansfield, Exhibits 1-3 | **Irrelevant.  Hearsay.**<br><br>       Exhibits 1, 2, and 3 purport to be photographs of the sign outside BBG Global's office building in Baar, Switzerland, the mailbox outside BBG Global's office building in Baar, Switzerland, and the door of BBG Global's office.  As with Mr. Mansfield's declarations in ¶¶ 2-7 regarding his visit to BBG Global's office, these photographs are irrelevant to the legal issue of whether Plaintiffs' lawsuit may proceed forward in a California Court under California | Overruled  ☐<br>Sustained  ☐ |

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | | Law when (i) the lawsuit complains about disclosures made on public payphone in Germany for a call from Germany to the Czech Republic; and (ii) the lawsuit complains about the recording of a call in Mexico.<br><br>Furthermore, as with ¶¶ 2-7 of Mr. Mansfield's declaration, the photographs are irrelevant to whether BBG Global and BBG Communications are alter egos.<br><br>Finally, to the extent Mr. Mansfield relies on these photographs for the truth of the matters stated within the photographs, the photographs constitute inadmissible hearsay. | |
| 3. | Declaration of Alan M. Mansfield, ¶ 8, Exhibit 4. | **Irrelevant. Lacks Personal Knowledge. Hearsay. Best Evidence Rule. Authenticity.**<br><br>The photographs in Exhibit 4 are inadmissible because Mansfield fails to lay an adequate foundation and he lacks the personal knowledge to authenticate the documents.  Mansfield states that the photographs were "taken by me or at my direction in 2010 and 2011."  He does not state with sufficient particularity when the photographs were taken or where, and does not even specify which of the pictures were actually taken by him.  Mansfield does state that these photographs are from an airport in London, but the exhibits themselves demonstrate that they are photographs from a variety of locations.  In any event, to the extent these photographs are of anything other than the payphone used by Mr. Sajfr (Sajfr's telephone call was from Germany to the Czech Republic), they are completely irrelevant to the resolution of this Motion, | Overruled  ☐<br>Sustained  ☐ |

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | | which focuses on disclosures made at that payphone in Germany.  Also, to the extent Mansfield relies on statements made within the photographs for their truth, the photographs are inadmissible as hearsay.<br><br>Mansfield then declares that the photographs "are similar to advertising posters [he] saw throughout London for BBG-operated payphones, at the Frankfurt, Germany airport, and of payphone artwork located in Switzerland, France and Austria."  This is inadmissible.  Mansfield is attempting, in violation of the best evidence and hearsay rules, to testify about disclosures made on payphones for which he presents no documentary or photographic evidence.  Mansfield fails even to lay a proper foundation to testify about the posters outside London – he does not even state when he saw the posters or where exactly they were located.  Instead, Mansfield offers a wholly inadequate comparison to photographs purportedly taken at the London Airport, photographs which are inadmissible in the first instance.<br><br>To the extent some of the photographs in Exhibit 4 are of locations in Germany, Switzerland, France, and Austria, the photographs are inadmissible because they have not been properly authenticated.  Moreover, the photograph that appears to potentially be from Germany (the second photograph), it is not sufficiently clear, and is therefore inadmissible.  If it were a clearer picture, it would show just below that Visa and MasterCard logos appears the phrase "for | |

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | | rate quote, please dial 9."  Thus, any customer using the credit card swipe feature would be instantly informed that they only need to press "9" to obtain rate information  --  just as testified to by Mr. Von Klocke.  . (*See* Undisputed Fact #19; Von Klocke Decl., ¶ viii-xi, Ex. C.)<br><br>Finally, Mansfield's statements describing the photographs are inadmissible.  To the extent the photographs are admissible (they are not), they speak for themselves, and Mansfield's characterization of them is improper argument, especially the parenthetical at the end of Paragraph 4: "(an interesting representation to make in that country, since supposedly BBG Global AG is based there)."  Moreover, even though this parenthetical is improper, it is also easily explained.  Prior to 2006, before BBG Global came into existence, BBG Communications provided some services in Switzerland.  Today, that is not the case, and this photograph is nothing but a remnant of that old service contract. | |
| 4. | Declaration of Alan Mansfield ¶ 9, Exhibit 5. | **Irrelevant.  Hearsay.  Best Evidence Rule.  Lacks Personal Knowledge.  Hearsay.  Improper Argument.**<br><br>Paragraph 9 and Exhibit 5 to the Mansfield declaration are inadmissible because they are irrelevant and lack foundation.  The pricing charts attached at Exhibit 5 reflect prices charged as of November 9, 2011, when the charts were downloaded.  They do not reflect prices charged on the dates that the phone calls at issue in this lawsuit were placed.  As a result, the prices are irrelevant, and Mansfield's subsequent | Overruled □<br>Sustained □ |

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | | calculations are irrelevant.  Moreover, even if the pricing charts reflected the price of a phone call on the specific dates of Plaintiffs' phone calls, the charts would still be irrelevant because they do not make it more or less likely that the disclosures made ***at the payphone in Germany*** were inadequate, the only issue pertinent to this lawsuit.  The price of the phone calls is also irrelevant because Plaintiffs are pre-empted from challenging the rate charged under Federal law. *See North County Communications v. California Catalog & Technology*, 594 F.3d 1149, 1155 (9th Cir. 2010).

Mansfield also appears to make statements about pictures of "payphones located in the Frankfurt airport" and of disclosures made on those phone calls.  Mansfield does not provide these purported pictures or state how he knows what disclosures are made on these phones.  The statements thus violate the hearsay, best evidence, and personal knowledge rules

Finally, Mansfield appears to suggest that all the rates reflected in Exhibit 5, including the connection fees and per-minutes fees would need to be disclosed at the payphone.  First, any such suggestion is impermissible argument and should be stricken.  Second, a quick examination of Exhibit 5, which with small writing still reaches ten pages long, highlights the absurdity of Plaintiffs argument.  Including the pricing for every possible phone call at the payphone would be impractical.  Pressing "9" for rate information is far | |

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | | superior.  It is also consistent with the practice in the United States as dictated by the FCC.   *See* 47 C.F.R. § 64.703(a)(3)(i). | |
| 5. | Declaration of Alan Mansfield ¶ 10, Exhibit 6. | **Irrelevant.  Improper Argument.**<br><br>Exhibit 6 – BBG's Safe Harbor Privacy Policy – speaks for itself.  Paragraph 10, however, contains a number of quotations from the document that are improperly taken out of context or are used to make an improper argument.  Specifically, ¶ 10, lines 13-18 regarding whether BBG Communications violates the policy (it does not), is inadmissible because it is pure argument.<br><br>Moreover, Paragraph 10 and Exhibit 6 are irrelevant.  Plaintiff is attempting to use this exhibit to establish that BBG Communications and BBG Global (and possibly other unaffiliated, unrelated entities B-Tel and G-Tel) are alter egos.  Simply put, to establish alter ego liability, it is not enough that the companies allegedly share a privacy policy including the word "affiliates."  This is especially true in this case as BBG Global's name does not appear anywhere in the document.  BBG Communications' policy does not demonstrate in any way whatsoever that it is the alter ego of the BBG Global, or vice versa, and as a result, the policy is irrelevant. | Overruled  ☐<br>Sustained  ☐ |
| 6. | Declaration of Alan Mansfield ¶ 11, Exhibit 7. | **Irrelevant.  Best Evidence Rule.  Improper Argument. Lacks Personal Knowledge.**<br><br>BBG Communication's Responses to Plaintiffs' Requests for Admission, Set Two – excerpts of which are | Overruled  ☐<br>Sustained  ☐ |

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | | attached at Exhibit 7 – speak for themselves.  Paragraph 11, however, improperly characterizes the responses and is inadmissible as improper argument.  For example, the responses are from BBG Communications, not BBG Global.  Mansfield's declaration often refers to just BBG, intentionally blurring the identity of the two identities in an attempt to confuse the Court.  Additionally:<br><br>(1) ¶ 11 at 5:4-5.  Mansfield mischaracterizes the response, stating only that "BBG" admitted that is was involved in setting rates for customers who use "BBG's" long distance services.  By contrast, the admission states that "***Defendant BBG Communications, Inc.*** admits it is involved in setting rates for customers who use ***Defendant BBG Communications, Inc.'s*** long distance services."  It does not state, as Plaintiffs hope to misleadingly suggest, that BBG Communications sets rates abroad, or that BBG Communications sets rates for and on behalf of BBG Global.  It does not and Plaintiffs have no admissible evidence to the contrary.<br><br>(2) ¶ 11 at 5:1-2.  The parenthetical ("although that would still not explain…") is improper argument.<br><br>Finally, Paragraph 11 and the excepts in Exhibit 7 are irrelevant.  To the extent Plaintiff is attempting to establish that BBG Communications and BBG Global are alter egos, the evidence is irrelevant because none of it, whether considered individually or in connection with the remainder of | |

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | | Plaintiffs' admissible evidence, is sufficient to establish alter ego liability.  Similarly, none of the evidence presented in Paragraph 11 or Exhibit 7 is relevant to the legal issue of whether Plaintiffs' lawsuit may proceed forward in a California Court under California Law when (i) the lawsuit complains about disclosures made on public payphone in Germany for a call from Germany to the Czech Republic; and (ii) the lawsuit complains about the recording of a call in Mexico. | |
| 7. | Declaration of Alan Mansfield ¶ 12, Exhibit 8. | **Irrelevant.  Best Evidence Rule.  Improper Argument. Lacks Personal Knowledge.**<br><br>Exhibit 8 speaks for itself.  Paragraph 12, however, contains quotations from the document that are improperly taken out of context or are used to make an improper argument, especially given the document is not dated and of no force or effect with the FCC.  Specifically, ¶ 12 at 6:1-2 is inadmissible.  It states: "Based on other filings by BBG with the FCC, it appears these two trusts each own 50% of BBG Communications, Inc."  Mansfield is purporting to testify to a "fact" that he lacks personal knowledge of, which is even apparent from his declaration – "it appears…."  As a result, that statement is inadmissible.<br><br>Finally, Paragraph 12 and Exhibit 8 are irrelevant.  To the extent Plaintiff is attempting to establish that BBG Communications and BBG Global are alter egos, the evidence is irrelevant because none of it, whether considered | Overruled ☐<br>Sustained ☐ |

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | | individually or in connection with the remainder of Plaintiffs' admissible evidence, is sufficient to establish alter ego liability.  It is not enough to establish alter ego liability that BBG Communications and BBG Global share one officer or director. | |
| 8. | Declaration of Alan Mansfield ¶ 13, Exhibit 9. | **Irrelevant.  Hearsay.**<br><br>        Exhibit 9, which is a printout of an online biography of an attorney working for a unrelated law firm, is inadmissible hearsay because it is an out of court statement offered for the truth of the matter asserted, and it does not fall within a hearsay exception.  There is no evidence that the statements are accurate.  Indeed, Ms. Rodriguez-Rios was not "General Counsel of the BBG Group of Companies" at any time.  Nor can the statements be construed as party admissions.  To be a party admission, Plaintiff must present that the alleged employee had the authority to speak on behalf of the corporation before the statements can be imputed to the corporation as a party admission.  *See, e.g.*, *Breneman v. Kennecott Corp.*, 799 F.2d 470, 473 (9th Cir. 1986); *Finley v. County of Martin*, 2009 WL 5062326, at *13 (N.D. Cal. Dec. 23, 2009).  There is no evidence establishing this authority here – nor the when's and where's which are complete conjecture by Plaintiff.<br><br>        Finally, Paragraph 13 and Exhibit 9 are irrelevant.  To the extent Plaintiff is attempting to establish that BBG Communications and BBG Global are alter egos, the evidence | Overruled ☐<br>Sustained ☐ |

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | | is irrelevant because none of it, whether considered individually or in connection with the remainder of Plaintiffs' admissible evidence, is sufficient to establish alter ego liability.  Similarly, none of the evidence presented in Paragraph 13 or Exhibit 9 is relevant to the legal issue of whether Plaintiffs' lawsuit may proceed forward in a California Court under California Law when (i) the lawsuit complains about disclosures made on public payphone in Germany for a call from Germany to the Czech Republic; and (ii) the lawsuit complains about the recording of a call in Mexico. | |
| 9. | Declaration of Alan Mansfield ¶ 14, Exhibit 10. | **Irrelevant.  Hearsay.  Best Evidence Rule.  Lacks Personal Knowledge.**<br><br>        Exhibit 10, which is a compilation of "computer printouts of three separate LinkedIn accounts" of individuals, is inadmissible hearsay because it is an out of court statement offered for the truth of the matter asserted, and it does not fall within a hearsay exception.  There is no evidence that the statements made in the printouts are accurate or whether the individuals actually made those statements themselves.  As above, the statements cannot be construed as party admissions.  To be a party admission, Plaintiff must present that the alleged employee had the authority to speak on behalf of the corporation before the statements can be imputed to the corporation as a party admission.  *See, e.g.*, *Breneman v. Kennecott Corp.*, 799 F.2d 470, 473 (9th Cir. 1986); *Finley v.* | Overruled  ☐<br>Sustained  ☐ |

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | | *County of Martin*, 2009 WL 5062326, at *13 (N.D. Cal. Dec. 23, 2009).  There is no evidence establishing this authority here. | |
| | |        Also, ¶ 14 at 6:18-20, stating that "[Mansfield] recalls previously seeing additional individuals who made similar statements and who worked for BBG, but recently it appears they have all altered their LinkIn status to Private," is inadmissible as hearsay, in violation of the best evidence rule, and because Mansfield lacks personal knowledge to testify to such facts. | |
| | |        Finally, Paragraph 14 and Exhibit 10 are irrelevant. To the extent Plaintiff is attempting to establish that BBG Communications and BBG Global are alter egos, the evidence is irrelevant because none of it, whether considered individually or in connection with the remainder of Plaintiffs' admissible evidence, is sufficient to establish alter ego liability.  Similarly, none of the evidence presented in Paragraph 13 or Exhibit 9 is relevant to the legal issue of whether Plaintiffs' lawsuit may proceed forward in a California Court under California Law when (i) the lawsuit complains about disclosures made on public payphone in Germany for a call from Germany to the Czech Republic; and (ii) the lawsuit complains about the recording of a call in Mexico. | |
| 10. | Declaration of Alan Mansfield ¶ 15, Exhibit | **Irrelevant.  Best Evidence Rule.  Improper Argument.** <br>        BBG Communication's Responses to Plaintiffs' | Overruled ☐ <br> Sustained ☐ |

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| 11. | | Requests for Admission, Set Seven – excerpts of which are attached at Exhibit 11 – speak for themselves.  Paragraph 15, however, improperly characterizes the responses and is inadmissible as improper argument.  For example, the responses were submitted by BBG Communications, not BBG Global.  Mansfield's declaration refers to just BBG, intentionally blurring the identity of the two identities in an attempt to confuse the Court.  In ¶ 15 at 6:26, the declaration states that "BBG['s]" principal place of business is in San Diego, whereas the response actually states that: "***Defendant BBG Communications, Inc.***, admits that its principal place of business is in San Diego, California."  Similarly, in ¶ 15 at 6:28, Mansfield against states the "BBG" is the sole owner of BBG Financial Services s.a.r.l., but the response specifies that it is "BBG Communications, Inc."<br><br>Finally, Paragraph 15 and the excepts in Exhibit 11 are irrelevant.  To the extent Plaintiff is attempting to establish that BBG Communications and BBG Global are alter egos, the evidence is irrelevant because none of it, whether considered individually or in connection with the remainder of Plaintiffs' admissible evidence, is sufficient to establish alter ego liability.  Similarly, none of the evidence presented in Paragraph 15 or Exhibit 11 is relevant to the legal issue of whether Plaintiffs' lawsuit may proceed forward in a California Court under California Law when (i) the lawsuit complains about disclosures made on public payphone in | |

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | | Germany for a call from Germany to the Czech Republic; and (ii) the lawsuit complains about the recording of a call in Mexico. | |
| 11. | Declaration of Alan Mansfield ¶ 16, Exhibit 12. | **Irrelevant.  Best Evidence Rule.  Improper Argument.** Exhibit 12 – which is an agreement between BBG Holdings, Ltd. and Benchmarks Project Management – is completely irrelevant.  It is dated May 15, 2003 and was filed as an exhibit in 2004 court proceeding, and purports to establish facts from 2003 and 2004, a full *seven years ago* and before BBG Global was founded.  As such, this evidence is irrelevant and should be disregarded. Moreover, Exhibit 12 speaks for itself.  Paragraph 16, however, improperly characterizes the document and is inadmissible as improper argument.  Specifically, ¶ 16 at 7:4-9 ("Even though this agent…") is inadmissible argument. | Overruled  ☐ Sustained  ☐ |
| 12. | Declaration of Alan Mansfield ¶ 17, Exhibit 13. | **Irrelevant.** Paragraph 17 and Exhibit 13 are irrelevant.  That Rafael and Gregorio Galicot are board members of a company based in Luxemburg is of no moment to this Motion.  To the extent Plaintiff is attempting to establish that BBG Communications and BBG Global are alter egos, the evidence is completely irrelevant because none of it, whether considered individually or in connection with the remainder of Plaintiffs' admissible evidence, is sufficient to establish alter ego liability.  Indeed, the evidence does not even relate the relationship between BBG Communications and BBG Global. | Overruled  ☐ Sustained  ☐ |

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | | Similarly, none of the evidence presented in Paragraph 15 or Exhibit 11 is relevant to the legal issue of whether Plaintiffs' lawsuit may proceed forward in a California Court under California Law when (i) the lawsuit complains about disclosures made on public payphone in Germany for a call from Germany to the Czech Republic; and (ii) the lawsuit complains about the recording of a call in Mexico. | |
| 13. | Declaration of Alan Mansfield ¶ 18, Exhibit 14. | **Irrelevant.  Hearsay.** | Overruled  ☐ |
| | | Exhibit 14 – a privacy policy printed from non-party BBG Global's website – is inadmissible hearsay.  It is an out of Court statement offered to prove the matter asserted – specifically where BBG Global stores electronic data.  It is not a party admission because BBG Global is not a party; BBG Communications is still the only Party to this lawsuit. | Sustained  ☐ |
| | | Moreover, Paragraph 18 and Exhibit 14 are irrelevant.  To the extent Plaintiff is attempting to establish that BBG Communications and BBG Global are alter egos, the evidence is irrelevant because none of it, whether considered individually or in connection with the remainder of Plaintiffs' admissible evidence, is sufficient to establish alter ego liability.  Similarly, none of the evidence presented in Paragraph 15 or Exhibit 11 is relevant to the legal issue of whether Plaintiffs' lawsuit may proceed forward in a California Court under California Law when (i) the lawsuit complains about disclosures made on public payphone in Germany for a call from Germany to the Czech Republic; and | |

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | | (ii) the lawsuit complains about the recording of a call in Mexico. | |
| 14. | Declaration of Alan Mansfield ¶ 19, Exhibit 15. | **Irrelevant.  Best Evidence Rule.  Improper Argument.**<br><br>BBG Communication's Responses to Plaintiffs' Requests for Admission, Set Three – excerpts of which are attached at Exhibit 15 – speak for themselves.  To the extent paragraph 19 improperly characterizes the responses, the statements are inadmissible as improper argument.<br><br>Moreover, Paragraph 19 and the excepts in Exhibit 15 are irrelevant.  To the extent Plaintiff is attempting to establish that BBG Communications and BBG Global are alter egos, the evidence is irrelevant because none of it, whether considered individually or in connection with the remainder of Plaintiffs' admissible evidence, is sufficient to establish alter ego liability.  Similarly, none of the evidence presented in Paragraph 15 or Exhibit 11 is relevant to the legal issue of whether Plaintiffs' lawsuit may proceed forward in a California Court under California Law when (i) the lawsuit complains about disclosures made on public payphone in Germany for a call from Germany to the Czech Republic; and (ii) the lawsuit complains about the recording of a call in Mexico. | Overruled ☐<br>Sustained ☐ |
| 15. | Declaration of Alan Mansfield ¶ 20, Exhibit 16. | **Irrelevant.  Best Evidence Rule.  Improper Argument.**<br><br>BBG Communication's Responses to Plaintiffs' Requests for Admission, Set Four – excerpts of which are attached at Exhibit 16 – speak for themselves.  Portions of | Overruled ☐<br>Sustained ☐ |

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | | Paragraph 20, however, mischaracterize the responses and is therefore inadmissible as improper argument.  Specifically, ¶ 20 at 8:3-4 misstates BBG Communications' response.  The response, in full, states: "Defendant BBG Communications, Inc., **denies** that Alma Perez is, or has ever been, employed by Defendant BBG Communications, Inc." (emphasis added).     Moreover, Paragraph 20 and the excepts in Exhibit 16 are irrelevant.  To the extent Plaintiff is attempting to establish that BBG Communications and BBG Global are alter egos, the evidence is irrelevant because none of it, whether considered individually or in connection with the remainder of Plaintiffs' admissible evidence, is sufficient to establish alter ego liability.  Similarly, none of the evidence presented in Paragraph 15 or Exhibit 11 is relevant to the legal issue of whether Plaintiffs' lawsuit may proceed forward in a California Court under California Law when (i) the lawsuit complains about disclosures made on public payphone in Germany for a call from Germany to the Czech Republic; and (ii) the lawsuit complains about the recording of a call in Mexico. | |
| 16. | Declaration of Alan Mansfield ¶ 21, Exhibit 17. | **Irrelevant.  Hearsay.  Lacks Personal Knowledge.**     Exhibit 10 is a "computer printout" of a website profile of BBG Communications, Inc. maintained by a non-governmental entity named the Better Business Bureau, Inc.  The statements made therein are inadmissible hearsay.  Moreover, there is no foundation to suggest that the Better | Overruled ☐ Sustained ☐ |

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | | Business Bureau or the individuals who post on the website have personal knowledge of the purported facts they are alleging.  In sum, statements made on an unofficial website are not admissible evidence.<br><br>Even if the statements were admissible, the statements described in Paragraph 21 and contained in Exhibit 10 are irrelevant.  The statements do not even specify where BBG Communications allegedly is overcharging consumers or misrepresenting telephone rates.  Indeed, none of the statements are relevant to the legal issue of whether Plaintiffs' lawsuit may proceed forward in a California Court under California Law when (i) the lawsuit complains about disclosures made on public payphone in Germany for a call from Germany to the Czech Republic; and (ii) the lawsuit complains about the recording of a call in Mexico. | |
| 17. | Declaration of Alan Mansfield ¶ 22, Exhibit 18. | **Irrelevant.**<br><br>Paragraph 22 and Exhibit 18 are irrelevant.  That BBG Communications at one time (it has since expired) registered "B-Tel" as a fictitious business name is of no moment to the resolution of this Motion.  To the extent Plaintiff is attempting to establish that BBG Communications oand BBG Global (or other unaffiliated companies such as the Mexican corporations B-Tel Comunicacion or G-Tel Comunicacion) are alter egos, the evidence is irrelevant because none of it, whether considered individually or in connection with the remainder of Plaintiffs' admissible evidence, is sufficient to establish alter | Overruled  ☐<br>Sustained  ☐ |

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | | ego liability.  Similarly, none of the evidence presented in Paragraph 22 or Exhibit 18 is relevant to the legal issue of whether Plaintiffs' lawsuit may proceed forward in a California Court under California Law when (i) the lawsuit complains about disclosures made on public payphone in Germany for a call from Germany to the Czech Republic; and (ii) the lawsuit complains about the recording of a call in Mexico. | |
| 18. | Declaration of Alan Mansfield ¶ 23, Exhibit 19. | **Irrelevant.  Authenticity.  Hearsay.  Lacks Personal Knowledge.  Improper Argument.**<br><br>Exhibit 19 is inadmissible because it cannot be properly authenticated.  Exhibit 19 purports to be an "exemplar or a Remittance Advice" from BBG Global.  Mansfield's declaration, however, fails to state how it was obtained, when it was obtained, or where it was obtained.  The document is also hearsay in that Plaintiffs attempt to use it to establish the truth of the statements contained therein – specifically the address of BBG Global, that Delma Andrade and Clara Martinez are employees of BBG Global, and that the two individual are "both apparently employees of BBG Communications, Inc."  Indeed, there is nothing to suggest that whoever or whatever created Exhibit 19 contains sufficient personal knowledge to testify to the facts stated on the document.  Nor does the document state that the identified people are employees of BBG Global.<br><br>To the extent Exhibit 19 is admissible (it is not), it | Overruled   ☐<br>Sustained   ☐ |

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | | speaks for itself.  Paragraph 23, however, characterizes the document and makes improper argument.  Specifically, ¶ 23 at 8:23-24, which makes conclusions based on the purported evidence, is inadmissible as improper argument.<br><br>   Finally, Paragraph 23 and Exhibit 19 are irrelevant.  To the extent Plaintiff is attempting to establish that BBG Communications and BBG Global (or other unaffiliated companies such as Mexican corporations B-Tel Comunicacion or G-Tel Comunicacion) are alter egos, the evidence is irrelevant because none of it, whether considered individually or in connection with the remainder of Plaintiffs' admissible evidence, is sufficient to establish alter ego liability.  Similarly, none of the evidence presented in Paragraph 24 or Exhibit 19 is relevant to the legal issue of whether Plaintiffs' lawsuit may proceed forward in a California Court under California Law when (i) the lawsuit complains about disclosures made on public payphone in Germany for a call from Germany to the Czech Republic; and (ii) the lawsuit complains about the recording of a call in Mexico. | |
| 19. | Declaration of Alan Mansfield ¶ 24. | **Irrelevant.  Improper Argument.**<br><br>   In Paragraph 24, Mansfield spins a tale about the state of discovery in this action in an attempt to have the Court delay its ruling on Defendants' Motion for Summary Judgment to allow for Plaintiffs to take additional discovery.  As stated in BBG Communication's Reply memorandum, | Overruled ☐<br>Sustained ☐ |

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | | Plaintiffs' attempt to delay ruling on the Motion must be denied -- just as all his meritless motions to compel were denied.

First, Mansfield's description of discovery is misleading, and contains improper argument.  Plaintiffs propounded 163 Requests for Admission on BBG Communications, which far exceeded the maximum amount under the local rules – 25.  Plaintiff also served corresponding document demands that failed to state with sufficient particularity the documents sought, and were thus impermissible.  Indeed, during meet and confer, Defendant provide Plaintiff's counsel with case law directly on point.  Plaintiff never addressed the objection; nor did Plaintiff serve additional document demands.  Recently, Plaintiffs moved to compel further responses, but Judge Nita Stormes, the magistrate assigned to this case, ***denied*** Plaintiffs' motion to compel in connection with their document requests and request for admission because the requests were defective. [ECF Doc. # 93.]

Second, all of the deficiencies in Plaintiffs' discovery could have been fixed if Plaintiffs wanted to truly engage in proper, meaningful, relevant discovery.  Plaintiff, however, failed to do so as he knew it would only further prove BBG Communications' case.  Plaintiffs cannot now claim that they were provided inadequate opportunity to seek evidence.  *See Pfingson v. Ronan Engineering Co.*, 284 F.3d 999, 1005 (9th | |

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | | Cir. 2002) (request for relief denied where he had opportunity to obtain discovery but "filed a defective request"). Moreover, "a party requesting a continuance pursuant to Rule 56([d]) must do so by formal motion: a 'request in [a] memorandum in opposition to [a] motion for summary judgment . . . [i]s plainly inadequate' to justify a continuance." *Sowell v. County of Santa Clara*, No. 07-5394, 2008 U.S. Dist. LEXIS 101883 at *7 (N.D. Cal. Dec. 17, 2008) (quoting *Weinberg v. Whatcom County*, 241 F.3d 746, 751 (9th Cir. 2001) (ellipses in original)).  "References in memoranda and declarations. . . do not qualify as motions under Rule 56([d])." *Weinberg*, 241 F.3d at 751.  Plaintiffs have not filed a separate motion; as a result, Mansfield's declaration is irrelevant and inadmissible. | |

### III.     CONFIDENTIAL DECLARATION OF ALAN M. MANSFIELD AND ACCOMPANYING EXHIBITS 20-23

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| 20. | Confidential Declaration of Alan Mansfield ¶ 2, Exhibit 20. | **Irrelevant.  Best Evidence Rule.  Improper Argument.**<br><br>Exhibit 20 – which is a training manual used by Centris Information Services – speaks for itself.  Paragraph 2, however, characterizes (actually mischaracterizes) the substance of the document and is inadmissible as improper argument and in violation of the best evidence rule.  For example, Plaintiff uses this testimony, which clearly states | Overruled  □<br>Sustained  □ |

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | | rate information will be given upon request, to argue that rate information will not be given simply because the "test" rate – the rate input into the computers for BBG Global to verify the systems are working properly – is not to be offered as a rate quote.

Moreover, Paragraph 20 is irrelevant.  To the extent Plaintiff is attempting to establish that BBG Communications and BBG Global (or other unaffiliated companies such as Mexican corporations B-Tel Comunicacion or G-Tel Comunicacion) are alter egos, the evidence is irrelevant because none of it, whether considered individually or in connection with the remainder of Plaintiffs' admissible evidence, is sufficient to establish alter ego liability. Similarly, none of the evidence presented in Exhibit 20 is relevant to the legal issue of whether Plaintiffs' lawsuit may proceed forward in a California Court under California Law when (i) the lawsuit complains about disclosures made on public payphone in Germany for a call from Germany to the Czech Republic; and (ii) the lawsuit complains about the recording of a call in Mexico. | |
| 21. | Confidential Declaration of Alan Mansfield ¶ 3, Exhibit 21. | **Irrelevant.  Best Evidence Rule.  Improper Argument.**

The excerpts of the deposition transcript from the deposition of Maritza Morales of BBG Communications – which are attached as Exhibit 21 – speak for themselves. Paragraph 3, however, characterizes the substance of the transcript and is inadmissible as improper argument and in | Overruled   ☐ Sustained   ☐ |

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
|   |   | violation of the best evidence rule.  This is especially true given the written contract that admittedly exists between BBG Global and BBG Communications for certain back office administrative services.<br><br>    Moreover, the excerpts from the deposition are irrelevant.  To the extent Plaintiff is attempting to establish that BBG Communications and BBG Global (or other unaffiliated companies such as Mexican corporation B-Tel Comunicacion or G-Tel Comunicacion) are alter egos, the excerpts are irrelevant because they are, whether considered individually or in connection with the remainder of Plaintiffs' admissible evidence, insufficient to establish alter ego liability.  Similarly, nothing within the excerpts is relevant to the legal issue of whether Plaintiffs' lawsuit may proceed forward in a California Court under California Law when (i) the lawsuit complains about disclosures made on public payphone in Germany for a call from Germany to the Czech Republic; and (ii) the lawsuit complains about the recording of a call in Mexico. |   |
| 22. | Confidential Declaration of Alan Mansfield ¶ 4, Exhibit 22. | **Irrelevant.  Best Evidence Rule.  Improper Argument.**<br><br>    The excerpts of the deposition transcript from the deposition of Jamie Maddox of non-party Centris Information Services – which are attached as Exhibit 22 – speak for themselves.  Paragraph 4, however, characterizes (actually mischaracterizes) the substance of the transcript and is inadmissible as improper argument and in violation of the best | Overruled ☐<br>Sustained ☐ |

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | | evidence rule. | |
| | |     Moreover, the excerpts from the deposition are irrelevant.  To the extent Plaintiff is attempting to establish that BBG Communications and BBG Global (or other unaffiliated companies such as Mexican corporation B-Tel Comunicacion or G-Tel Comunicacion) are alter egos, the excerpts are irrelevant because they are, whether considered individually or in connection with the remainder of Plaintiffs' admissible evidence, insufficient to establish alter ego liability.  Similarly, nothing within the excerpts is relevant to the legal issue of whether Plaintiffs' lawsuit may proceed forward in a California Court under California Law when (i) the lawsuit complains about disclosures made on public payphone in Germany for a call from Germany to the Czech Republic; and (ii) the lawsuit complains about the recording of a call in Mexico. | |
| 23. | Confidential Declaration of Alan Mansfield ¶ 5, Exhibit 23. | **Irrelevant.  Best Evidence Rule.  Improper Argument.**<br>    The excerpts of the deposition transcript from the deposition of Alan Alder – which are attached as Exhibit 23 – speak for themselves.  Paragraph 5, however, characterizes (actually mischaracterizes) the substance of the transcript and is inadmissible as improper argument and in violation of the best evidence rule.  This is especially true given the written contract that admittedly exists between BBG Global and BBG Communications for certain back office administrative services. | Overruled ☐<br>Sustained ☐ |

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | | Moreover, the excerpts from the deposition are irrelevant.  To the extent Plaintiff is attempting to establish that BBG Communications and BBG Global (or other unaffiliated companies such as B-Tel or G-Tel) are alter egos, the excerpts are irrelevant because nothing within the excerpts, whether considered individually or in connection with the remainder of Plaintiffs' admissible evidence, is sufficient to establish alter ego liability.  Similarly, nothing within the excerpts is relevant to the legal issue of whether Plaintiffs' lawsuit may proceed forward in a California Court under California Law when (i) the lawsuit complains about disclosures made on public payphone in Germany for a call from Germany to the Czech Republic; and (ii) the lawsuit complains about the recording of a call in Mexico. | |

## IV.   DECLARATION OF VLASTIMIL SAJFR

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| 24. | Declaration of Vlastimil Sajfr. | **Irrelevant.**<br><br>The entirety of Mr. Sajfr's declaration is inadmissible because nothing stated in the declaration is relevant to the issues in dispute on this Motion for Summary Judgment.  To the extent Plaintiffs are attempting to establish that BBG Communications and BBG Global (or other unaffiliated companies such as B-Tel or G-Tel) are alter egos, Plaintiffs fail because the evidence presented here, whether considered | Overruled   ☐<br>Sustained   ☐ |

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | | individually or in connection with the remainder of Plaintiffs' admissible evidence, is insufficient to establish alter ego liability.  Similarly, none of the evidence presented in Mr. Sajfr's declaration is relevant to the legal issue of whether Plaintiffs' lawsuit may proceed forward in a California Court under California Law when (i) the lawsuit complains about disclosures made on public payphone in Germany for a call from Germany to the Czech Republic; and (ii) the lawsuit complains about the recording of a call in Mexico. | |
| 25. | Declaration of Vlastimil Sajfr, ¶¶ 5-6. | **Hearsay.**<br><br>        Paragraphs 5 and 6 of Mr. Sajfr's declaration contain inadmissible hearsay.  Specifically, those statements made to him by an unidentified customer service representative from his credit card company are inadmissible. | Overruled ☐<br>Sustained ☐ |

## V.    DECLARATION OF DAVID KEEPORTS AND ACCOMPANYING EXHIBITS 1-4

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| 26. | Declaration of David Keeports, ¶¶ 1-18. | **Irrelevant.  Hearsay.  Lacks Personal Knowledge.**<br><br>        The entirety of Mr. Keeports's declaration is inadmissible because nothing stated in the declaration is relevant to the issues in dispute on this Motion for Summary Judgment.  The declaration includes no evidence suggesting that BBG Communications and BBG Global (or other unaffiliated companies such as B-Tel or G-Tel) are alter egos.  Similarly, none of the evidence presented in Ms. Keeports's | Overruled ☐<br>Sustained ☐ |

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | | declaration is relevant to the legal issue of whether Plaintiffs' lawsuit may proceed forward in a California Court under California Law when (i) the lawsuit complains about disclosures made on public payphone in Germany for a call from Germany to the Czech Republic; and (ii) the lawsuit complains about the recording of a call in Mexico. | |
| 27. | Declaration of David Keeports, ¶ 12, Exhibit 3. | **Irrelevant.  Hearsay.  Authenticity.** Exhibit 3 purports to be an "email letter" from Alma Perez at BBG Communications customer service to Mr. Keeports.  From the face of the document, however, there is no evidence that the document is what it purports to be.  The document looks as if it were created with any standard word processor program.  It is not part of an email, attached to an email, included on letterhead, or signed by Ms. Perez.  Nor does it identify her as a BBG Communication or BBG Global employee.  As a result, the document has not been properly authenticated and is inadmissible. For similar reasons, Exhibit 3 is inadmissible as hearsay.  Exhibit 3 purports to be an email from a BBG Customer Service representative, but there is no evidence that Ms. Perez worked for BBG Communications or worked under the control of BBG Communications.  As a result, even if the email were properly authenticated (it is not), it is inadmissible hearsay and does not fit within any exception, not even a party admission. Finally, to the extent Paragraph 12 quotes from, relies | Overruled ☐ Sustained ☐ |

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | | upon, or draw conclusions from Exhibit 3, those statements are also inadmissible for the same reasons as above. | |
| 28. | Declaration of David Keeports, ¶ 13, Exhibit 4. | **Irrelevant.  Hearsay.**<br><br>Exhibit 4, which is an email exchange between Mr. Keeports and Alma Perez, is inadmissible as hearsay.  There is no evidence to suggest that the email would qualify as a party admission.  First, Ms. Perez does not identify herself as an employee of BBG Communications or BBG Global, or indicate that she acts at the behest of BBG Communications or BBG Global.  Second, Ms. Perez's email address is not from BBG Communications, but from "customercarespecialist.org."  Third, as even Mr. Keeports admits in his declaration, "at no point in this letter does [Ms. Perez] identify the company for which she works."  Fourth, even if Ms. Perez were a customer service representative "providing customer service for the company providing the telephone service from Heathrow Airport," BBG Communications – the only part to this case – does not provide such service.  Indeed, there is nothing to suggest that this email exchange is with a BBG Communications employee.  As a result, the email is inadmissible hearsay.  Moreover, the service provided at Heathrow Airport is not relevant to the resolution of this Motion for Summary Judgment.<br><br>To the extent Paragraph 13 quotes from, relies upon, or draw conclusions from Exhibit 3, those statements are also | Overruled ☐<br>Sustained ☐ |

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | | inadmissible for the same reasons as above. | |
| 29. | Declaration of David Keeports, ¶¶ 11, 12. | **Irrelevant.** Throughout his declaration, Mr. Keeports references the "exorbitant charges" and "unconscionable amount of money" that his wife was charged for a telephone call.  Mr. Keeports also makes statements about the price that he and his wife  "regularly" pay to call Germany from California.  All of these statements are irrelevant because Plaintiffs in this action are pre-empted by Federal Law from challenging the reasonableness of the rates charged.  *See North County Communications v. California Catalog & Technology*, 594 F.3d 1149, 1155 (9th Cir. 2010).  As a result, the price of the phone call; Mr. Keeports's characterization of that price; and the price Mr. Keeports purports to regularly pay is irrelevant. | Overruled ☐ Sustained ☐ |

## VI.   DECLARATION OF IRINA VICTOROVNA SMIRNOVA-KEEPORTS

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| 30. | Declaration of Irina Victorovna Smirnova-Keeports, ¶ 1-9 | **Irrelevant.** The entirety of Ms. Keeports's declaration is inadmissible because nothing stated in the declaration is relevant to the issues in dispute on this Motion for Summary Judgment.  To the extent Plaintiff is attempting to establish that BBG Communications and BBG Global (or other unaffiliated companies such as B-Tel or G-Tel) are alter egos, the evidence is irrelevant because none of it, whether | Overruled ☐ Sustained ☐ |

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | | considered individually or in connection with the remainder of Plaintiffs' admissible evidence, is sufficient to establish alter ego liability.  Similarly, none of the evidence presented in Ms. Keeports's declaration is relevant to the legal issue of whether Plaintiffs' lawsuit may proceed forward in a California Court under California Law when (i) the lawsuit complains about disclosures made on public payphone in Germany for a call from Germany to the Czech Republic; and (ii) the lawsuit complains about the recording of a call in Mexico. | |
| 31. | Declaration of Irina Victorovna Smirnova-Keeports, ¶ 3 at 2:9-11. | **Improper Expert Opinion.**    At ¶ 3, 2:9-11, Ms. Keeports declares: "I believe that I acted as any reasonable person in my position would have acted.  I trusted that I was entering into a fair and reasonable transaction as opposed to a highly deceptive transaction."  These statements are legal conclusions, and not factual assertions.  Even if Ms. Keeports was a legal expert (she is not), an expert cannot offer an opinion on an ultimate issue of law.  As such, the statements are inadmissible. | Overruled  ☐ Sustained  ☐ |
| 32. | Declaration of Irina Victorovna Smirnova-Keeports, ¶ 3 at 2:8, ¶ 5 at 2:19, ¶ 6 at 2:27-3:3; ¶ 7 at 3:5; and ¶ 8 at 3:8. | **Irrelevant.**    Throughout her declaration, Ms. Keeports references the "exorbitant rate," "exorbitant fee," and "extremely high rate" she was charged.    Ms. Keeports also makes statements about the price she "routinely" pays to call Germany from California.  All of these statements are irrelevant because Plaintiffs in this action are pre-empted by Federal Law from challenging the reasonableness of the rates charged.  *See* | Overruled  ☐ Sustained  ☐ |

| # | Evidence Objected To | Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | | *North County Communications v. California Catalog & Technology*, 594 F.3d 1149, 1155 (9th Cir. 2010).  As a result, the price of the phone call; Ms. Keeports's characterization of that price; and the price Ms. Keeports purports to routinely pay is irrelevant. | |

Dated:  November 23, 2011          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     _____*s/Fred R. Puglisi*_____

FRED R. PUGLISI
Attorneys for Defendant,
BBG Communications, Inc.