THE CONSUMER LAW GROUP
Alan M. Mansfield (SBN 125998)
alan@clgca.com
10200 Willow Creek Rd., Suite 160
San Diego, CA 92131
Tel: (619) 308-5034
Fax: (888) 341-5048

WHATLEY DRAKE & KALLAS LLC
Joe R. Whatley, Jr., Esq.
Patrick J. Sheehan, Esq.
psheehan@wdklaw.com
380 Madison Avenue, 23rd Floor
New York, NY 10017
Tel: (212) 447-7070
Fax: (212) 447-7077

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLASTIMIL SAJFR and DAVID KEEPORTS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BBG COMMUNICATIONS, INC., and DOES 1-10 INCLUSIVE,<br><br>Defendants. | CASE NO.: 10-cv- 2341-AJB (NLS)<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' OPPOSITION AND SUPPLEMENTAL RESPONSE TO DEFENDANT'S APPLICATION TO FILE UNDER SEAL THE DEPOSITION TRANSCRIPT OF IRENE FEDIER**<br><br>Hearing Date: N/A<br>Time: N/A<br>Courtroom: 12<br>Judge: Hon. Anthony J. Battaglia<br><br>Complaint Filed: November 12, 2010 |

Plaintiffs hereby oppose and respond to Defendant's Application (Dkt. No. 100) to File Under Seal the entire deposition transcript of Irene Fedier and all of the attached exhibits (the "Fedier Depo.").

This was not a joint or unopposed submission, contrary to the suggestion in Mr. Puglisi's Declaration supporting BBG's Application To File Under Seal (Puglisi Decl., ¶ 4, Dkt. No. 100). BBG's counsel never discussed making such a wholesale submission with counsel. Plaintiffs' counsel indicated that we would prepare a submission for review, but we were delayed in doing

1 so as a result of a personal family emergency. Rather than being accommodating and waiting for a response, on December 21, 2011, BBG's counsel sent an e-mail saying they would be unilaterally submitting the entire transcript and exhibits under seal, which they then did several hours later. It was also not until December 21, 2011 that BBG's counsel stated its position that the entire deposition transcript as prepared (as compared to their provisional designation during the deposition) should be designated as confidential. The parties have not had an opportunity to object to and address such an assertion.

The reason for Plaintiffs' position that we address this issue in a more careful fashion is that, on its face, the entire deposition transcript and exhibits should not be submitted under seal. There are 10 exhibits attached to the Fedier Depo. Since BBG has refused to produce a single internal document to date in this case, every one of those Exhibits is a matter of public record. These Exhibits do not reveal any non-public information about BBG Communications' or BBG Global's sensitive internal operations, inner workings or business model, as Mr. Puglisi claims in ¶2 of his Declaration. As none of these Exhibits contain "Confidential Information" as defined under the terms of the Protective Order entered by the Court (Dkt. No. 63, ¶2), since none of the information contained therein constitutes non-public information, they are not properly filed under seal.

In addition, at least some, if not most, of the information in the Fedier Depo. is based on an explanation of information set forth in the above exhibits or in Declarations of Ms. Fedier, Gregorio Galicot, Susan Freeman, and other individuals whose declarations were not filed by BBG under seal and are a matter of public record. The difference is that the Fedier Depo. provides a different version of these companies' actual corporate relationships. As a substantial portion of the information that the Fedier Depo. addresses or discusses are based on matters that have already been raised and disclosed in other BBG employee Declarations, including Ms. Fedier's own Declaration (*see, e.g.*, pp. 116-121), which were not filed with the Court under seal, BBG has knowingly waived any claim that the entirety of her deposition transcript should be filed under seal. See Protective Order at ¶16. In light of the presence of such information in the public record, BBG does not meet its burden to justify filing the entire Fedier Depo.

1  transcript under seal based solely on the generic statement that her transcript discloses
2  "Defendant's and BBG Global A.G.'s confidential and proprietary information regarding the
3  operation of its telecommunications businesses, including the inner workings of BBG Global
4  A.G. and its business model."  See Puglisi Decl. at ¶ 2.  Based on the information submitted by
5  BBG that is a matter of public record, the entire Fedier Depo. should not be filed under seal, but
6  rather only the portions (if any) BBG can demonstrate are not otherwise publicly disclosed and
7  have a compelling reason to be filed under seal.  *Pintos v. Pacific Creditors Ass'n*, 504 F.3d 792,
8  801-03 (9th Cir. 2007).

9  Thus, Plaintiffs object to the filing of the entirety of the Fedier Depo. and attached
10 exhibits under seal as being precisely the type of over-inclusive submission the Protective Order
11 and the Court's procedures are designed to avoid.  Defendant's application should be denied
12 without prejudice to the submission of a more detailed filing that demonstrates only truly
13 confidential materials are to be filed under seal.[1]

14 Dated:  December 23, 2011                    CONSUMER LAW GROUP OF CALIFORNIA

15                                              By:    /s/Alan M. Mansfield
                                                       Alan M. Mansfield
16                                                     alan@clgca.com

17 _____

18 [1] During the oral argument on this motion, BBG's counsel identified a recent decision by the Ninth Circuit captioned *Sullivan v. Oracle*, 2011 U.S. App. LEXIS 24625 (9th Cir., Opinion filed
19 December 13, 2011).  The Ninth Circuit largely repeated the answers to three questions it had certified to the California Supreme Court, which had issued *Sullivan v. Oracle*, 51 Cal.4th 1191,
20 1207-09 (2011), on June 30, 2011.  BBG failed to mention the California *Sullivan* decision in its summary judgment papers.  *Sullivan* was presented on the basis of stipulated facts, whereas here
21 the key facts are disputed as to where the conduct in question actually took place.  *Id*. at 1208 ("Whether the parties are entitled to rely on facts or assertions beyond the stipulated facts to
22 support or defeat the motion for summary judgment is a question of federal procedure for the federal courts.  Given the limitations of the certified question procedure, which does not confer
23 on us plenary jurisdiction over cases pending in the courts of other sovereign entities, our answer must be confined to the circumstances of this case as established by the stipulated facts.")  Nor
24 are the claims here based on one isolated act in California as in *Sullivan*, but rather (as Plaintiffs believe the disputed facts show) on a scheme emanating from California where the conduct that
25 justifies the application of California law to resolve those claims occurred in California.  *Id*., n. 10.  In addition, during oral argument BBG's counsel referenced 47 C.F.R. §64.703(a) -- which
26 BBG only mentioned for the first time in a footnote in its Reply papers.  Not only does the disputed evidence as presented in Plaintiffs' Declarations show that the information referenced in
27 that regulation is not immediately provided, nor is the name of the actual service operator provided, but also several of the BBG fees such as "connection fees" are apparently not
28 disclosed.

1  
2  
3  
4  
5  
6  
7  
8  

    10200 Willow Creek Road, Suite 160  
    San Diego, CA 92131  
    Tel: (619) 308-5034  
    Fax: (888) 341-5048  

    WHATLEY DRAKE & KALLAS LLC  
    Joe R. Whatley, Jr., Esq.  
    Patrick J. Sheehan, Esq.  
    380 Madison Avenue, 23rd Floor  
    New York, NY  10017  
    Tel: (212) 447-7070  
    Fax: (212) 447-7077  

    Attorneys for Plaintiffs Vlastimil Sajfr and David Keeports

9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28